**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

---

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
COMPLAINT**

---

Defendants KB Custom AG Services, LLC and Kyle Beauchamp (collectively,
"Defendants"), by and through their Counsel, respond to Plaintiffs Jaime Alberto Delgado-
Bojorquez's, Oscar Jovanny Diaz-Ramirez's, Jose Aniel Lopez-Valdez's, and Rey David
Aviña-Coto's (collectively, "Plaintiffs") Complaint [Dkt. 001] as follows:

1.      As to the allegations in Paragraph 1 of the Complaint, Defendants admit
Plaintiffs were employees of Defendant KB Custom Ag Services, LLC. Defendants admit
Plaintiffs were Agricultural Equipment Operators who, among other things, operated
equipment used in agricultural production, such as tractors, combines, and irrigation
equipment, and drove trucks to haul crops, supplies, or tools. Defendants affirmatively

state that Defendant KB Custom Ag Services, LLC primarily operates in Texas. Defendants admit that Plaintiffs performed such work in Texas and Kansas, but deny that they performed such work in Colorado. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      As to the allegations in Paragraph 2 of the Complaint, Defendants admit that Plaintiffs purport to bring this Complaint on their own behalf and on behalf of others that are purportedly similarly-situated (the "Putative Class") to assert claims for alleged unpaid minimum wage and overtime under federal law, wages and overtime under the terms of Plaintiffs' and the Putative Class's employment contracts, and for damages under a quantum meruit theory of liability. Defendants deny that they committed any of the alleged violations of minimum wage and overtime under federal law or of the employment contracts, and deny that Plaintiffs and the Putative Class are entitled to damages under quantum meruit. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      As to the allegations in Paragraph 3 of the Complaint, Defendants admit Plaintiffs worked in the United States for Defendant KB Custom Ag Services, LLC as Agricultural Equipment Operators. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny Plaintiffs are owed damages. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

2

## JURISDICTION AND VENUE

5.      The allegations in Paragraph 5 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations in Paragraph 6 of the Complaint are legal conclusions, to which no response is required. Defendants affirmatively state that Plaintiffs primarily worked in Texas and that, to the extent Plaintiffs raise questions of Texas law, those issues should be decided by a Texas Court. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny that Defendant KB Custom Ag Services, LLC is a Colorado corporation. Defendants affirmatively state that Defendant KB Custom Ag Services, LLC is a limited liability company that primarily operates in the state of Texas. Defendant Kyle Beauchamp admits that he is a Colorado resident. Whether venue is proper in this District is a legal conclusion, to which no response is required. To the extent that a response is required, Defendants deny that venue is proper in this District. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

## PARTIES

8.      As to the allegations in Paragraph 8 of the Complaint, Defendants admit that Plaintiff Jaime Alberto Delgado-Bojorquez worked for Defendant KB Custom Ag Services, LLC. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

3

9.     As to the allegations in Paragraph 9 of the Complaint, Defendants admit that Plaintiff Oscar Jovanny Diaz-Ramirez worked for Defendant KB Custom Ag Services, LLC. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.     As to the allegations in Paragraph 10 of the Complaint, Defendants admit that Plaintiff Jose Aniel Lopez-Valdez worked for Defendant KB Custom Ag Services, LLC. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     As to the allegations in Paragraph 11 of the Complaint, Defendants admit that Plaintiff Rey David Aviña-Cota worked for Defendant KB Custom Ag Services, LLC. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     As to the allegations in Paragraph 12 of the Complaint, Defendants deny Plaintiffs were "commercial truck drivers" and that Plaintiffs worked for Defendant Kyle Beauchamp. Defendants admit that Plaintiffs were employed by Defendant KB Custom Ag Services, LLC, and affirmatively state that Plaintiffs completed work associated with Agricultural Equipment Operators.

