IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

    Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in this matter is scheduled for July 18, 2025 at 3:00 p.m. via telephone before Magistrate Judge Hon. N. Reid Neureiter. James Knoepp and Dawson Morton of Dawson Morton, LLC will appear on behalf of the Plaintiffs. Francis Wilson of Fisher & Phillips LLP will appear on behalf of the Defendants.

### 2. STATEMENT OF JURISDICTION

The parties agree that jurisdiction is conferred by 28 U.S.C. § 1331, this case arising under the laws of the United States. Jurisdiction is also conferred by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The parties also agree that the Court has

supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs**

This case arises from Defendants' employment of Plaintiffs and other truck drivers to haul silage and other animal feeds pursuant to H-2A temporary work visas. Plaintiffs, on behalf of themselves and others similarly situated, allege that Defendants violated the FLSA by failing to pay them and the other truck drivers overtime wages for their long work weeks which regularly exceeded 40 hours. Plaintiffs also allege that Defendants violated the FLSA by failing to pay them and other truck drivers the FLSA minimum wage by failing to properly reimburse them for expenses they incurred for the benefit of Defendants.

Plaintiffs, on behalf of themselves and a proposed class of other truck drivers, also allege that Defendants breached their written employment contracts by paying them an agricultural field worker wage rate rather than the wage rate applicable to the work they performed, which was heavy and tractor-trailer truck driving. The employment contracts also promised overtime pay, and Plaintiffs also allege that Defendants breached their and other truck drivers' employment contracts by failing to pay them overtime wages, and by not reimbursing them for expenses as had been contractually promised.

Finally, Plaintiffs individually allege that Defendants unlawfully terminated them in breach of their H-2A employment contracts prior to the end of the terms of those contracts.

b. **Defendants**

Plaintiffs are H-2A workers hired by Defendant KB Custom Ag Services, LLC ("KB") as Agricultural Machine Operators. Plaintiffs seek to represent a class/collective of

2

other H-2A workers employed by KB. Plaintiffs' claims have no merit for a variety of reasons:

Plaintiffs' first claim for allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA") fails because Plaintiffs qualified for the FLSA's overtime exemption for agricultural workers, 29 U.S.C. § 213(b)(12). Moreover, even if Plaintiffs were to prevail on their claim that they were actually primarily commercial truck drivers (which Defendants dispute), they nevertheless would be overtime-exempt pursuant to the motor carrier exemption provided by the FLSA, 29 U.S.C. § 213(b)(1), and the Motor Carrier Act, 49 U.S.C. §§ 31502, 31132 *et. seq.* Likewise, Plaintiffs' claims of various minimum wage violations under the FLSA fail to the extent that Defendants did not require Plaintiffs to incur such alleged expenses, to the extent that any alleged expenses occurred were primarily for Plaintiffs' benefit or convenience, and to the extent that any alleged expenses did not reduce Plaintiffs' wages below minimum wage during their first workweek.

Plaintiffs' claims for breach of contract likewise are without merit. Plaintiffs were paid the appropriate rate for the work they performed. And Plaintiffs' claim that Defendants breached the Plaintiffs' respective contracts by failing to pay them overtime fails because Plaintiffs were not entitled to overtime pay under the FLSA, as outlined above. Likewise, as to the claims against Kyle Beauchamp individually, he was not a party to those contracts, so he cannot be found liable for any alleged breach.

Lastly, Defendants dispute that class/collective treatment is proper in this case.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

3

1. Defendant KB Custom Ag Services, LLC is a Colorado Limited Liability Company with its principal place of business in Ault, Colorado.

2. Defendant KB Custom Ag Services, LLC has over $500,000 in gross annual revenue.

3. Defendant Kyle Beauchamp is the managing member and sole member of KB Custom Ag Services, LLC.

4. Defendant Kyle Beauchamp is the 100% owner of KB Custom Ag Services, LLC.

5. Plaintiffs Jaime Alberto Delgado-Bojorquez, Oscar Jovanny Diaz-Ramirez, Jose Aniel Lopez-Valdez, and Rey David Aviña-Coto were employed by Defendant KB Custom Ag Services, LLC pursuant to H-2A temporary visas.

6. Defendant KB Custom Ag Services, LLC submitted applications to the federal government for permission to employ individuals pursuant to H-2A visas each year between 2021 and 2025.

7. In addition to the Plaintiffs, Defendant KB Custom Ag Services, LLC employed more than 200 individuals with H-2A visas each year between 2021 and 2025.

### 5. COMPUTATION OF DAMAGES

**a. Plaintiffs**

Plaintiffs do not have sufficient payroll information, which will be requested from Defendants, in order to calculate damages. However, damages will be based on the following formulas:

    a. FLSA claims are brought on behalf of the named Plaintiffs and all future opt-in Plaintiffs, if authorized.

