IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

    Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE ACTION AND MOTION FOR RULE 23 CLASS CERTIFICATION**

---

Plaintiffs, through their attorneys, submit the following response to Defendants' Motion for Extension of Time to respond to Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action (ECF No. 37) and Motion for Rule 23 Class Certification (ECF No. 39) and state as follows:

    1.    Plaintiffs do not oppose Defendants' request for an extension of time to respond to the Motion for Rule 23 Class Certification as it does not impact the statute of limitations that applies to the claims of the class members for whom Plaintiffs seek certification.

2. Plaintiffs do oppose the extension sought with respect to the FLSA Collective Action Motion. Absent tolling, in a FLSA Collective Action, unlike a Rule 23 class action, the statute of limitations on a FLSA opt-in Plaintiff's claim continues to run until they file a Consent to Sue. 29 U.S.C. § 256(b).

3. In Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action they moved the Court for an order tolling the FLSA statute of limitations for potential opt-in Plaintiffs from the date of filing of the motion seeking certification. (ECF No. 37 at 9-10) (citing cases). That request, of course, will not be ruled on until after the motion is fully briefed and the Court issues a decision.

4. Absent tolling, therefore, potential opt-in Plaintiffs' statute of limitations on their FLSA claims is continuing to run, and a 3-week delay for Defendants to file their response to Plaintiffs' motion potentially prejudices those individuals' FLSA claims. For that reason, and that reason only, Plaintiffs oppose the relief requested in Defendants' motion with respect to their response to Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action.

Respectfully submitted,

/s/ James M. Knoepp
James M. Knoepp
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Telephone: 828-379-3169
E-mail: jim@dawsonmorton.com

/s/ Dawson Morton
Dawson Morton
Dawson Morton, LLC

1808 Sixth Street
Berkeley, CA 94710
Telephone: 404-590-1295
E-mail: dawson@dawsonmorton.com

Attorneys for Plaintiffs

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants who have entered an appearance in this matter:

Rebecca Hause-Schultz
621 Capital Mall, Suite 2400
Sacramento, CA 95814
rhause-schultz@fisherphillips.com

Vance O. Knapp
1125 17th Street, Suite 2400
Denver, CO 80202
vknapp@fisherphillips.com

Monica Simmons
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelpha, PA 19103
msimmons@fisherphillips.com

                                              */s/ James M. Knoepp*
                                              James M. Knoepp

this 27th day of January, 2026.