IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

    Defendants.

## JOINT DISCOVERY DISPUTE STATEMENT

Plaintiffs Jaime Alberto Delgado-Bojorquez, Oscar Jovanny Diaz-Ramirez, Jose Aniel Lopez-Valdez, and Rey David Aviña-Coto (collectively, "Plaintiffs"), and Defendants KB Custom Ag Services, LLC ("KB") and Kyle Beauchamp (collectively, "Defendants," and together with Plaintiffs, the "Parties"), hereby submit this Joint Dispute Statement to the Court regarding the Parties' discovery dispute that will be heard on February 6, 2026.

### I.    Defendants' Position Regarding Discovery Dispute

Pursuant to Fed. R. Civ. P 37(a)(1) and 37(a)(3)(B), Defendants respectfully move this Court for an order compelling Plaintiffs to respond to Defendants' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission addressed to each Plaintiff ("Defendants' Discovery Requests"). At the

Scheduling Conference held on July 17, 2025, the Court limited Defendants to 10 interrogatories, 10 requests for production, and 10 requests for admission to each named Plaintiff in Phase I Discovery. *See* Minute Order issued on July 17, 2025 [Doc. No. 30]. The Court also ordered the Parties to serve all Phase I Discovery requestsby November 4, 2025. *Id.*

Defense counsel inadvertently calendared this deadline as November 19, 2026, and discovered this error only after propounding Defendants' Discovery Requests on November 19, 2025. Defendants' Discovery Requests also exceeded the written discovery limitations set forth in the Court's July 17, 2025, Minute Order [Doc No. 30][1]. Nevertheless, Defendants expected Plaintiffs to provide verified and complete responses to Defendants' Discovery Requests on account that Plaintiffs' Counsel did not raise any timeliness objections at any point between November 19, 2025, and December 14, 2025.

On December 15, 2025, Plaintiffs' Counsel notified Defense Counsel, for the first time, that it would be objecting to Defendants' Discovery Requests as untimely. *See* email communication attached as **Exhibit 1**. Plaintiffs' Counsel also complained that Defendants exceeded the limits imposed by the July 17, 2025, Scheduling Order by serving 11 interrogatories, 17 requests for production, and 16 requests for admission. *Id.*

Defense Counsel responded by requesting a meeting and conferral on Plaintiffs' objections. *See* email communication attached as **Exhibit 2**. Defendants also offered to reduce the number of interrogatories, requests for production, and requests for admission

---

[1] Obviously, Plaintiffs had no obligation to respond to the additional discovery requests that Defense Counsel had erroneously proffered.

2

within the confines of the July 17, 2025, Scheduling Order. *Id.* Plaintiffs' Counsel proposed a date and time that conflicted with Defense Counsel's schedule. *Id.* Defense Counsel responded requesting additional times and dates that aligned with her schedule and proposed a compromise whereby Plaintiffs would agree to respond only to Defendants' first 10 interrogatories, 10 requests for production, and 10 requests for admissions. *Id.* Plaintiffs' Counsel responded only to claim offense to Defense Counsel's "accusation" that Plaintiffs' Counsel acted in bad faith by objecting to untimely discovery. *See* email communication attached as **Exhibit 3**.

Francis Wilson, a Fisher & Phillips associate attorney, contacted the Court's chambers on January 7, 2026, to request a discovery dispute hearing. The Court set a hearing for January 22, 2026. However, on January 8, 2026, Defense Counsel was notified that Mr. Wilson would be resigning his employment with the firm and withdrawing as counsel of record for Defendants. Later that same day, Mr. Wilson contacted the Court's chambers to request a continuance of the January 22, 2026, discovery dispute hearing, as Fisher & Phillips assigned additional experienced wage-and-hour counsel to this case. *See* email communication attached as **Exhibit 4**.

On Monday, January 5, 2026, Vance O. Knapp, a Fisher & Phillips partner, was assigned by the firm to work on this case after Mr. Wilson resigned. Mr. Knapp had ***no prior*** involvement in this action before that date. Shortly thereafter, Mr. Knapp reached out to Plaintiffs' Counsel to confer about Plaintiffs' objections to Defendants' Discovery Requests. *See* email communication attached as **Exhibit 5**. On January 20, 2026, Mr. Knapp entered his appearance on behalf of both Defendants. [Doc. No. 36]. Mr. Knapp

has been admitted to this District since 1994; he has first-chaired several labor and employment cases to verdict in this District and has significant experience litigating wage and hour cases throughout the U.S.

Pursuant to the Court's Practice Standards concerning discovery disputes, Counsel held a meeting-and-conferral on the issue on January 20, 2026. Plaintiffs maintained their prior objections and refused to respond to Defendants' Discovery Requests. During the conferral, Mr. Knapp offered to toll the opt-in and opt-out limitation periods for the respective motions for class certification and FLSA conditional certification. In addition, Mr. Knapp also offered to agree to *any* reasonable extensions that Plaintiffs may need in the future. But Plaintiffs' Counsel merely offered to respond to written discovery propounded by Defendants during the second phase of discovery in this case and continued their refusal to respond to Defendants' Discovery Requests.

