# Garrett v. BNC Mortg., Inc.

United States District Court for the District of Colorado

April 30, 2013, Decided; April 30, 2013, Filed

Civil Action No. 11-cv-03242-PAB-BNB

**Reporter**
2013 U.S. Dist. LEXIS 62345 *

MICHELLE GARRETT, and RICHARD L. GARRETT, Plaintiffs, v. BNC MORTGAGE, INC., U.S. BANK, N.A., as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company, Defendants.

**Prior History:** *Garrett v. BNC Mortg., Inc., 2011 U.S. Dist. LEXIS 148576 (D. Colo., Dec. 20, 2011)*

**Counsel: [*1]** Michelle Garrett, Plaintiff, Pro se, Carbondale, CO.

Richard L. Garrett, Plaintiff, Pro se, Carbondale, CO.

For BNC Mortgage Inc., actually named as BNC Mortgage, Inc., Defendant: Justin Donald Balser, LEAD ATTORNEY, Akerman Senterfitt LLP-Denver, Denver, CO.

For US Bank National Association, as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, Wells Fargo Home Mortgage, Inc., Owner of America's Servicing Company, Defendants: Marie Elizabeth Williams, Thomas W. Carroll, Faegre Baker Daniels LLP-Denver, Denver, CO.

**Judges:** Boyd N. Boland, United States Magistrate Judge.

**Opinion by:** Boyd N. Boland

## Opinion

### ORDER

This matter arises on **Plaintiffs' Motion to Amend Scheduling Order for Extension of Time to File Discovery Documents** [Doc. #59, filed 04/23/2013] (the "Motion"). The Motion is DENIED.

On October 9, 2012, I held a Scheduling Conference and entered a Scheduling Order [Doc. #47]. I set the discovery cut-off as April 26, 2013, and I ordered that all interrogatories, requests for production of documents, and requests for admissions be served 33 days prior to the discovery cut-off date (on or before March 24, 2013).

The plaintiffs seek to modify the Scheduling Order to extend the deadline to serve their **[*2]** discovery to April 26, 2013. The plaintiffs recognize that pursuant to *Rule 16(b)(4), Fed. R. Civ. P.*, I may modify a scheduling order only upon a showing of good cause. The Advisory Committee Notes to *Rule 16* provide the following guidance about the meaning of good cause as used in *Rule 16*:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend.

However, when an enlargement of time is sought after expiration of a specified deadline, as here, the movant must show that the failure to act was the result of excusable neglect. *Fed. R. Civ. P. 6(b)(1)(B)*. To determine whether the neglect is excusable:

> [T]he court must take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [non-

2013 U.S. Dist. LEXIS 62345, *2

moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control **[*3]** of the movant, and whether the movant acted in good faith.

*Stringfellow v. Brown*, 105 F.3d 670 [published in full-text format at *1997 U.S. App. LEXIS 433], 1997 WL 8856, *1 (10th Cir. Jan. 10, 1997)* (internal quotations and citation omitted).

The movant's "control over the circumstances is the most important single factor in determining whether neglect is excusable." Id. (internal quotations and citation omitted). A finding of excusable neglect "requires both a demonstration of good faith by [movant] and it must also appear that there was a reasonable basis for not complying with the specified period." *1997 U.S. App. LEXIS 433, [WL] at *2* (internal quotations and citation omitted).

In support of their Motion, the plaintiffs state:
> Plaintiff Michelle Garrett mis-read the Scheduling Order and believed Interrogatories, Requests for Production of Documents and Requests for Admissions could be filed by the discovery cutoff date of April 26, 2013, but realized too late that the Scheduling Order listed the date for filing those documents as 33 days prior to the discovery cut-off, or March 24th.

*Motion*, p. 2.

Failure to properly read an unambiguous court-ordered deadline does not establish good cause or excusable neglect. Moreover, the plaintiffs waited until March 10, 2013, to serve **[*4]** their initial discovery requests on the defendants. They voluntarily withdrew these requests and did not attempt to re-serve their discovery requests until more than one month later, on or about April 15, 2013. *Response to Plaintiffs' Motion to Amend Scheduling Order for Extension of Time to Propound Discovery Requests* [Doc. #62] (the "Response"), ¶¶ 3-5; Ex. A; Ex. C. The plaintiffs do not explain why they waited until March, 10, 2013--five months after entry of the Scheduling Order--to serve their initial discovery requests.

I am aware that the plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)*. The plaintiffs' *pro se* status does not excuse them from following "the same rules of procedure that govern other litigants." *Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)*. Accordingly,

IT IS ORDERED that the Motion [Doc. #59] is DENIED.

Dated April 30, 2013.

BY THE COURT:

/s/ Boyd N. Boland

United States Magistrate Judge

**End of Document**