13.     The allegations in Paragraph 13 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants state that the documents attached as Exhibit A speak for themselves and that, to the extent that the allegations contained in Paragraph 13 of this Complaint contradict the documents attached as Exhibit A, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

FP 55089438.3

14.     As to the allegations in Paragraph 14 of the Complaint, Defendants admit that Defendant KB Custom Ag Services, LLC is a Colorado limited liability company with a principal place of business at 239 East 4th Street, Ault, Colorado 80210. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     As to the allegations in Paragraph 15 of the Complaint, Defendants admit the allegations contained therein. Defendants affirmatively state that Defendant KB Custom Ag Services, LLC is a custom harvester who uses custom harvesting machines and field machinery to harvest a variety of crops for many different customers.

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions as to the legal definition of "own," to which no response is required. To the extent a response is required, Defendants deny these specific allegations. Defendants affirmatively state that Defendant KB Custom Ag Services, LLC primarily harvests crops for customers, as described in its job orders. Defendants affirmatively state that they provided custom harvesting services to ranches, feed yards, farms, and dairies, as disclosed on clearance orders submitted to the United States Department of Labor. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     As to the allegations in Paragraph 17 of the Complaint, Defendants admit the allegations contained therein.

18.     As to the allegations in Paragraph 18 of the Complaint, Defendants admit the allegations contained therein. Defendants affirmatively state that Defendant Kyle Beauchamp spends a large portion of the year in Texas.

## DEFENDANTS' PARTICIPATION IN THE H-2A VISA PROGRAM

FP 55089438.3

19.     The laws referenced in Paragraph 19 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 19 conflicts with those laws, Defendants deny that allegation.

20.     The laws referenced in Paragraph 20 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 20 conflicts with those laws, Defendants deny that allegation.

21.     As to the allegations in Paragraph 21 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations contained therein and, therefore, deny same as to the ambiguity regarding "relevant job orders."

22.     As to the allegations in Paragraph 22 of the Complaint, Defendants admit the allegations contained therein.

23.     As to the allegations in Paragraph 23 of the Complaint, the documents referenced in Paragraph 23 speak for themselves. To the extent any allegation contained in Paragraph 23 conflicts with those documents, Defendants deny that allegation.

24.     As to the allegations in Paragraph 24 of the Complaint, Defendants admit that some Colorado-based and some Texas-based KB Custom Ag Services, LLC employees reviewed certain job orders. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     As to the allegations in Paragraph 25 of the Complaint, the document referenced herein speaks for itself. To the extent that any allegation contained in Paragraph 25 conflicts with this document, Defendants deny that allegation.

FP 55089438.3

26.    As to the allegations in Paragraph 26 of the Complaint, the document referenced herein speaks for itself. To the extent that any allegation contained in Paragraph 26 conflicts with this document, Defendants deny that allegation.

27.    As to the allegations in Paragraph 27 of the Complaint, the document referenced herein speaks for itself. To the extent that any allegation contained in Paragraph 27 conflicts with this document, Defendants deny that allegation.

28.    As to the allegations in Paragraph 28 of the Complaint, the document referenced herein speaks for itself. To the extent that any allegation contained in Paragraph 28 conflicts with this document, Defendants deny that allegation.

29.    As to the allegations in Paragraph 29 of the Complaint, the document referenced herein speaks for itself. To the extent that any allegation contained in Paragraph 29 conflicts with this document, Defendants deny that allegation.

30.    The allegations in Paragraph 30 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

31.    The laws and regulations referenced in Paragraph 31 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 31 conflicts with these laws and regulations, Defendants deny that allegation.

32.    The laws, regulations, and documents referenced in Paragraph 32 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 32 conflicts with these laws, regulations, or documents, Defendants deny that allegation.

FP 55089438.3

33.     The documents referenced in Paragraph 33 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 33 conflicts with these documents, Defendants deny that allegation.

34.     The documents referenced in Paragraph 34 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 34 conflicts with these documents, Defendants deny that allegation.

35.     The documents referenced in Paragraph 35 of the Complaint speak for themselves. To the extent any allegation contained in Paragraph 35 conflicts with these documents, Defendants deny that allegation.