**FLSA (failure to reimburse expenses during first workweek)**

First Workweek: (# of hours actually worked during first workweek x FLSA minimum wage) + Expenses incurred – gross wages paid free and clear = FLSA unpaid wages

**FLSA (failure to pay overtime)**

Per Workweek: (# of hours actually worked during workweek x regular rate of pay) + (# of hours actually worked over 40 during workweek x ½ x regular rate of pay) – gross wages paid free and clear = FLSA unpaid overtime wages

FLSA also provides for an additional, equal amount in liquidated damages of any unpaid FLSA wages. In addition, the FLSA provides for an award of costs and attorneys' fees.

b. Contract claims are brought on behalf of the named Plaintiffs and other Rule 23 class members, if certified.

**Breach of Contract (Failure to reimburse expenses)**

Per Workweek: (# of hours actually worked during workweek x AEWR or wage rate for heavy tractor-trailer truck drivers, whichever is higher) + expenses incurred – gross wages paid free and clear = unpaid wages

**Breach of Contract (Failure to pay proper wage rate)**

Per Workweek: (# of hours actually worked x wage rate for heavy tractor-trailer truck drivers) – gross wages paid free and clear = unpaid wages

**Breach of Contract (Failure to pay overtime)**

Per Workweek: (# of hours actually worked during workweek x regular rate of pay) + (# of hours actually worked over 40 during workweek x ½ x regular rate of pay) – gross wages paid free and clear = unpaid overtime wages

Plaintiffs and class members also seek an award of pre-judgment interest from the date of breach (paycheck date for each workweek).

c. The Quantum Meruit claim is brought on behalf of the named Plaintiffs and other Rule 23 class members, if certified, and are pled in the

   alternative to the breach of contract claims. Damages for the Quantum Meruit claim is determined the same was as the Breach of Contract claim above.

  d. Breach of Contract – Termination claims are brought on behalf of Plaintiffs individually. Damages are determined based on the contract length applicable to each Plaintiff:

(# of weeks promised x # of hours promised/week x applicable wage rate) – wages paid during length of contract prior to termination.

Plaintiffs, Opt-in Plaintiffs, and Rule 23 class members seek pre-judgment and post-judgment interest on all claims in amounts to be determined at trial.

 Plaintiffs seek an award of costs and attorneys' fees.

### b. Defendants

Defendants deny that Plaintiffs are entitled to any damages. Defendants are not presently pursuing any claims for damages against Plaintiffs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

The Fed. R. Civ. P. 26(f) meeting was held on June 18, 2025.

### b. Names of each participant and party he/she represented.

James Knoepp and Dawson Morton for Plaintiffs. Francis Wilson for Defendants.

### c. Statement of when Rule 26(a)(1) disclosures were made or will be made.

The parties made their Rule 26(a)(1) disclosures on July 2, 2025.

### d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

### e. Statement concerning any agreements to conduct informal discovery.

6

None.

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified numbering system for deposition exhibits.

The parties shall bifurcate discovery in this case, with Phase I focusing on issues related to whether collective certification is appropriate for Plaintiffs' FLSA claims and whether Rule 23 class certification is appropriate for Plaintiffs' breach of contract and quantum meruit claims. Phase II would commence following the Court's ruling on any putative motions to certify a class/collective.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

**Plaintiffs:** Plaintiffs anticipate that the claims or defenses will involve extensive electronically stored information as Defendants utilized electronic payroll and timekeeping systems as well as electronic GPS location software in the trucks driven by Plaintiffs and other truck drivers. Plaintiffs will request production of this data in Excel and in native formats with all relational data intact.

**Defendants:** This case will not involve extensive electronically stored information ("ESI"). Most discovery will be produced in PDF or Microsoft Excel electronic format.

**Joint:** The parties will draft a proposed ESI protocol to facilitate how such ESI will be handled, processed, and produced during discovery.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are open to having settlement discussions, including the use of a

7

private mediator, but believe those discussions will be more productive after production of data related to the proposed class.

## 7. CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

Discovery and briefing will be bifurcated, first focusing on issues related to conditional FLSA collective action certification and Rule 23 class certification. Specifically:

(1) The parties will engage in an initial phase of discovery limited to questions of: (a) the propriety of 29 U.S.C. § 216(b) conditional certification of this matter as an opt-in FLSA collective action; and (b) the propriety of Fed. R. Civ. P. 23(b)(3) class certification;

(2) Plaintiffs will file a motion for conditional FLSA collective action certification and, if granted, distribute notice of the same so that individuals may opt-in to the FLSA action;

(3) Plaintiffs will file a motion for Rule 23 class certification of their breach of contract and quantum meruit claims; and

(4) Following the Court's determination of those motions, the Court will convene a second scheduling conference to schedule and limit merits discovery during Phase II, as well as other general scheduling matters for the case (*e.g.*, dispositive motions deadlines, trial, etc.).

The following proposals concern the initial period of bifurcated discovery (Phase I):

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Plaintiffs**: Plaintiffs propose a limit of 5 depositions per party during this initial phase of bifurcated discovery.