As a result, Defendants must pursue relief under Fed. R. Civ. P. 37(a)(1). Without responses to its written discovery requests, Defendants will suffer prejudice because they will not be able to adequately respond to Plaintiffs' Motions for Rule 23 Class Certification and Conditional Certification of an FLSA Collective, [Doc. Nos. 38 & 39].

Excusable neglect exists for propounding Defendants' Discovery Requests after November 4, 2025. Under Rule 6(b)(1)(B), once a deadline has passed, the district court may, "for good cause," extend the deadline only on a "motion made after the [deadline]" and only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires the movant to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four*

4

*Seasons Sec. Laws Litig. v. Bank of Am.,* 493 F.2d 1288, 1290 (10th Cir. 1974). To determine whether the neglect is "excusable," this Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing U.S. v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004)).

All four factors relevant to the excusable-neglect analysis weigh in Defendants' favor. First, Plaintiffs will not be prejudiced if compelled to respond to Defendants' Discovery Requests, as Plaintiffs have already moved for Rule 23 Class Certification and Conditional Certification of an FLSA Collective, and are not obligated to any additional deadlines during the first phase of discovery in this case.

Second, an order compelling Plaintiffs to substantively respond to Defendants' Discovery Requests will have little to no effect on the judicial proceedings in this action, as Plaintiffs' Motions are not yet ripe and the Court has set no additional deadlines beyond Defendants' Responses to Plaintiffs' Motions and Plaintiffs' Replies in Support. *See* July 17, 2025, Scheduling Order [Doc. No. 30]; January 29, 2026, Minute Order [Doc. No 42]; February 3, 2026, Minute Order [Doc. No 44].

Third, although Defense Counsel acknowledges that it propounded Defendants' Discovery Requests after the court-imposed deadline, the delay was a result of a calendaring error made by Defense Counsel's staff.

Courts in this Circuit are generally more forgiving of missed deadlines caused by

clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents. *See, e.g., Brown v. Fisher*, 251 Fed. Appx. 527, 533 (10th Cir. 2007) (excusable neglect where complaint was delivered to an administrative assistant not authorized to accept on defendant's behalf); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (excusable neglect where counsel overlooked a summary judgment motion delivered in a stack of other documents); *Espy*, [2009 BL 199258], 2009 WL 2912506 at *11 (excusable neglect when a paralegal did not check the certificate of service for admission requests delivered by hand, and erroneously added three days when calendaring the response deadline); *see also Law v. Bd. of Trs. of Dodge City Cmty. Coll.*, 08-1212-JTM-DWB, [2008 BL 265594], 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008) (excusable neglect, barely, when counsel timely dictated discovery responses which were not timely typed because of staffing issues).

Finally, Defense Counsel acted with no undue delay in requesting a meet-and-conferral on Plaintiffs' objections and requesting a discovery dispute hearing with the Court. For these reasons, Defendants submit that good cause exists for its motion and respectfully request that the Court enter an Order compelling Plaintiffs to respond to Defendants' Discovery Requests within fourteen (14) days.

## II. Plaintiffs' Position Regarding Discovery Dispute

Although styled as a Motion to Compel filed pursuant to Rule 37, Defendants' motion is, in effect, a motion to modify the Scheduling Order. The Court's Scheduling Order, entered on July 17, 2025, set a Phase I discovery cut-off of December 19, 2025, and stated that written discovery "shall be served 45 days prior to the close of

discovery." ECF No. 30. That deadline, November 4, 2025, was not met when Defendants served discovery on November 19, 2025, 15 days after the deadline and four months after the scheduling order was entered. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (deeming discovery requests served two days after the "discovery deadline" untimely). Late discovery is a nullity and need not be answered unless the scheduling order is modified to allow the untimely discovery. *See, e.g., Thompson v. Collins*, No. 23-cv-00499-GKF-SH, 2025 WL 1467440, at *2 (N.D. Okla. May 21, 2025) (where discovery "requests were untimely" a party "was under no obligation to respond.") In moving to allow late discovery a party must not only provide good cause for why the discovery was late, it must explain why the discovery was not served in the preceding months prior to the discovery deadline. *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (good cause standard "obligates the moving party to provide an adequate explanation for any delay") (citation omitted); *Strope v. Collins*, 315 F.App'x 57, 61 (10th Cir. 2009) ("Demonstrating good cause under th[is] rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'") (citation omitted).

Defendants argue that their untimely discovery is justified by the excusable neglect standard of Rule 6(b) and do not address the requirements of good cause found in Rule 16(b). Here, while "Rule 6 does empower the Court to extend deadlines, [] this is a Scheduling Order deadline, and '[in] the context of amending a scheduling order—even for modifications sought after a deadline has passed—the more specific rule set

7

out in Rule 16(b) applies over the general rule set out in Rule 6(b)(1).'" *Heizer v. Colo. Farm Bureau Ins. Co.*, Civil Action No. 24-cv-01992-RMR-CYC, 2025 WL 3280902, at *1 (D. Colo. Nov. 25, 2025) (*quoting Equal Emp. Opportunity Comm'n v. A&A Appliance, Inc.*, 2024 WL 5455803, at *2 (D. Colo. Oct. 8, 2024); *see also Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (rejecting application of other provisions of federal rules to scheduling order amendments because they "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure"). Here, the standard of good cause required to modify scheduling orders "requires a greater showing than excusable neglect." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (cleaned up).