36.     The allegations in Paragraph 36 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

## **FACTUAL ALLEGATIONS OF THE CLASS REPRESENTATIVES**

37.     As to the allegations in Paragraph 37 of the Complaint, Defendants admit that Defendant KB Custom Ag Services, LLC's employees (including Plaintiffs) had job duties as contained in the relevant job orders, including operating equipment that assists with harvesting crops; manual labor; harvesting crops; and transporting agricultural commodities, equipment, and tools to and from dairies or other storage areas, and from one field to another. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

FP 55089438.3

38.     As to the allegations in Paragraph 38 of the Complaint, Defendant admits some employees (including Plaintiffs) operated trucks on public roads. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

40.     As to the allegations in Paragraph 40 of the Complaint, the allegations contained therein assert a legal conclusion regarding commercial drivers' licenses and, on that basis, Defendants deny the allegations contained therein. Defendants admit some of Defendant KB Custom Ag Services, LLC's trucks have a gross vehicle weight in excess of 26,000 pounds.

41.     The document referenced in Paragraph 41 of the Complaint speaks for itself. To the extent any allegation contained in Paragraph 41 conflicts with this document, Defendants deny that allegation.

42.     The documents referenced in Paragraph 42 of the Complaint speak for themselves. To the extent any allegation concerning those documents in Paragraph 42 conflicts with those documents, Defendants deny that allegation. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

43.     The Standard Occupational Classification code referenced in Paragraph 43 of the Complaint speaks for itself. To the extent any allegation in Paragraph 43 conflicts with this code, Defendants deny that allegation.

FP 55089438.3

44.     As to the allegations in Paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

45.     The allegations in Paragraph 45 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

46.     The allegations in Paragraph 46 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

47.     The allegations in Paragraph 47 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

48.     As to the allegations in Paragraph 48 of the Complaint, Defendants deny the allegations contained therein.

49.     As to the allegations in Paragraph 49 of the Complaint, Defendants deny the allegations contained therein.

50.     As to the allegations in Paragraph 50 of the Complaint, Defendants deny the allegations contained therein.

51.     As to the allegations in Paragraph 51 of the Complaint, Defendants deny the allegations contained therein.

52.     As to the allegations in Paragraph 52 of the Complaint, Defendants deny the allegations contained therein.

FP 55089438.3

53.     As to the allegations in Paragraph 53 of the Complaint, Defendants deny the allegations contained therein.

54.     As to the allegations in Paragraph 54 of the Complaint, Defendants deny the allegations contained therein.

55.     As to the allegations in Paragraph 55 of the Complaint, Defendants deny the allegations contained therein.

56.     As to the allegations in Paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57.     As to the allegations in Paragraph 57 of the Complaint, Defendants deny the allegations contained therein.

58.     As to the allegations in Paragraph 58 of the Complaint, Defendants deny the allegations contained therein.

59.     As to the allegations in Paragraph 59 of the Complaint, Defendants deny the allegations contained therein. Defendants affirmatively state that Plaintiffs were employed as Agricultural Equipment Operators.

60.     The documents referenced in Paragraph 60 of the Complaint speak for themselves. To the extent that any allegation in Paragraph 60 conflicts with these documents, Defendants deny that allegation.

61.     As to the allegations in Paragraph 61 of the Complaint, Defendants deny the allegations contained therein. Defendants affirmatively state that Plaintiffs were employed as Agricultural Equipment Operators.

11

62.     The allegations in Paragraph 62 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

63.     The allegations in Paragraph 63 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

64.     The allegations in Paragraph 64 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

65.     The allegations in Paragraph 65 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

66.     The allegations in Paragraph 66 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

67.     The allegations in Paragraph 67 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

68.     The allegations in Paragraph 68 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

FP 55089438.3

69.     The allegations in Paragraph 69 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

70.     The allegations in Paragraph 70 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

71.     The allegations in Paragraph 71 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

72.     The allegations in Paragraph 72 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

73.     The allegations in Paragraph 73 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

74.     The allegations in Paragraph 74 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

75.     The allegations in Paragraph 75 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

FP 55089438.3

76.     The allegations in Paragraph 76 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

77.     As to the allegations in Paragraph 77 of the Complaint, Defendants admit that, when transporting loads, drivers were required to complete load sheets regarding their loads. Defendants deny the remaining allegations contained in Paragraph 77 of the Complaint.