**Defendants**:

During Phase I:

- Plaintiffs may take up to 3 depositions.
- Defendants may take 1 deposition of each named Plaintiff, plus up to 3 additional depositions of other witnesses.

**b. Limitations which any party proposes on the length of depositions.**

**Plaintiffs**: No additional limitations other than those imposed by the Federal Rules.

**Defendants**: 7 hours. To the extent a witness is deposed during Phase I regarding class/collective certification-related topics and is thereafter deposed during Phase II regarding new topics/information relevant to merits discovery, the total permissible time for those depositions collectively is limited to 7 hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Plaintiffs**: None.

**Defendants**: Collectively across Phases I and II, each side may send each party up to 25 requests for production and 25 requests for admission.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery requests must be served no later than 45 days before the close of Phase I discovery.

**e. Other Planning or Discovery Orders**

**Plaintiffs**: Plaintiffs propose that the discovery limits imposed by this Order or the Federal Rules of Civil Procedure be re-set for the Phase II discovery period.

**Defendants**: Collectively across Phases I and II, each side may send each party up to 25 interrogatories, 25 requests for production, and 25 requests for admission.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

**Plaintiffs**: Plaintiffs propose a deadline of September 2, 2025 for amendment of pleadings.

Plaintiffs propose a deadline for Joinder of Parties that is 60 days after the Court's decision on Plaintiffs' motion for Rule 23 class certification. This would promote efficiency by permitting the joinder of interested individual class members should the Court decline to certify the class.

**Defendants**: September 2, 2025.

b. **Discovery Cutoff:**

**Plaintiffs**: December 19, 2025 for Phase I discovery

**Defendants**: February 27, 2025, for Phase I discovery (or such other date that is 14 days before the deadline for Plaintiffs to file a motion for conditional collective certification/class certification).

c. ~~Dispositive~~ **Motion Deadline:**

**Plaintiffs**: Deadline for Plaintiffs to file motion for conditional certification of FLSA collective action: October 17, 2025

Deadline for Plaintiffs to file motion for certification of Rule 23 class action: January

10

23, 2026

**Defendants**: Deadline for Plaintiffs to file any motion for conditional certification or Rule 23 certification: March 13, 2026.

    d. **Expert Witness Disclosure:**

    1. **The parties shall identify anticipated fields of expert testimony, if any.**

No experts would be designated in Phase I. Expert designation will be addressed in the Phase II discovery scheduling order.

    2. **Limitations which the parties propose on the use or number of expert witnesses.**

No experts would be designated in Phase I. Expert designation will be addressed in the Phase II discovery scheduling order.

    3. **The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ____, 20__.**

No experts would be designated in Phase I. Expert designation will be addressed in the Phase II discovery scheduling order.

    4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _, 20__.**

No experts would be designated in Phase I. Expert designation will be addressed in the Phase II discovery scheduling order.

    e. **Identification of Persons to Be Deposed:**

**Plaintiffs**: Plaintiffs will take a Rule 30(b)(6) deposition of Defendant KB Custom Ag Services, LLC. Plaintiffs also anticipate taking the deposition of Defendant Kyle Beauchamp during the Phase I discovery period, as well a deposition of the person(s)

responsible for processing payroll and preparing and submitting applications for certification to employ H-2A workers. Plaintiffs anticipate taking depositions of other individuals identified during those depositions and/or in Defendants' disclosures and responses to discovery requests that have may have information relevant to Phase I discovery issues.

**Defendants**: Defendants plan to take depositions of each named Plaintiff during Phase I. To the extent necessary, Defendants may also take depositions of other individuals identified during those depositions and/or in Plaintiffs' disclosures and responses to discovery requests that may have information relevant to Phase I discovery issues.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. **Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

b. **A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None, other than those identified above.

**b. Anticipated length of trial and whether trial is to the court or jury.**

To be addressed during Phase II.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
Hon. N. Reid Neureiter
United States Magistrate Judge

APPROVED AS SUBMITTED ON July 11, 2025:

| | |
|---|---|
| /s/ James Knoepp | /s/ Francis Wilson |
| James Knoepp | Francis Wilson |
| Dawson Morton, LLC | Fisher & Phillips LLP |
| 1612 Crestwood Drive | 1125 17th Street, Suite 2400 |
| Columbia, SC 29205 | Denver, CO 95814 |
| 828-379-3169 | 303-281-3637 |
| jim@dawsonmorton.com | fwilson@fisherphillips.com |
| | |
| Dawson Morton | *Counsel for Defendants* |
| Dawson Morton, LLC | |
| 1808 Sixth Street | |
| Berkeley, CA 94710 | |
| 404-590-1295 | |
| dawson@dawsonmorton.com | |
| | |
| *Counsel for Plaintiffs* | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

fwilson@fisherphillips.com
rhause-schultz@fisherphillips.com

*/s/ James Knoepp*
James Knoepp
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
828-379-3169
jim@dawsonmorton.com

Attorney for Plaintiffs

15