"A schedule may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) (quotation omitted). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (cleaned up). Here, Defendants waited four months to serve discovery after the entry of the scheduling order and indicate they made an error in calendaring.[2] A calendaring error simply does not constitute excusable neglect nor

---

[2] Defendants do not attach a declaration or any evidence regarding the calendaring error. However, failure to meet the deadline to serve discovery was not Defendants'

establish good cause. *Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761-62 (10th Cir. 2007) (finding no abuse of discretion in conclusion that a "calendaring error" did not constitute excusable neglect or good cause); *Heizer*, 2025 WL 3280902, at *3 ("A failure of a legal assistant to calendar a deadline properly is not a sufficient explanation.") *Garnett v. BNC Mortg. Inc.*, 2013 U.S. Dist. LEXIS 62345, at *2 (D. Colo. Apr. 30, 2013) (attached) ("Failure to properly read an unambiguous court ordered deadline does not establish good cause or excusable neglect."). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Here, just miscalendaring is not enough. A party must show "that the discovery deadline could not have been met despite his diligent efforts." *Handy v. Cummings*, 11-CV-581-WYD-KMT, 2012 WL 1144663, 2012 US Dist. LEXIS 48098, at *5-6 (D. Colo. Apr. 4, 2012) (citation omitted) (denying motion to compel late discovery where no discovery served for 6 months).

Here, Defendants do not show diligence.[3] Defendants fail to address, let alone explain, why their last-minute discovery could not have been served in any of the preceding months.[4] *Eppley v. SAFC Biosciences, Inc.*, 20-2053-TC-ADM, 2020 WL

---

only error with respect to the Court's Scheduling Order. Defendants also served written discovery far in excess of that allowed by the Court's order—serving 16 Requests for Admission, 17 Requests for Production, and 11 Interrogatories on each Plaintiff, despite the Court's clear instructions limiting Defendants to 10 of each.

[3] Defendants also appear to argue that a change in employment by an associate assigned to the case may have led to delay in filing this motion. However, a partner at the same firm has been actively involved in the case and on the pleadings the entire discovery period. (ECF No. 20.)

[4] The discovery propounded by the Defendants in this employment dispute, such as information about the type of work performed by the Plaintiffs and where they were

7353865, at *4 (D. Kan. Dec. 15, 2020) (finding a lack of good cause where a party had not acted diligently when it allowed more than two months to lapse before serving opening discovery requests). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson*, 975 F.2d at 609. Where discovery was untimely served, and diligence has not been shown, a motion to compel responses to untimely discovery should be denied. *Crystal Lagoons U.S. Corp. v. Desert Col. Manager*, 2024 WL 4436539, at *3 (D. Utah Oct. 7, 2024); *Jorgensen v. Trees Acquisition, Inc.*, 1:11CV98, 2013 WL 496080, at *2 (D. Utah Feb. 7, 2013) (denying motion compel where "[i]t is not disputed that Plaintiff did not serve [discovery]…. until after the fact discovery deadline"). Here, Defendants' discovery was significantly late, but even discovery only a few days late is appropriately denied. *Locklear v. Kmart*, 05-CV-1191, 2008 U.S. Dist. LEXIS 146128, at *4 (D.N.M. July 8, 2008) (denying motion to compel for discovery served "four days after the Court ordered discovery deadline").

On these facts, Defendants cannot show good cause or diligence and their motion to compel Plaintiffs to respond to their late discovery should be denied.[5] *Malan v. RKB Indus., Inc.*, 1:22-cv-25, 2023 WL 3604399, at *3 (D. Utah May 23, 2023) (denying motion to reopen discovery where party "fail[ed] to explain why the . . . fact discovery . . could not be completed within the existing deadlines").

---

employed is largely in Defendants own files as the employer is charged with keeping such records, including payroll details, work site locations, work titles, and employment terms and conditions. There will also be a Phase II discovery period in this case in which this discovery can be answered if served timely.

[5] Plaintiffs' counsel who have depositions scheduled for most of the next two weeks would also experience significant prejudice should Defendants' motion be granted.

Respectfully submitted by:

*/s/ James Knoepp*
James Knoepp
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
828-379-3169
jim@dawsonmorton.com

Dawson Morton
Dawson Morton, LLC
1808 Sixth Street
Berkeley, CA 94710
404-590-1295
dawson@dawsonmorton.com

*Counsel for Plaintiffs*

*/s/ Vance O. Knapp*
Vance O. Knapp
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 95814
303-281-3637
vknapp@fisherphillips.com

Rebecca Hause-Schultz
Fisher & Phillips LLP
621 Capitol Mall, Suite 2400
Sacramento, CA 95814
916-210-0391
rhause-schultz@fisherphillips.com

Monica Simmons
Fisher & Phillips LLP
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
610-230-2129
msimmons@fisherphillips.com

*Counsel for Defendants*