78.     The allegations in Paragraph 78 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

79.     The allegations in Paragraph 79 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

## CLASS ACTION ALLEGATIONS

80.     Defendants admit that Plaintiffs purport to bring this action as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class defined by Plaintiffs as "All individuals employed by Defendants between March 1, 2021 and the date of judgment in this matter as a truck driver or in a tractor-trailer truck driver position." Defendants deny that class treatment is appropriate. Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

FP 55089438.3

81.     The allegations in Paragraph 81 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

82.     The allegations in Paragraph 82 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

83.     The allegations in Paragraph 83 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

84.     The allegations in Paragraph 84 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

85.     The allegations in Paragraph 85 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

86.     In response to Paragraph 86 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations contained therein and, on that basis, deny the allegations. Defendants also deny that class treatment is appropriate.

87.     The allegations in Paragraph 87 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

FP 55089438.3

88.     The allegations in Paragraph 88 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants also deny that class treatment is appropriate.

## FIRST CLAIM FOR RELIEF – FAIR LABOR STANDARDS ACT

Violation of the Fair Labor Standards Act ("FLSA")

(29 U.S.C. §§ 201, *et seq.*)

89.     Defendants incorporate Paragraphs 1-88 of this Answer by reference as though fully set forth herein.

90.     As to the allegations in Paragraph 90 of the Complaint, Defendants admit that Plaintiffs Delgado-Bojorquez, Diaz-Ramirez, and Lopez-Valdez purport to assert this claim for the 2022 season pursuant to 29 U.S.C. § 206. Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91.     As to the allegations in Paragraph 91 of the Complaint, Defendants admit that Plaintiffs Delgado-Bojorquez, Aviña-Coto, Diaz-Ramirez, and Lopez-Valdez purport to assert this claim for the 2023 season. Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     As to the allegations in Paragraph 92 of the Complaint, Defendants admit that Plaintiff Diaz-Ramirez purports to assert this claim for the 2024 season. Defendants deny the remaining allegations contained in Paragraph 92 of the Complaint.

93.     As to the allegations in Paragraph 93 of the Complaint, Defendants admit that Plaintiffs purport to bring this count as a collective action pursuant to 29 U.S.C. §

216(b) against Defendants. Defendants deny that collective treatment is appropriate. Defendants deny the remaining allegations contained in Paragraph 93 of the Complaint.

94.     As to the allegations in Paragraph 94 of the Complaint, Defendants deny the allegations contained therein.

95.     As to the allegations in Paragraph 95 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations regarding costs allegedly incurred by Plaintiffs and the Putative Class and, on that basis, deny these allegations. Defendants deny the remaining allegations contained in Paragraph 95 of the Complaint.

96.     As to the allegations in Paragraph 96 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations regarding fees allegedly incurred by Plaintiffs and the Putative Class and, on that basis, deny these allegations. Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.     As to the allegations in Paragraph 97 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations regarding costs and fees allegedly incurred by Plaintiffs and the Putative Class and, on that basis, deny these allegations. The remaining allegations in Paragraph 97 are legal conclusions, to which no response to required. To the extent a response is required, Defendants deny same.

98.     As to the allegations in Paragraph 98 of the Complaint, Defendants deny the allegations contained therein.

99.     As to the allegations in Paragraph 99 of the Complaint, Defendants are without sufficient knowledge to admit or deny the allegations and, on that basis, deny same.

FP 55089438.3

100.   As to the allegations in Paragraph 100 of the Complaint, Defendants deny the allegations contained therein.

101.   As to the allegations in Paragraph 101 of the Complaint, Defendants deny the allegations contained therein.

102.   As to the allegations in Paragraph 102 of the Complaint, Defendants deny the allegations contained therein.

103.   The allegations contained in Paragraph 103 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

104.   The allegations contained in Paragraph 104 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

105.   The allegations contained in Paragraph 105 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

106.   The allegations contained in Paragraph 106 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

107.   As to the allegations in Paragraph 107 of the Complaint, Defendants admit that certain Plaintiffs and Putative Class Members worked more than forty hours during certain workweeks. Defendants deny the remaining allegations contained in Paragraph 107 of the Complaint.

FP 55089438.3

108.    The allegations contained in Paragraph 108 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

109.    As to the allegations in Paragraph 109 of the Complaint, Defendants deny the allegations contained therein.

110.    As to the allegations in Paragraph 110 of the Complaint, Defendants deny the allegations contained therein.

111.    The allegations contained in Paragraph 111 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

112.    The allegations contained in Paragraph 112 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

113.    The allegations contained in Paragraph 113 of the Complaint are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny same.

## SECOND CLAIM FOR RELIEF

Breach of Employment Contract

(Common Law – Rule 23 Class Count)

114.    Defendants incorporate Paragraphs 1-113 of this Answer by reference as though fully set forth herein.

115.    As to the allegations in Paragraph 115 of the Complaint, Defendants admit that this Count purports to set forth a claim against both Defendants. Defendants deny the remaining allegations contained in Paragraph 115 of the Complaint.

116.    As to the allegations in Paragraph 116 of the Complaint, Defendants admit that Plaintiffs purport to "bring this Second Claim against both Defendants for Defendants' alleged breach of the H-2A employment contracts." Defendants deny the remaining allegations contained in Paragraph 116 of the Complaint.

117.    As to the allegations in Paragraph 117 of the Complaint, Defendants admit that Plaintiffs purport to bring this count as a Rule 23 class claim. Defendants deny that class treatment is appropriate. Defendants deny the remaining allegations contained in Paragraph 117 of the Complaint.

118.    The allegations contained in Paragraph 118 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

119.    The contracts referenced in Paragraph 119 of the Complaint speak for themselves. To the extent that the allegations in Paragraph 119 conflict with these contracts, Defendants deny the allegations.

120.    The allegations contained in Paragraph 120 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

FP 55089438.3

121.    The allegations contained in Paragraph 121 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

122.    The allegations contained in Paragraph 122 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same. Defendants affirmatively state that Plaintiffs were employed as Agricultural Equipment Operators.

123.    The contracts referenced in Paragraph 123 of the Complaint speak for themselves. To the extent that the allegations in Paragraph 123 conflict with these contracts, Defendants deny the allegations.

124.    The contracts referenced in Paragraph 124 of the Complaint speak for themselves. To the extent that the allegations in Paragraph 124 conflict with these contracts, Defendants deny the allegations.

125.    The allegations contained in Paragraph 125 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

126.    The allegations contained in Paragraph 126 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

127.    The allegations contained in Paragraph 127 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

FP 55089438.3

128.    The allegations contained in Paragraph 128 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

129.    The allegations contained in Paragraph 129 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

130.    The allegations contained in Paragraph 130 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

131.    The allegations contained in Paragraph 131 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

## **THIRD CLAIM FOR RELIEF**

Quantum Meruit

(Rule 23 Class Claim)

132.    Defendants incorporate Paragraphs 1-131 of this Answer by reference as though fully set forth herein. Defendants admit that Plaintiffs purport to assert in this Count "a common law claim for damages, in the alternative, under the doctrine of quantum meruit." Defendants deny the remaining allegations contained in Paragraph 132 of the Complaint.

133.    Defendants admit that Plaintiffs purport to bring this Claim against Defendants for alleged "failure to pay compensation in the amount to which Plaintiffs were

entitled as a matter of equity." Defendants deny the remaining allegations contained in Paragraph 133 of the Complaint.

134.    Defendants admit that Plaintiffs purport to "bring this claim on behalf of themselves and the class, pursuant to Rule 23(b)(3), for all Defendants' failure to pay wages due for the positions in which Plaintiffs and others similarly situated were employed." Defendants deny that class treatment is appropriate. Defendants deny the remaining allegations contained in Paragraph 134 of the Complaint.

135.    As to the allegations in Paragraph 135 of the Complaint, Defendants deny the allegations contained therein.

136.    As to the allegations in Paragraph 136 of the Complaint, Defendants deny the allegations contained therein.

137.    The allegations contained in Paragraph 137 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

138.    As to the allegations in Paragraph 138 of the Complaint, Defendants deny the allegations contained therein.

139.    The allegations contained in Paragraph 139 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

140.    The allegations contained in Paragraph 140 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

FP 55089438.3

141.    The allegations contained in Paragraph 141 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

142.    As to the allegations in Paragraph 142 of the Complaint, Defendants admit that Plaintiffs seek quantum meruit damages. Defendants deny that Plaintiffs are entitled to such damages. Defendants deny the remaining allegations contained in Paragraph 142 of the Complaint.

## FOURTH CLAIM FOR RELIEF

Breach of Contract – Termination

143.    Defendants incorporate Paragraphs 1-142 of this Answer by reference as though fully set forth herein. Defendants admit that Plaintiffs purport to assert in this count that Defendants terminated Plaintiffs without cause, allegedly "in violation of [Plaintiffs'] employment contracts." Defendants deny the remaining allegations contained in Paragraph 143 of the Complaint.

144.    As to the allegations in Paragraph 144 of the Complaint, Defendants admit that Defendant KB Custom Ag Services, LLC terminated Plaintiff Lopez-Valdez for cause during the 2023 season. Defendants affirmatively state that Plaintiff Delgado-Bojorquez abandoned his job in 2023 without notice, and Defendants processed his separation thereafter. Defendants deny the remaining allegations contained in Paragraph 144 of the Complaint.

145.    As to the allegations in Paragraph 145 of the Complaint, Defendants admit that Defendant KB Custom Ag Services, LLC terminated Plaintiff Diaz-Ramirez during the

2024 season for cause. Defendants deny the remaining allegations contained in Paragraph 145 of the Complaint.

146.    The allegations in Paragraph 146 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

147.    The allegations in Paragraph 147 of the Complaint are legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny same.

148.    Defendants admit that Plaintiffs purport to "seek lost wages and benefits for Defendants'" alleged "wrongful conduct including the lost compensation and benefits that Plaintiffs would have earned had they not been terminated." Defendants deny that Plaintiffs are entitled to such relief. Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

## DEMAND FOR JURY TRIAL

149.    Defendants admit that Plaintiffs demand trial by jury.

## AFFIRMATIVE DEFENSES

1.    The Complaint and each claim for relief therein fail to state facts sufficient to constitute a cause of action against Defendants.

2.    The Complaint and each cause of action therein are uncertain in that they are impossible to determine from the Complaint which of the alleged acts of each Defendant caused the injuries alleged in the Complaint.

FP 55089438.3

3.      The Complaint and each cause of action therein are barred by the doctrine of estoppel.

4.      The Complaint and each cause of action therein are barred by the doctrine of waiver.

5.      The Complaint and each cause of action therein are barred by the doctrine of laches.

6.      The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

7.      The Complaint and each cause of action therein are barred by the applicable statute of limitations.

8.      The Complaint and each cause of action therein are barred because any injuries, losses, or damages which Plaintiffs have alleged in the Complaint, if any have occurred, which these answering Defendants deny, were caused solely or in part by persons, firms, corporations, or entities other than these answering Defendants.

9.      The Complaint and each cause of action therein are barred by payment and release.

10.     The Complaint and each cause of action therein are barred because, if Plaintiffs (and the Putative Class) sustained, or will sustain, any of the injuries, losses, or damages described in Plaintiffs' Complaint, which answering Defendants deny, then such injuries, losses, or damages were caused solely or in significant part by Plaintiffs' (or the Putative Class's) own acts, which were a proximate contributing cause of the incident(s),

if any, referred to in Plaintiffs' Complaint, and any resulting damages, or injuries, if any, there be.

11.     The Complaint and each cause of action therein are barred, or recovery thereunder is limited or reduced, because these answering Defendants are entitled to offset or reduction in the amount of any award or remedy Plaintiffs (or the Putative Class) may recover if Plaintiffs (or the Putative Class) received certain amounts according to proof at time of trial.

12.     The Complaint and each cause of action therein are barred because any act or omission of these answering Defendants were not knowing, willful, malicious, or intentional.

13.     The Complaint and each cause of action therein are barred because Defendants acted towards Plaintiffs and the Putative Class at all times in good faith and for legitimate business reasons.

14.     The Complaint and each cause of action therein are barred or should be reduced because Plaintiffs and the Putative Class were properly paid for all work time, but if it should be determined that some work time was not properly paid, which is specifically denied, then such amounts were negligible and hence, were de minimis; the Court should not give cognizance to the amount and should deny any recovery for such claim.

15.     To the extent that Plaintiffs are alleging that answering Defendants were required to pay rates based on the Occupational Employment Statistics (OES) Survey,

FP 55089438.3

Plaintiff does not state a cause of action, as no valid regulation or contractual provision existed that required such rate to be paid.

16.     The Complaint and each cause of action therein are preempted, in whole or in part, by the Immigration and Nationality Act.

17.     The Complaint and each cause of action therein are barred to the extent Plaintiffs and some or all members of the Putative Class were properly classified as exempt, including, without limitation exempt from minimum wage or overtime, pursuant to the Motor Carrier Act, Title 49 U.S.C. §§ 31502, 31132 *et. seq.*, and 29 C.F.R. §§ 782, *et seq.*, or to the extent Plaintiffs or the Putative Class are regulated by state and federal regulations governing drivers' hours of service or the transportation of inherently perishable commodities.

18.     The Complaint and each cause of action therein are barred because the Department of Labor approved the applicable job orders relating to Plaintiffs and the Purported Class and because the work performed by the Plaintiffs and the Purported Class reasonably comported with such approved job orders.

19.     Defendant Kyle Beauchamp, individually, was not an employer and, therefore, the claims asserted against him are subject to dismissal with prejudice.

20.     Plaintiffs' and the Putative Class's claims for damages may be barred, in whole or in part, by Plaintiffs' or the Putative Class's failure to mitigate their respective damages.

21.     Plaintiffs' and the Putative Class's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

FP 55089438.3

22.     Any unlawful acts or omissions Plaintiffs alleges were committed, if at all, outside the scope of the actor's employment and are barred, as they were not authorized, ratified, or sanctioned by Defendants.

23.     Any special damages Plaintiffs seek that have not been pled with specificity are barred.

24.     The amount of damages recoverable by Plaintiffs or the Putative Class, if any, is limited by statute.

25.     Defendants reserve the right to amend and supplement these defenses, as may appear applicable during the course of this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, these answering Defendants pray as follows:

1.     That Plaintiffs take nothing by their Complaint for damages;

2.     That Plaintiffs' Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendants recover their costs of suit herein, including their reasonable attorneys' fees and other costs allowable by law; and

4.     That the court award such other and further relief as it deems appropriate.

Dated:  June 3, 2025                    Respectfully submitted,

                                        *s/ Francis A. Wilson*
                                        Rebecca Hause-Schultz
                                        621 Capital Mall, Suite 2400
                                        Sacramento, CA 95814
                                        Phone: (916) 210-0391
                                        Email: rhause-schultz@fisherphillips.com

                                        Francis A. Wilson
                                        1125 17th Street, Suite 2400
                                        Denver, CO 80202

29

Phone: (303) 218-3650
Email: fwilson@fisherphillips.com

FP 55089438.3

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2025, a true and correct copy of the foregoing
**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will
send notification of same to counsel of record for the Parties.


 *s/ Lydia Agyemang*
Lydia Agyemang
Legal Secretary