# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

_____

**DECLARATION OF CATIE BEAUCHAMP IN SUPPORT OF DEFENDANTS'
RESPONSES IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS
CERTIFICATION AND PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION
OF AN FLSA COLLECTIVE ACTION**

_____

I, Catie Beauchamp, pursuant to 28 U.S.C. § 1746, hereby declare:

1.      I am the Chief Operations Officer of Defendant KB Custom AG Services,

LLC ("KB"). I submit this Declaration in support of Defendants' Responses in Opposition

to Plaintiffs' Motion for Rule 23 Class Certification and Plaintiffs' Motion for Conditional

Certification of an FLSA Collective Action.

2.      I am over the age of 18.

3.    The following facts are true and correct of my own personal knowledge unless otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

4.    KB is a family-owned agricultural business headquartered in Hartley, Texas,[1] and operated by myself and Defendant Kyle Beauchamp ("Defendant Beauchamp"). Defendant Beauchamp serves as the Owner and Chief Executive Officer of KB.

5.    KB provides clients with custom forage harvesting services. Forage harvesting is the mechanical process of cutting, chopping, and collecting crops like corn, sorghum, or grass to produce high-quality fermented livestock feed known as silage.

6.    The harvesting process is as follows: (1) the forage is severed at the base of the stalk, and a merger or triple mower consolidates it into a windrow; (2) a harvesting machine traverses the windrow and chops the forage into uniform pieces; (3) the harvesting machine then propels the chopped feedstuff by blower into a trailer towed by a tractor or semi-truck; and (4) the forage is transported to the point of initial silage processing, typically at a dairy farm.

7.    This process requires synchronized coordination between the harvester, truck operators, and silage processors.

8.    At all times relevant to this action, Agricultural Equipment Operators and/or Heavy Haul Truck Drivers were responsible for transporting and delivering forage for the farmers that hire KB.

---

[1] Prior to December 29, 2025, KB was headquartered in Ault, Colorado.

9.      The Company's operations hub is located in Hartley, Texas, which is in the panhandle of the state, close to the borders of Oklahoma, Kansas and Colorado. KB's drivers frequently cross state lines when transporting and delivering harvested commodities. Their routes and assignments vary on a daily basis. The evidence will show that most, if not all, of the drivers cross state lines when transporting harvested commodities. To determine which drivers cross state lines, and how often they do, will require individualized discovery from each driver as well as an examination of the company's records for each driver.

10.     Plaintiffs Jaime Alberto Delgado-Bojorquez ("Plaintiff Delgado-Bojorquez"), Oscar Jovanny Diaz-Ramirez ("Plaintiff Diaz-Ramirez"), Jose Aniel Lopez-Valdez, and Rey David Avina-Coto (collectively referred to herein as "Plaintiffs") are Mexican nationals and former employees of KB who were hired under the federal H-2A visa program to work as Agricultural Equipment Operators. They worked only in the states of Texas, Kansas, Colorado, Oklahoma, and New Mexico during their employment with KB.

11.     According to business records maintained by KB, Plaintiffs and Opt-In Plaintiff Tapia Vera transported and delivered harvested commodities across state lines at least three times per year in each year of their employment with KB or had a reasonable expectation that they could be called to do so.

12.     Plaintiffs were hired under four separate Job Orders, which will be referred to herein as the 2022 Job Order, the 2023 Job Order, the 2024 Heavy Haul Job Order, and the 2025 Job Order, respectively.

13.     A true and correct copy of the 2022 Job Order is attached here as Exhibit 1.

14.     A true and correct copy of the 2023 Job Order is attached here as Exhibit 2.

15.     A true and correct copy of the 2024 Heavy Haul Job Order is attached here as Exhibit 3

16.     A true and correct copy of the 2025 Job Order is attached here as Exhibit 4.

17.     Plaintiff Delgado-Bojorquez was employed by KB as an Agricultural Equipment Operator from October 17, 2022, through August 7, 2023. He performed work in the states of Kansas and Texas.

18.     Plaintiff Diaz-Ramirez was employed by KB as an Agricultural Equipment Operator from May 16, 2022, through August 15, 2024. He performed work in the states of Kansas, Oklahoma, Texas, and Colorado.

19.     Opt-In Plaintiff Victor Alexis Tapia-Vera was employed by KB as an Agricultural Equipment Operator in 2023 and 2025; and as a CDL truck driver in 2024. He performed work in the states of Texas, Oklahoma, and Kansas.

20.     I declare under the penalty of perjury that the foregoing is correct.

Executed on March 5, 2026.

Catie Beauchamp
_____
Catie Beauchamp

**Signature:** _Catie Beauchamp_
Catie Beauchamp (Mar 5, 2026 19:30:09 MST)
**Email:** catie.beauchamp@kbcustomag.com

# Delgado - DECL OF CB ISO RESP IN OPPO CLASS AND CONDL CERT _ 03052026

Final Audit Report                                                    2026-03-06

| | |
|---|---|
| Created: | 2026-03-06 |
| By: | Courtney Brown (cdbrown@fisherphillips.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAgd7LeA9_WCPW9uhb4upiRB1QyBXBTqh0 |

## "Delgado - DECL OF CB ISO RESP IN OPPO CLASS AND CONDL CERT _ 03052026" History

📄 Document created by Courtney Brown (cdbrown@fisherphillips.com)
2026-03-06 - 1:45:44 AM GMT

📧 Document emailed to catie.beauchamp@kbcustomag.com for signature
2026-03-06 - 1:47:25 AM GMT

📄 Email viewed by catie.beauchamp@kbcustomag.com
2026-03-06 - 2:27:57 AM GMT

✍️ Signer catie.beauchamp@kbcustomag.com entered name at signing as Catie Beauchamp
2026-03-06 - 2:30:07 AM GMT

✍️ Document e-signed by Catie Beauchamp (catie.beauchamp@kbcustomag.com)
Signature Date: 2026-03-06 - 2:30:09 AM GMT - Time Source: server

✅ Agreement completed.
2026-03-06 - 2:30:09 AM GMT

**Adobe Acrobat Sign**

# EXHIBIT 1

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

## A. Job Offer Information

| 1. Job Title * | Agricultural Equipment Operator |
|---|---|

| 2. Workers Needed * | a. Total | b. H-2A | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 285 | 285 | 3. Begin Date * 3/1/2022 | 4. End Date * 12/28/2022 |

| 5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? * If "Yes", proceed to question 8. If "No", complete questions 6 and 7 below. | ☐ Yes ☒ No |
|---|---|

| 6. Anticipated days and hours of work per week * | | | | | | 7. Hourly work schedule * |
|---|---|---|---|---|---|---|
| 57 | **a. Total Hours** | 9.5 | c. Monday | 9.5 | e. Wednesday | 9.5 | g. Friday |

6. Anticipated days and hours of work per week *

| 57 | **a. Total Hours** | 9.5 | c. Monday | 9.5 | e. Wednesday | 9.5 | g. Friday |
|---|---|---|---|---|---|---|---|
| 0 | b. Sunday | 9.5 | d. Tuesday | 9.5 | f. Thursday | 9.5 | h. Saturday |

7. Hourly work schedule *
a. 7 : 00  ☒ AM ☐ PM
b. 4 : 30  ☐ AM ☒ PM

**Temporary Agricultural Services and Wage Offer Information**

8a. Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

Job requires the operation of custom harvesting machines and field machinery to harvest a variety of crops. A CDL is not required for operators of harvest machinery. Employees will also be driving semi trucks to transport products from fields to dairies and storage areas which does require a CDL. Duties also include performing mechanical repairs and maintenance to harvest equipment and semi trucks and trailers; manual labor including but not limited to duties such as pressure washing equipment, changing tires, performing daily truck and vehicle inspection safety reports and checks, sweeping, and cleaning work areas; and employees must follow company safety policies and procedures. Employees must have or be able to obtain a drivers license within 30 days of hire; have 6 months of harvest equipment operating experience; have 6 months of accident free tractor/trailer operation; and basic English literacy, reading, and math skills. Increases or bonuses may be possible based on experience and merit.

| 8b. Wage Offer * | 8c. Per * | 8d. Piece Rate Offer § | 8e. Piece Rate Units/Special Pay Information § |
|---|---|---|---|
| $ 16 . 47 | ☒ HOUR ☐ MONTH | $ ___.___ | |

| 9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities and wage offers attached to this job offer? * | ☒ Yes ☐ No |
|---|---|

10. Frequency of Pay. *  ☐ Weekly  ☒ Biweekly  ☐ Monthly  ☐ Other (specify): N/A

11. State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
see addendum C

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**B.  Minimum Job Qualifications/Requirements**

1.  Education: minimum U.S. diploma/degree required. *
☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or Higher  ☐ Other degree (JD, MD, etc.)

| 2.  Work Experience: number of <u>months</u> required. * | 6 | 3.  Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4.  Basic Job Requirements (check all that apply) *

☑ a.  Certification/license requirements
☑ b.  Driver requirements
☐ c.  Criminal background check
☐ d.  Drug screen
☑ e.  Lifting requirement _80_____ lbs.

☑ g.  Exposure to extreme temperatures
☑ h.  Extensive pushing or pulling
☐ i.  Extensive sitting or walking
☑ j.  Frequent stooping or bending over
☑ k.  Repetitive movements

| 5a.  Supervision: does this position supervise the work of other employees? * | ☐ Yes  ☑ No | 5b.  If "Yes" to question 5a, enter the number of employees worker will supervise. **§** | |
|---|---|---|---|

6.  Additional Information Regarding Job Qualifications/Requirements.
*(Please begin response on this form and use Addendum C if additional space is needed.  If no additional skills or requirements, enter "**NONE**" below)* *
See Addendum C

**C.  Place of Employment Information**

1.  Address/Location *
4055 CR K

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Hartley | Texas | 79044 | Hartley |

6.  Additional Place of Employment Information  *(If no additional information, enter "**NONE**" below)* *
NONE

| 7.  Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

**D.  Housing Information**

1.  Housing Address/Location *
806 West 7th St

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Dalhart | Texas | 79022 | Dallam |

| 6.  Type of Housing *  Rental homes | 7.  Total Units *  9 | 8.  Total Occupancy *  15 |
|---|---|---|

| 9.  Housing complies or will comply with the following applicable standards: * | ☑ Local  ☐ State  ☑ Federal |
|---|---|

10.  Additional Housing Information.  *(If no additional information, enter "**NONE**" below)* *
From Dalhart go northwest on Railroad St toward E 7th St then turn left onto E 7th St and houses will be on the right. These rental homes have been reserved for 01/01/2022 through 12/31/2022. Apartments 10, 12, 18, 27, 30, 42, 48, 52, and 62.

| 11.  Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☑ Yes  ☐ No |
|---|---|

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## E. Provision of Meals

1. Describe <u>how</u> the employer will provide each worker with 3 meals a day or furnish free and convenient cooking and kitchen facilities. * *(Please begin response on this form and use Addendum C if additional space is needed.)*

The employer will provide, without charge or deposit, free and convenient kitchen and cooking facilities to prepare meals. The workers will be allowed time to drive themselves or will be transported to a store or market to purchase their own food and cooking supplies. This house contains a refrigerator, stove, oven, and operational sink with hot and cold water under pressure. In the event that the workers are unable to prepare meals at the housing location, the employer will provide three sufficient meals a day free of charge.

| 2. If meals are provided, the employer: * | ☑ **WILL NOT** charge workers for such meals. |
| | ☐ **WILL** charge workers for such meals at $ \_\_\_\_\_ . \_\_\_\_ per day per worker. |

## F. Transportation and Daily Subsistence

1. Describe the terms and arrangement for daily transportation the employer will provide to workers. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

The employer will provide transportation to the worker from the employer provided housing to the work site at no cost to the worker.

2. Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (i.e., inbound) and (b) from the place of employment (i.e., outbound). *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

See Addendum C

| 3. During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a. no less than | $ 13 . 17 | per day * |
| | b. no more than | $ 55 . 00 | per day with receipts |

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

**G.  Referral and Hiring Instructions**

1.  Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact
information for the employer, or the employer's authorized hiring representative, methods of contact, and the days and
hours applicants will be considered for the job opportunity. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

Prospective applicants will be considered for employment by contacting the hiring manager and showing proof that
they meet the desired qualifications/ experience. Contact Mary Beauchamp during normal business hours M-F
8am-5pm at (970) 834-2508.

| 2.  Telephone Number to Apply * | 3.  Email Address to Apply * |
|---|---|
| +1 (970) 834-2508 | mary@kbcustomag.com |

| 4.  Website address (URL) to Apply * |
|---|
| N/A |

**H.  Additional Material Terms and Conditions of the Job Offer**

| 1.  Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes   ☐ No |
|---|---|

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

## I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an H-2A *Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR 653, subpart F and the requirements set forth in 20 CFR 655.122. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all worksites for which the employer is requesting H-2A labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide for or secure housing for H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the housing has been inspected and approved.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f).

6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g).

   For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

   A. *Transportation to Place of Employment (Inbound)*

   If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker has come to work for the employer, whether in the U.S. or abroad to the place of employment. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

   B. *Transportation from Place of Employment (Outbound)*

   If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

**Form ETA-790A**                                    **FOR DEPARTMENT OF LABOR USE ONLY**                                    Page 5 of 8

H-2A Case Number: H-300-21357-785172      Case Status: Full Certification      Determination Date: 02/03/2022      Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's worksite to such subsequent employer's worksite, the subsequent employer must provide or pay for such expenses.

The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the 50 percent rule as described in sec. 655.135(d) of this subpart with respect to the referrals made after the employer's date of need. 20 CFR 655.122(h)(2).

C.  *Daily Transportation*

Employer agrees to provide transportation between housing provided or secured by the employer and the employer's worksite(s) at no cost to the worker. 20 CFR 655.122(h)(3).

D.  *Compliance with Transportation Standards*

Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8.  **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CPR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*:  In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9.  **EARNINGS RECORDS**:  Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10.  **HOURS AND EARNINGS STATEMENTS**:  Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

Form ETA-790A                     **FOR DEPARTMENT OF LABOR USE ONLY**                     Page 6 of 8

H-2A Case Number:  H-300-21357-785172    Case Status:  Full Certification    Determination Date:  02/03/2022    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

11. **RATES OF PAY**:  The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), the prevailing hourly wage rate, the prevailing piece rate, the agreed-upon collective bargaining rate, or the Federal or State minimum wage rate, in effect at the time work is performed, whichever is highest.  If the worker is paid by the hour, the employer must pay this rate for every hour or portion thereof worked during a pay period.  If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing hourly wage or piece rate, the legal Federal or State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest.

If the worker is paid on a piece rate basis and at the end of the pay period the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate of pay, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked.  20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof.  If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer assures that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions.  The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order.  The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons.  20 CFR 655.210(g).

12. **FREQUENCY OF PAY**:  Employer agrees to pay workers when due based on the frequency disclosed in this clearance order.  20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**:  If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the Federal Register, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract if the worker fails to show up for work at the regularly scheduled time and place for 5 consecutive work days without the consent of the employer.  20 CFR 655.122(n).

14.    **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the U.S. Department of Labor.  In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination.  The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. 20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's worksite if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's worksite to the subsequent employer's worksite.  20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**: Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**: Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the required terms of this clearance order, including all Addendums, and the certified *H-2A Application for Temporary Employment Certification* will be the work contract. 20 CFR 655.122(q).

Form ETA-790A

**FOR DEPARTMENT OF LABOR USE ONLY**

Page 7 of 8

H-2A Case Number:  H-300-21357-785172     Case Status:  Full Certification     Determination Date:  02/03/2022     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

---

17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

A. Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated date of need, unless the employer has amended the date of need at least 10 business days before the original date of need by so notifying the Order-Holding Office (OHO) in writing (e.g., e-mail notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended date of need expeditiously. 20 CFR 653.501(c)(3)(i).

If there is a change to the anticipated date of need, and the employer fails to notify the OHO at least 10 business days before the original date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated date of need or will provide alternative work if such alternative work is stated on the clearance order. 20 CFR 653.501(c)(5).

B. Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above. 20 CFR 653.501(c)(3)(ii).

C. Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws. 20 CFR 653.501(c)(3)(iii).

D. Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment. 20 CFR 653.501(c)(3)(iv).

E. If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate. 20 CFR 653.501(c)(3)(v).

F. Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107. 20 CFR 653.501(c)(3)(vii).

*I declare under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate. This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job. 20 CFR 653.501(c)(3)(viii). I understand that to knowingly furnish materially false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both. 18 U.S.C. 2, 1001.*

| 1. Last (family) name *  Beauchamp | 2. First (given) name *  Mary | 3. Middle initial § |
|---|---|---|
| 4. Title *  Director of Business | | |
| 5. Signature (or digital signature) *  Digital Signature Verified and Retained By  *Certifying Officer* | | 6. Date signed *  1/3/2022 |

**Employment Service Statement**

In view of the statutorily established basic function of the Employment Service (ES) as a no-fee labor exchange, that is, as a forum for bringing together employers and job seekers, neither the Department of Labor's Employment and Training Administration (ETA) nor the SWAs are guarantors of the accuracy or truthfulness of information contained on job orders submitted by employers. Nor does any job order accepted or recruited upon by the ES constitute a contractual job offer to which the ETA or a SWA is in any way a party. 20 CFR 653.501(c)(1)(i).

**Public Burden Statement** *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average .63 hours per response for all information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing, reviewing, and submitting the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (44 U.S.C. 3501, Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Employment and Training Administration, Office of Foreign Labor Certification, 200 Constitution Ave., NW, Suite PPII 12-200, Washington, DC, 20210. (Paperwork Reduction Project OMB 1205-0466). DO NOT send the completed application to this address.

---

**Form ETA-790A**          **FOR DEPARTMENT OF LABOR USE ONLY**          Page 8 of 8

H-2A Case Number: H-300-21357-785172   Case Status: Full Certification   Determination Date: 02/03/2022   Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum A
**U.S. Department of Labor**



### A.9. Additional Crop or Agricultural Activities and Wage Offer Information

| Crop ID | Crop or Agricultural Activity | Wage Offer | Per | Piece Rate Units/Special Pay Information |
|---|---|---|---|---|
| | Wheat , corn, sorghum | $ 16 . 47 | Hour | TX $13.88, KS $16.47, CO $15.58 AEWR. Pay rate of state in which KB Custom Ag Services is operating and the worker is assigned. |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |

Page A.1 of A.1

**Form ETA-790A Addendum A**                     **FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172    Case Status: Full Certification    Determination Date: 02/03/2022    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| KB Custom Ag Services LLC | 4055 CR K<br>Hartley, Texas 79044<br>HARTLEY | none | 3/1/2022 | 3/2/2022 | 285 |
| Agrivision FM/Natural PrarieDairy/Northside Farms | 811 US Hwy 87<br>Hartley, Texas 79044<br>HARTLEY | none | 3/2/2022 | 12/27/2022 | 135 |
| Morning Star Dairy | 801 FM 694<br>Dalhart, Texas 79022<br>DALLAM | none | 3/2/2022 | 12/27/2022 | 40 |
| High Plains Ponderosa Dairy | 2042 V Rd<br>Plains, Kansas 67869<br>MEADE | none | 3/2/2022 | 12/27/2022 | 20 |
| Five Rivers Ranch Cattle Feeding | 22777 W CR 31<br>LaSalle, Colorado 80645<br>WELD | none | 5/15/2022 | 10/15/2022 | 10 |
| Faria Brothers Dairy | 5601 FM 281<br>Dumas, Texas 79029<br>MOORE | none | 3/2/2022 | 12/27/2022 | 80 |
| KB Custom Ag Services LLC | 4055 CR K<br>Hartley, Texas 79044<br>HARTLEY | none | 12/27/2022 | 12/28/2022 | 285 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Form ETA-790A Addendum B**

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172    Case Status: Full Certification    Determination Date: 02/03/2022    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## D. Additional Housing Information

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Applicable Housing Standards * |
|---|---|---|---|---|---|
| Rental Apartments | 701 Peach Ave<br>Dalhart, Texas 79022<br>DALLAM | From Dalhart head northwest on Railroad St toward E 7th St then turn left onto E 7th St then left onto Peach St and the destination is on the left. | 12 | 72 | ☑ Local<br>☑ State<br>☑ Federal |
| Hotel | 320 North Broadway<br>Dimmitt, Texas 79027<br>CASTRO | From Dimmitt head west on E Bedford St toward S Broadway then turn right at the first cross street onto N Broadway and the destination is on the right. | 15 | 30 | ☑ Local<br>☑ State<br>☑ Federal |
| Hotel | 485 S Elm Rd<br>Eaton, Colorado 80615<br>WELD | Rooms are reserved from 05/15/2021 through 10/15/2021. From Eaton head east on Colorado Parkway toward US-85 S then turn left at the first cross street onto US-5 N then right at the second cross street onto E Collins St then right onto Harsh Rd. | 5 | 10 | ☑ Local<br>☑ State<br>☑ Federal |
| Rental Apartments | 239 W Pancake Blvd<br>Liberal, Kansas 67901<br>SEWARD | Rooms are reserved for 03/01/2021 through 12/31/2021. From Liberal head south on N Washington Ave toward E 5th St and turn right onto E 2nd St then left onto S Kansas Ave then turn right onto W Pancake Blvd and destination is on the right. | 15 | 35 | ☑ Local<br>☑ State<br>☑ Federal |
| Motel | 711 Olive Ave<br>Dalhart, Texas 79022<br>DALLAM | These rooms are reserved 03/01/2021 through 01/01/2022. From the intersection of US-87 and US-54 in Dalhart, head southwest on Liberal St toward Rock Island Ave. In 381 ft, Liberal St turns slightly left and becomes Denver. In 0.4 miles, turn right onto E 7th St. In 0.4 miles, turn left onto Olive Ave. In 335 ft, the motel will be on the left. | 30 | 80 | ☑ Local<br>☑ State<br>☑ Federal |
| Hotel | 918 Liberal St<br>Dalhart, Texas 79044<br>DALLAM | Rooms are reserved for 03/01/2021 through 12/31/2021. From the intersection of US-87 and US-54 in Dalhart, TX, head northeast on US-54 E/Liberal St toward E 1st St for 0.6 miles. The Regency Inn Dalhart will be on the right. | 10 | 20 | ☑ Local<br>☑ State<br>☑ Federal |
| Motel | 722 E. Pancake Blvd<br>Liberal, Kansas 67901<br>SEWARD | Rooms are reserved for 03/01/2021 through 12/31/2021. From the intersection of US-83 and US-54 in Liberal, KS, head southwest on E Pancake Blvd toward Leslie St for 0.2 miles. The destination will be on the left. | 20 | 40 | ☑ Local<br>☑ State<br>☑ Federal |
| Motel | 403 Tanglewood Rd<br>Dalhart, Texas 79044<br>DALLAM | | 43 | 86 | ☑ Local<br>☑ State<br>☑ Federal |
| Rental Apartments | 1629 Osage Trail<br>Dalhart, Texas 79044<br>DALLAM | | 1 | 3 | ☑ Local<br>☑ State<br>☑ Federal |
| Rental Trailer | 503 Tennesse Ave<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local<br>☑ State<br>☑ Federal |

Page B.2 of B.3

FOR DEPARTMENT OF LABOR ONLY

Case Status: Full Certification   Determination Date: 02/03/2022   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

## D. Additional Housing Information

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Applicable Housing Standards * |
|---|---|---|---|---|---|
| Rental Trailer | #10 McKenzie Ave<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local<br>☑ State<br>☑ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |
| | | | | | ☐ Local<br>☐ State<br>☐ Federal |

Page B.3 of B.3

**Form ETA-790A Addendum B**
**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172     Case Status: Full Certification     Determination Date: 02/03/2022     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

a. Job Offer Information 1

| 1.  Section/Item Number * | B.6 | 2.  Name of Section or Category of Material Term or Condition * | Additional Information Regarding Job Qualifications/Requirements |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

A CDL is not required for operators of harvest machinery. Employees will also be driving semi trucks to transport products from fields to dairies and storage areas which does require a CDL. Employees must follow company safety policies and procedures. Employees must have or be able to obtain a drivers license within 30 days of hire; have 6 months of harvest equipment operating experience; have 6 months of accident free tractor/trailer operation; and basic English literacy, reading, and math skills.

b. Job Offer Information 2

| 1.  Section/Item Number * | F.2 | 2.  Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - undefined |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

After worker has completed 50% of the work contract period, employer will reimburse worker for the cost of transportation and subsistence from the place of recruitment to the place of employment.  Upon completion of the work contract, employer will pay reasonable costs of return transportation and subsistence from the place of employment to the place of recruitment, except when the worker will not be returning to the place of recruitment due to subsequent employment with another employer who agrees to pay such costs, in which case the employer will only pay for the transportation and subsistence to the next job. Travel reimbursement subsistence will be paid at the minimum stated amount without receipts, and up to the maximum stated amount with proof of costs with receipts. The amount of the transportation payment will be equal to the most economical and reasonable similar common carrier transportation charges for the distance involved. Workers who voluntarily quit or are terminated for cause prior to completing 50% of the contract period will be required to reimburse the employer for the full amounts of transportation and subsistence which were advanced and/or reimbursed to the worker.

Page C.1 of C.4

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172        Case Status: Full Certification        Determination Date: 02/03/2022        Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

c. Job Offer Information 3

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - undefined |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will make all deductions required by law (e.g., federal/state tax withholdings, court ordered child support, etc.). If workers voluntarily and explicitly authorize the employer in writing, the employer may deduct income taxes from H-2A worker wages. When explicitly authorized by the worker in writing, the cost of elected healthcare benefits; reimbursement of approved cash advances; retirement plan contributions; cell phone, cable/satellite TV, internet or other service(s) for workers' benefit and convenience may be deducted from workers' pay. Employer may charge reasonable costs for lost, replacement, or damaged tools, equipment, or property or fines for acts committed by the worker on the road while driving an employer provided vehicle, and he or she is at fault. To make long distance phone calls, workers must obtain express written authorization from the employer. By making long distance phone calls, workers consent for the employer to deduct the cost of such calls from the workers' pay. Reasonable repair costs for damage to housing beyond normal wear and tear, if worker is found to have been responsible for such damage, may be deducted from payroll of worker for such damage.

d. Job Offer Information 4

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Attendance and Work Schedule |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

**All job requirements and Work Rules provided in this contract provide guidance to workers regarding acceptable conduct standards. These rules are not intended to be comprehensive. Violation of any lawful, job-related employer requirements are grounds for disciplinary action, up to and including immediate termination at the employer?s discretion. **

Workers will report to work at the specified time and place as directed by the employer each day and must be able and willing to perform. Excessive tardiness or absences is not permitted. Excessive tardiness is defined as unexcused arrival for work after the regularly scheduled time for five unexcused days within a 30-day period or late arrival for three consecutive days. Excessive absence is defined as 5 days of unexcused absence within a 30-day period or three consecutive days of unexcused absence. Workers must report any absence from work prior to the scheduled start time. Due to conditions outside of the employer?s control such as weather, crop condition, etc., workers should expect occasional periods of little or no work any time throughout the contract period. Workers may not extend/abuse work breaks to use sanitation facilities including toilet and hand washing facilities.

Page C.2 of C.4

Form ETA-790A Addendum C    FOR DEPARTMENT OF LABOR USE ONLY

H-2A Case Number: H-300-21357-785172    Case Status: Full Certification    Determination Date: 02/03/2022    Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

## H. Additional Material Terms and Conditions of the Job Offer

e. Job Offer Information 5

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Safety |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers must follow all safety rules as instructed by the employer or supervisor. Workers may not report for work under the influence of alcohol or illegal drugs. Workers may not possess, use, manufacture, or sell illegal drugs. Workers must handle all work-related materials with care to avoid injury or damage, use toilet and hand washing facilities and practice good personal hygiene, raise safety and health concerns with the employer, inform the employer or supervisor immediately in the event of an injury, and drink water often on hot days to ensure adequate hydration while working. Workers may not enter the employer?s premises without authorization, except the housing location assigned to the workers. Workers may not harass, threaten, intimidate, coerce or otherwise interfere with the performance of fellow employees. Behavior or actions that create an intimidating or hostile work environment will result in immediate disciplinary action. Throwing objects or engaging in scuffling or fighting on the employer?s premises may result in immediate termination. Use of personal electronic devices is generally not permitted during work hours. Workers may not possess, carry, or use any dangerous or deadly weapon. Violation of any safety rules could result in immediate termination.

f. Job Offer Information 6

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Additional Work Rules |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers must be present at the scheduled start time at their assigned worksite. Work may not be performed by the workers prior to the scheduled start time and may not be performed after the scheduled stoppage of work on any workday without express consent from the employer. Workers may not remove, damage, or amend any employer notices/posters that are required by federal or state law. Workers may not operate or use any equipment that has not been specifically assigned to them. Personal use of vehicles or other property is permitted only if workers have express permission from the employer. Workers must follow all instructions from the employer or supervisors. Workers may not leave the assigned work area during work hours without the employer?s permission. Workers may not take unauthorized breaks from work, except to use of toilet, field sanitation facilities, or to obtain drinking water. Workers may not waste time, sleep, or other delay work during work hours. Workers may not perform careless/sloppy work. Workers performing careless/sloppy work may be suspended from work for up to two work days, depending on the severity of the infraction or other factors. Workers may not interfere with the performance of fellow workers, steal from fellow workers, deliberately restrict production of or damage products, or abuse or destroy any employer property. Workers must report any damage to or breakdown of equipment or tools to the employer or supervisor.

Page C.3 of C.4

**Form ETA-790A Addendum C**

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172    Case Status: Full Certification    Determination Date: 02/03/2022    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 8/31/2022

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

g. Job Offer Information 7

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - EMPLOYER PROVIDED HOUSING |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer possesses and controls employer-provided housing at all times. Workers may not have guests in employer provided housing after 11:00 PM, except on Saturdays when guest may not stay past 12:00 midnight. Individuals other than the workers may not sleep in the employer-provided housing. Workers must keep employer-provided living quarters, common areas, and kitchen and cooking facilities clean, neat, and in good repair, with the exception of normal wear and tear. Workers must report any problems with the assigned living quarters to the employer immediately upon discovery. Workers may not separate, disassemble, or move beds. Workers may not cook in non-kitchen areas in employer-provided housing. Workers may not leave trash in the fields, housing premises, or other work areas. Trash should be disposed of in the proper waste repositories, which must otherwise remain lidded. Workers and guests may not engage in illegal activities on employer?s premises. Workers may not interrupt or interfere with other workers? rest/sleep periods with excessive or unnecessary noise or commotion. Employer reserves the right to enter the housing at any time. Random inspections may be performed to ensure that housing is properly maintained to applicable standards. Upon termination of employment or end of contract, workers must leave employer-provided housing.

h. Job Offer Information 8

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Job Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Truck Drivers are dispatched daily by the Operations Manager or their Crew Leader, with instructions and directions to the field they will report to each day. Before leaving for the field, Truck Drivers are required to complete a Daily Vehicle Inspection Report, where they will check both semi trucks and forage trailers for any safety or maintenance issues. As the majority of driving is in rough fields and on dirt roads, truck drivers are encouraged to complete a walk around of equipment several times a day to check for flat tires, broken tail lights, or any other safety concerns that could occur (as a result of flying rocks from dirt roads, etc) Truck drivers drive to a customer field, where their trailers are loaded while driving alongside a forage harvester, in the field. Drivers are loaded in the field, and then deliver the product to the customer?s storage facility. Drivers then return to the field for their next load. Truck drivers will record every load hauled on a ?Load Sheet?, which is submitted to their crew leader at the end of each day. Truck drivers may also be assigned to various jobs such as power washing equipment, tire changing, sweeping or cleaning shop and work areas, cleaning equipment, and minor maintenance on trucks and trailers. Truck drivers must possess a valid CDL, with at least six months of driving experience.

Page C.4 of C.4

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-21357-785172    Case Status: Full Certification    Determination Date: 02/03/2022    Validity Period: _____ to _____

# EXHIBIT 2

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## A. Job Offer Information

| | |
|---|---|
| **1. Job Title \*** | **Agricultural Equipment Operator** |

| 2. Workers Needed \* | a. Total | b. H-2A Workers | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 375 | 375 | 3. First Date \* 3/1/2023 | 4. Last Date \* 12/28/2023 |

5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? \*
If "Yes", proceed to question 8. If "No", complete questions 6 and 7 below.  ☐ Yes  ☒ No

6. Anticipated days and hours of work per week *(an entry is required for each box below)* \*

| 57 | **a. Total Hours** 9.5 | c. Monday 9.5 | e. Wednesday 9.5 | g. Friday |
|---|---|---|---|---|
| 0 | b. Sunday 9.5 | d. Tuesday 9.5 | f. Thursday 9.5 | h. Saturday |

7. Hourly Work Schedule \*
a. 7 : 00  ☒ AM  ☐ PM
b. 4 : 30  ☐ AM  ☒ PM

**Temporary Agricultural Services and Wage Offer Information**

8a. Job Duties - Description of the specific services or labor to be performed. \*
*(Please begin response on this form and use Addendum C if additional space is needed.)*

Job requires the operation of custom harvesting machines and field machinery to harvest a variety of crops. A CDL is not required for operators of harvest machinery. Employees will also be driving semi trucks to transport products from fields to dairies and storage areas which does require a CDL. Duties also include performing mechanical repairs and maintenance to harvest equipment and semi trucks and trailers; manual labor including but not limited to duties such as pressure washing equipment, changing tires, performing daily truck and vehicle inspection safety reports and checks, welding, sweeping, and cleaning work areas; and employees must follow company safety policies and procedures. Employees must have or be able to obtain a drivers license within 30 days of hire; have 6 months of harvest equipment operating experience; and have 6 months of accident free tractor/trailer operation. There are few typical days and workers may be required to change duties and/or locations often and engage in various general functions. Daily duties may vary depending on crop, weather, and field conditions. The employer reserves the right to increase workers' pay or provide bonuses based on tenure, performance, or other factors that are solely based on the discretion of the employer.

| 8b. Wage Offer \* | 8c. Per \* | 8d. Piece Rate Offer § | 8e. Piece Rate Units / Estimated Hourly Rate / Special Pay Information § |
|---|---|---|---|
| $ 17 . 33 | ☒ HOUR ☐ MONTH | $ _____.___ | |

9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? \*   ☒ Yes  ☐ N/A

10. Frequency of Pay: \*   ☐ Weekly  ☒ Biweekly  ☐ Other (specify): N/A

11. State all deduction(s) from pay and, if known, the amount(s). \*
*(Please begin response on this form and use Addendum C if additional space is needed.)*
see addendum C

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**B. Minimum Job Qualifications/Requirements**

1. Education: minimum U.S. diploma/degree required. *
☑ None ☐ High School/GED ☐ Associate's ☐ Bachelor's ☐ Master's or higher ☐ Other degree (JD, MD, etc.)

| 2. Work Experience: number of <u>months</u> required. * | 6 | 3. Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4. Basic Job Requirements (check all that apply) **§**

☑ a. Certification/license requirements         ☑ f. Exposure to extreme temperatures
☑ b. Driver requirements                        ☑ g. Extensive pushing or pulling
☑ c. Criminal background check                  ☑ h. Extensive sitting or walking
☑ d. Drug screen                                ☑ i. Frequent stooping or bending over
☑ e. Lifting requirement _50_ lbs.              ☑ j. Repetitive movements

| 5a. Supervision: does this position supervise the work of other employees? * | ☐ Yes ☑ No | 5b. If "Yes" to question 5a, enter the number of employees worker will supervise. **§** | |
|---|---|---|---|

6. Additional Information Regarding Job Qualifications/Requirements. *
*(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "NONE" below)*

See Addendum C

**C. Place of Employment Information**

1. Place of Employment Address/Location *
4055 CR K

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Hartley | Texas | 79044 | Hartley |

6. Additional Place of Employment Information. *(If no additional information, enter "NONE" below)* *
NONE

| 7. Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes ☐ N/A |
|---|---|

**D. Housing Information**

1. Housing Address/Location *
504 Maynard St

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Dalhart | Texas | 79022 | Dallam |

| 6. Type of Housing *(check only one)* * ☑ Employer-provided (including mobile or range)  ☐ Rental or public | 7. Total Units * 2 | 8. Total Occupancy * 10 |
|---|---|---|

9. Identify the entity that determined the housing met all applicable standards: *
☑ Local authority   ☐ SWA   ☐ Other State authority   ☑ Federal authority   ☐ Other (specify): _____

10. Additional Housing Information. *(If no additional information, enter "NONE" below)* *
NONE

| 11. Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☑ Yes ☐ N/A |
|---|---|

**Form ETA-790A**                    FOR DEPARTMENT OF LABOR USE ONLY                    Page 2 of 8

H-2A Case Number: H-300-22355-653221   Case Status: Full Certification   Determination Date: 03/02/2023   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



---

## E.  Provision of Meals

1.  Describe <u>how</u> the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*

The employer will provide, without charge or deposit, free and convenient kitchen and cooking facilities to prepare meals. The workers will be allowed time to drive themselves or will be transported to a store or market to purchase their own food and cooking supplies. Employer provided housing contains a refrigerator, stove, oven, and operational sink with hot and cold water under pressure. In the event that the workers are unable to prepare meals at the housing location, the employer will provide three sufficient meals a day free of charge.

All of the housing locations in Dalhart are furnished with free and convenient cooking and kitchen facilities for the workers to use at their convenience. Attached a list of the restaurants that have been used to provide meals to team members while lodging in hotels outside of the Dalhart area and will be available for use again.

| 2.  The employer: * | ☑ **WILL NOT** charge workers for meals. | | |
|---|---|---|---|
| | ☐ **WILL** charge each worker for meals at | $ \_\_\_\_\_ . \_\_\_\_\_ | per day, if meals are provided. |

## F.  Transportation and Daily Subsistence

1.  Describe the terms and arrangements for daily transportation the employer will provide to workers. *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*

see addendum C.

2.  Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (*i.e.*, inbound) and (b) from the place of employment (*i.e.*, outbound). *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*

see addendum C

| 3.  During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a.  no less than | $ 15 . 46 | per day * |
|---|---|---|---|
| | b.  no more than | $ 59 . 00 | per day with receipts |

## G.  Referral and Hiring Instructions

Form ETA-790A                **FOR DEPARTMENT OF LABOR USE ONLY**                Page 3 of 8

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 1. Explain _how_ prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. * |
|---|
| *(Please begin response on this form and use Addendum C if additional space is needed.)* |
| See Addendum C |

| 2. Telephone Number to Apply * | 3. Extension § | 4. Email Address to Apply * |
|---|---|---|
| +1 (970) 834-2508 | N/A | mary@kbcustomag.com |

| 5. Website Address (URL) to Apply * |
|---|
| N/A |

**H. Additional Material Terms and Conditions of the Job Offer**

| 1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes ☐ No |
|---|---|

**I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders**

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an _H-2A Application for Temporary Employment Certification_ for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   _Request for Conditional Access to Intrastate or Interstate Clearance System_: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).

---

**Form ETA-790A**

**FOR DEPARTMENT OF LABOR USE ONLY**

Page 4 of 8

H-2A Case Number: H-300-22355-653221   Case Status: Full Certification   Determination Date: 03/02/2023   Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g). When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by the FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

    A. *Transportation to Place of Employment (Inbound)*

    If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

    B. *Transportation from Place of Employment (Outbound)*

    If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker came, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

    If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

    The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

    C. *Daily Transportation*

    Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

    D. *Compliance with Transportation Standards*

    Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8. **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. A worker will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

**Form ETA-790A**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page 5 of 8

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY**: Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

**Form ETA-790A**               **FOR DEPARTMENT OF LABOR USE ONLY**               Page 6 of 8

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment.  20 CFR 655.122(h)(2).

15.  **DEDUCTIONS FROM WORKER'S PAY**:  Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employer fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16.  **DISCLOSURE OF WORK CONTRACT**:  Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B.  20 CFR 655.122(q).

17.  **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

A.  Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification).  The employer understands that it is the responsibility of the SWA to have a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously.  20 CFR 653.501(c)(3)(i).

If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order.  20 CFR 653.501(c)(5).

B.  Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above.  20 CFR 653.501(c)(3)(ii).

C.  Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws.  20 CFR 653.501(c)(3)(iii).

D.  Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment.  20 CFR 653.501(c)(3)(iv).

E.  If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate.  20 CFR 653.501(c)(3)(v).

F.  Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107.  20 CFR 653.501(c)(3)(vii).

*I* **declare** *under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate.  This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job.  20 CFR 653.501(c)(3)(viii).  I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both.  18 U.S.C. §§ 2, 1001.*

| 1.  Last (family) name *<br>Beauchamp | 2.  First (given) name *<br>Mary | 3.  Middle initial §<br> |
|---|---|---|

| 4.  Title *<br>Director of Business |
|---|

| H-2A Case Number: H-300-22355-653221 | Case Status: Full Certification | Determination Date: 03/02/2023 | Validity Period: _____ to _____ |
|---|---|---|---|

*OMB Approval:* 1205-0466
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 5.  Signature  (or digital signature) * | | 6.  Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 1/3/2023 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 8 of 8

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum A
**U.S. Department of Labor**



**A.9. Additional Crop or Agricultural Activities and Wage Offer Information**

| Crop ID | Crop or Agricultural Activity | Wage Offer | Per | Piece Rate Units / Estimated Hourly Rate / Special Pay Information |
|---|---|---|---|---|
| | Wheat , corn, sorghum, hay, barley | $ 17 . 33 | Hour | TX AEWR for duties performed in this state $14.97<br>KS AEWR for duties performed in this state $17.33<br>MO AEWR for duties performed in this state $17.54<br>CO AEWR for duties performed in this state $16.34 |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |
| | | $ ____ . ____ | | |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Page A.1 of A.1

H-2A Case Number: H-300-22355-653221     Case Status: Full Certification     Determination Date: 03/02/2023     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| KB Custom Ag Services LLC | 3730 CR I Hartley, Texas 79044 HARTLEY | $14.87 AEWR | 3/1/2023 | 3/2/2023 | 375 |
| Dalhart Jersey Ranch | 1550 Fm 1727 Dalhart , Texas 79022 HARTLEY | $14.87 AEWR | 3/2/2023 | 12/27 /2023 | 40 |
| Agrivision FM, Natural Prarie Dairy, Northside Farms, Jersey Gold | 811 US Hwy 87 Hartley, Texas 79044 HARTLEY | also located in Hansford and Ochiltree counties $14.87 AEWR | 3/2/2023 | 12/27 /2023 | 125 |
| Larsen Farms | 12295 CR 11 Dalhart, Texas 79022 HARTLEY | $14.87 AEWR | 3/2/2023 | 12/27 /2023 | 50 |
| SKB Farms | 12708 FM 760 Spearman, Texas 79081 HANSFORD | $14.87 AEWR | 4/1/2023 | 12/27 /2023 | 10 |
| Heifer Source | 13750 Blue Bell Rd Liberal, Kansas 67901 SEWARD | $17.33 AEWR | 4/1/2023 | 12/27 /2023 | 20 |
| Wolf Creek Feedyard | 13352 FM 2711 Perryton, Texas 79070 OCHILTREE | $14.87 AEWR | 4/1/2023 | 12/27 /2023 | 10 |
| LaBelle Dairy | 14014 255th St La Belle, Missouri 63447-2126 LEWIS | $17.54 AEWR | 4/15/2023 | 11/30 /2023 | 20 |
| TMC Dairies | 3105 Mesquite Dr Dalhart, Texas 79022 HARTLEY | $14.87 AEWR | 4/1/2023 | 11/15 /2023 | 20 |
| High Plains Ranch | 12225 E Hwy 160 Ulysses, Kansas 67880 GRANT | $17.33 AEWR | 4/15/2023 | 11/30 /2023 | 20 |

## D. Additional Housing Information

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Bella Holsteins | 13278 CR 32 Platteville, Colorado 80651 WELD | $16.34 AEWR | 5/1/2023 | 10/31/2023 | 10 |
| VB Ranch, White River Ranch | 2702 CR 519 Hart, Texas 79043 CASTRO | $14.87 AEWR | 4/1/2023 | 11/30 /2023 | 20 |
| Morning Star Dairy | 801 FM 694 Dalhart, Texas 79022 HARTLEY | $14.87 AEWR | 3/2/2023 | 12/27 /2023 | 50 |
| High Plains Ponderosa Dairy | 2042 V Rd Plains, Kansas 67869 MEADE | $17.33 AEWR | 3/2/2023 | 12/27 /2023 | 60 |
| Front Range Dairy, Eagle View Dairy | 9602 CR 20 Fort Lupton, Colorado 80621 WELD | $16.34 AEWR | 5/15/2023 | 10/15 /2023 | 15 |
| Faria Brothers Dairy | 5601 FM 281 Dumas, Texas 79029 MOORE | worksite is also located in Dalhart and Castro counties $14.87 AEWR | 3/2/2023 | 12/27 /2023 | 50 |
| T&K Dairy | 3300 CR 461 Sydney, Texas 79549 SCURRY | $14.87 AEWR | 6/1/2023 | 11/30 /2023 | 15 |
| McCarty Dairy | 2231 CR 31 Rexford, Kansas 67753 THOMAS | $17.33 AEWR | 5/1/2023 | 12/27 /2023 | 40 |
| Lusk Farms | 11907 E Airport Rd Dalhart, Texas 79022 HARTLEY | $14.87 AEWR | 9/15/2023 | 11/30 /2023 | 25 |
| CSS Farms | 2325 US Hwy 54 Dalhart, Texas 79022 HARTLEY | $14.87 AEWR | 9/15/2023 | 11/30 /2023 | 25 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.2 of B.8

H-2A Case Number: H-300-22355-653221          Case Status: Full Certification          Determination Date: 03/02/2023          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



### C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Kuiper Dairy | 1865 PR 1233<br>Hico, Texas 76457<br>HAMILTON | $14.87 AEWR | 5/1/2023 | 10/31/2023 | 15 |
| Dimmit Feed Yard | 1380 US Hwy 385<br>Dimmitt, Texas 79027<br>CASTRO | $14.87 AEWR | 5/1/2023 | 11/30/2023 | 8 |
| KB Custom Ag Services LLC | 3730 CR I<br>Hartley, Texas 79044<br>HARTLEY | $14.87 AEWR | 12/27/2023 | 12/28/2023 | 375 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### D. Additional Housing Information

**Form ETA-790A Addendum B**

FOR DEPARTMENT OF LABOR USE ONLY

Page B.3 of B.8

H-2A Case Number: H-300-22355-653221        Case Status: Full Certification        Determination Date: 03/02/2023        Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 2912 Mabry Dr<br>Clovis, New Mexico 88101<br>CURRY | 15-20 double rooms, 2 employees per room. 30-40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 747 E Pancake Rd<br>Liberal, Kansas 67901<br>SEWARD | 25-30 double rooms, 50-60 people | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 3505 S Main St<br>Perryton, Texas 79070<br>OCHILTREE | 10 to 15 double rooms, 20 to 30 peopl | 10 | 20 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 800 East Coliseum Dr<br>Snyder, Texas 79549<br>SCURRY | 5 to 10 double rooms 10 to 20 people | 5 | 10 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 209 Liberal St<br>Dalhart, Texas 79022<br>HARTLEY | 15 to 20 double rooms, 30 to 40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-22355-653221     Case Status: Full Certification     Determination Date: 03/02/2023     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br>☑ Rental or public accommodations | 301 Liberal St<br>Dalhart, Texas 79022<br>HARTLEY | 15 to 20 double rooms 30 to 40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br>☐ Rental or public accommodations | 809 West 7th Ave<br>Dalhart, Texas 79022<br>HARTLEY | 14 units at Tascosa Apts<br>7 apts and 2 mobile homes at Sundance Villa | 23 | 43 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br>☐ Rental or public accommodations | 1022 Elm St<br>Dalhart, Texas 79022<br>HARTLEY | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br>☐ Rental or public accommodations | 611 W 11th St<br>Dalhart, Texas 79022<br>HARTLEY | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br>☐ Rental or public accommodations | 2411 FM 281<br>Dalhart, Texas 79022<br>HARTLEY | | 7 | 16 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B      FOR DEPARTMENT OF LABOR USE ONLY      Page B.5 of B.8

H-2A Case Number: H-300-22355-653221     Case Status: Full Certification     Determination Date: 03/02/2023     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ❑ Employer-provided<br><br>☑ Rental or public accommodations | 622 Oak Ave<br>Dalhart, Texas 79022<br>HARTLEY | | 8 | 39 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Ave<br>Dalhart, Texas 79022<br>HARTLEY | 12 units, 48-60 people | 12 | 48 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 922 Olive St<br>Dalhart, Texas 79022<br>HARTLEY | 3-4 people | 1 | 3 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 706 Oak St<br>Dalhart, Texas 79022<br>HARTLEY | 5 to 6 people | 4 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br><br>☑ Rental or public accommodations | 200 S 3rd St<br>Quincy, Illinois 62301<br>ADAMS | 5 to 10 double rooms, 10 to 20 people | 5 | 10 | ☑ Local authority<br>❑ SWA<br>❑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-22355-653221          Case Status: Full Certification          Determination Date: 03/02/2023          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 1925 S Range Ave<br>Colby, Kansas 67701<br>THOMAS | 15 to 20 double rooms, 30 to 40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 2033 W Oklahoma Ave<br>Ulysses, Kansas 57901<br>GRANT | 5 to 10 double rooms, 10 to 20 people | 5 | 10 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 320 N Broadway St<br>Dimmitt, Texas 79027<br>CASTRO | 30 to 35 double rooms, 60 to 70 people | 30 | 60 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 10811 W I-125 Frontage Rd<br>Longmont, Colorado 80504<br>BOULDER | 5 to 10 double rooms, 10 to 20 people | 5 | 10 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 701 Liberal St<br>Dalhart, Texas 79022<br>HARTLEY | 15 to 20 double rooms, 30 to 40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-22355-653221        Case Status: Full Certification        Determination Date: 03/02/2023        Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ❏ Employer-provided<br>☑ Rental or public accommodations | 700 Liberal St<br>Dalhart, Texas 79022<br>HARTLEY | 15-20 double rooms, 30-40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>❏ Other State authority<br>☑ Federal authority<br>❏ Other<br>_____ |
| ❏ Employer-provided<br>☑ Rental or public accommodations | 801 Liberal St<br>Dalhart, Texas 79022<br>HARTLEY | 15-20 double rooms, 30-40 people | 15 | 30 | ☑ Local authority<br>☑ SWA<br>❏ Other State authority<br>☑ Federal authority<br>❏ Other<br>_____ |
| ❏ Employer-provided<br>❏ Rental or public accommodations | | | | | ❏ Local authority<br>❏ SWA<br>❏ Other State authority<br>❏ Federal authority<br>❏ Other<br>_____ |
| ❏ Employer-provided<br>❏ Rental or public accommodations | | | | | ❏ Local authority<br>❏ SWA<br>❏ Other State authority<br>❏ Federal authority<br>❏ Other<br>_____ |
| ❏ Employer-provided<br>❏ Rental or public accommodations | | | | | ❏ Local authority<br>❏ SWA<br>❏ Other State authority<br>❏ Federal authority<br>❏ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum B**    **FOR DEPARTMENT OF LABOR USE ONLY**    Page B.8 of B.8

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*a. Job Offer Information 1*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Additional Information Regarding Job Qualifications/Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

A CDL is not required for operators of harvest machinery. Employees will also be driving semi trucks to transport products from fields to dairies and storage areas which does require a CDL. Employees must follow company safety policies and procedures. Employees must have or be able to obtain a drivers license within 30 days of hire; have 6 months of harvest equipment operating experience; have 6 months of accident free tractor/trailer operation; and basic English literacy, reading, and math skills. Job will require periods when workers may be exposed to varying weather conditions and extensive pushing, pulling, sitting, walking, stooping, bending, or repetitive movements. Random criminal background checks may occur post-hire at the employers expense. These checks may be performed to ensure a safe housing and work environment for all workers.

*b. Job Offer Information 2*

| 1. Section/Item Number * | G.1 | 2. Name of Section or Category of Material Term or Condition * | Referral and Hiring Instructions |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Prospective applicants will be considered for employment by contacting the employer or hiring manager and showing proof that they meet the qualification/experience requirements. All applicants must apply directly to the employer during normal business hours of 8:00 am  4:00 pm. In-person or phone interviews will be required. Applicants must call Mary Beauchamp at 970-834-2508 for an interview. Applicants are NOT to come for an in-person interview unless asked to do so by the employer. Applicants must be able to furnish verbal or written proof establishing prior work experience. References may be contacted by employer to verify work experience. Workers should be notified of terms, conditions and nature of employment by the local employment office prior to referral. This notification will ensure applicants are able to review all information regarding employment, make an informed decision regarding the job, and compliance with disclosure requirements in accordance with 20 CFR  655.122(q). Interstate and Intrastate candidates will be interviewed over the phone.

Compliance screens of workers will be done using the following criteria: 1) confirm availability, qualifications, ability, and willingness to perform work described in work contract/agreement and confirm intention to work the entire season, 2) confirmation of full disclosure of all terms, conditions, and nature of work/job by local employment agency, 3) local workers confirm availability of reliable daily transportation to and from the job site for the entire season. Nonlocal workers confirm availability of transportation to job site to begin work, 4) affirmative confirmation of legal qualifications to work in the US as described below. If employer discovers a criminal conviction record or status as a registered sex offender that employer reasonably believes, consistent with current law, will impair the safety and living conditions of other workers, the employer may terminate the worker (foreign and/or domestic) with notification to OFLC and DHS in accordance with 20 CFR  655.122(n). Workers who are reasonably able to return to their residence within the same day will not be provided with housing, subsistence and transportation.

Employer will only complete the hiring process with workers who posses original identity and employment eligibility documents sufficient to complete USCIS Form I-9, as required by the Immigration Reform and Control Act. This is to ensure that the employer is only hiring workers legally entitled to work in the United States. All new hires must complete the Form I-9, as required by IRCA, prior to their first day of work. Workers that cannot provide this documentation will not be allowed to work until it is provided.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C        FOR DEPARTMENT OF LABOR USE ONLY        Page C.1 of C.5

H-2A Case Number: H-300-22355-653221     Case Status: Full Certification     Determination Date: 03/02/2023     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*c. Job Offer Information 3*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - undefined |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

After worker has completed 50% of the work contract period, employer will reimburse worker for the cost of transportation and subsistence from the place of recruitment to the place of employment. Employee transportation will be arranged to and from their country of origin by either plane, train, bus, taxi service or own vehicle; whichever is most economical. The employer will properly reimburse employees for such travel as defined in 20 CFR 655.122(h). Upon completion of the work contract, employer will pay reasonable costs of return transportation and subsistence from the place of employment to the place of recruitment, except when the worker will not be returning to the place of recruitment due to subsequent employment with another employer who agrees to pay such costs, in which case the employer will only pay for the transportation and subsistence to the next job. Travel reimbursement subsistence will be paid at the minimum stated amount without receipts, and up to the maximum stated amount with proof of costs with receipts. The amount of the transportation payment will be equal to the most economical and reasonable similar common carrier transportation charges for the distance involved. Workers who voluntarily quit or are terminated for cause prior to completing 50% of the contract period will be required to reimburse the employer for the full amounts of transportation and subsistence which were advanced and/or reimbursed to the worker.

*d. Job Offer Information 4*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - undefined |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will make all deductions required by law (e.g., federal/state tax withholdings, court ordered child support, etc.). If workers voluntarily and explicitly authorize the employer in writing, the employer may deduct income taxes from H-2A worker wages. When explicitly authorized by the worker in writing, the cost of elected healthcare benefits; reimbursement of approved cash advances; retirement plan contributions; cell phone, cable/satellite TV, internet or other service(s) for workers' benefit and convenience may be deducted from workers' pay. Employer may charge reasonable costs for lost, replacement, or damaged tools, equipment, or property or fines for acts committed by the worker on the road while driving an employer provided vehicle, and he or she is at fault. To make long distance phone calls, workers must obtain express written authorization from the employer. By making long distance phone calls, workers consent for the employer to deduct the cost of such calls from the workers' pay. Reasonable repair costs for damage to housing beyond normal wear and tear, if worker is found to have been responsible for such damage, may be deducted from payroll of worker for such damage.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*e. Job Offer Information 5*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - undefined |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

**All job requirements and Work Rules provided in this contract provide guidance to workers regarding acceptable conduct standards. These rules are not intended to be comprehensive. Violation of any lawful, job-related employer requirements are grounds for disciplinary action, up to and including immediate termination at the employer's discretion. **

Workers will report to work at the specified time and place each day as directed by the employer and must be able and willing to perform. Excessive tardiness or absences is not permitted. Excessive tardiness is defined as unexcused arrival for work after the regularly scheduled time for five unexcused days within a 30-day period or late arrival for three consecutive days. Excessive absence is defined as 5 days of unexcused absence within a 30-day period or three consecutive days of unexcused absence. Workers must report any absence from work prior to the scheduled start time. Due to conditions outside of the employer's control such as weather, crop condition, etc., workers should expect occasional periods of little or no work any time throughout the contract period. Workers may not extend/abuse work breaks to use sanitation facilities including toilet and hand washing facilities.

*f. Job Offer Information 6*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Safety |

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers must follow all safety rules as instructed by the employer or supervisor. Workers may not report for work under the influence of alcohol or illegal drugs. Workers may not possess, use, manufacture, or sell illegal drugs. Workers must handle all work-related materials with care to avoid injury or damage, use toilet and hand washing facilities and practice good personal hygiene, raise safety and health concerns with the employer, inform the employer or supervisor immediately in the event of an injury, and drink water often on hot days to ensure adequate hydration while working. Workers may not enter the employer's premises without authorization, except the housing location assigned to the workers. Workers may not harass, threaten, intimidate, coerce or otherwise interfere with the performance of fellow employees. Behavior or actions that create an intimidating or hostile work environment will result in immediate disciplinary action. Throwing objects or engaging in scuffling or fighting on the employer's premises may result in immediate termination. Use of personal electronic devices is generally not permitted during work hours. Workers may not possess, carry, or use any dangerous or deadly weapon. Violation of any safety rules could result in immediate termination.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*g. Job Offer Information 7*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Additional Work Rules |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers must be present at the scheduled start time at their assigned worksite. Work may not be performed by the workers prior to the scheduled start time and may not be performed after the scheduled stoppage of work on any workday without express consent from the employer. Workers may not remove, damage, or amend any employer notices/posters that are required by federal or state law. Workers may not operate or use any equipment that has not been specifically assigned to them. Personal use of vehicles or other property is permitted only if workers have express permission from the employer. Workers must follow all instructions from the employer or supervisors. Workers may not leave the assigned work area during work hours without the employer's permission. Workers may not take unauthorized breaks from work, except to use of toilet, field sanitation facilities, or to obtain drinking water. Workers may not waste time, sleep, or other delay work during work hours. Workers may not perform careless/sloppy work. Workers performing careless/sloppy work may be suspended from work for up to two work days, depending on the severity of the infraction or other factors. Workers may not interfere with the performance of fellow workers, steal from fellow workers, deliberately restrict production of or damage products, or abuse or destroy any employer property. Workers must report any damage to or breakdown of equipment or tools to the employer or supervisor.

*h. Job Offer Information 8*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - EMPLOYER PROVIDED HOUSING |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer possesses and controls employer-provided housing at all times. Workers may not have guests in employer provided housing after 11:00 PM, except on Saturdays when guest may not stay past 12:00 midnight. Individuals other than the workers may not sleep in the employer-provided housing. Workers must keep employer-provided living quarters, common areas, and kitchen and cooking facilities clean, neat, and in good repair, with the exception of normal wear and tear. Workers must report any problems with the assigned living quarters to the employer immediately upon discovery. Workers may not separate, disassemble, or move beds. Workers may not cook in non-kitchen areas in employer-provided housing. Workers may not leave trash in the fields, housing premises, or other work areas. Trash should be disposed of in the proper waste repositories, which must otherwise remain lidded. Workers and guests may not engage in illegal activities on employer's premises. Workers may not interrupt or interfere with other workers' rest/sleep periods with excessive or unnecessary noise or commotion. Employer reserves the right to enter the housing at any time. Random inspections may be performed to ensure that housing is properly maintained to applicable standards. Upon termination of employment or end of contract, workers must leave employer-provided housing.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C                **FOR DEPARTMENT OF LABOR USE ONLY**                Page C.4 of C.5

H-2A Case Number: H-300-22355-653221        Case Status: Full Certification        Determination Date: 03/02/2023        Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*i. Job Offer Information 9*

| 1. Section/Item Number * | A.8a | 2. Name of Section or Category of Material Term or Condition * | Job Duties - Job Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Truck Drivers are dispatched daily by the Operations Manager or their Crew Leader, with instructions and directions to the field they will report to each day. Before leaving for the field, Truck Drivers are required to complete a Daily Vehicle Inspection Report, where they will check both semi trucks and forage trailers for any safety or maintenance issues. As the majority of driving is in rough fields and on dirt roads, truck drivers are encouraged to complete a walk around of equipment several times a day to check for flat tires, broken tail lights, or any other safety concerns that could occur (as a result of flying rocks from dirt roads, etc) Truck drivers drive to a customer field, where their trailers are loaded while driving alongside a forage harvester, in the field. Drivers are loaded in the field, and then deliver the product to the customer's storage facility. Drivers then return to the field for their next load. Truck drivers will record every load hauled on a "Load Sheet", which is submitted to their crew leader at the end of each day. Truck drivers may also be assigned to various jobs such as power washing equipment, tire changing, sweeping or cleaning shop and work areas, cleaning equipment, and minor maintenance on trucks and trailers. Truck drivers must possess a valid CDL, with at least six months of driving experience.

*j. Job Offer Information 10*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will provide workers that reside in employer provided or secured housing with transportation from the housing to the worksite daily at no cost to the worker. Daily transportation may be available to employees who do not reside in employer provided housing based on circumstance. Workers in possession of a valid driver's license will drive themselves to work at the beginning of the workday and back to employer provided housing at the end of the workday in an employer provided vehicle. Work vehicles will be provided at the beginning of the contract or upon arrival of the workers, whichever occurs first. 73 vehicles will be used, each with a seating capacity of 5 per truck and 15 per van. Vehicles provided are 60 trucks and 13 passenger vans. Workers will transport themselves to work at the specified time and place each day as directed by the employer. Using these vehicles, workers living in employer provided or secured housing will be allowed to travel to the store once per week to purchase groceries or other personal supplies.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C                **FOR DEPARTMENT OF LABOR USE ONLY**                Page C.5 of C.5

H-2A Case Number: H-300-22355-653221    Case Status: Full Certification    Determination Date: 03/02/2023    Validity Period: _____ to _____

# EXHIBIT 3

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



---

**A.  Job Offer Information**

| | |
|---|---|
| 1.  Job Title * | **CDL Truck Driver** |

| 2.  Workers Needed * | a. Total | b. H-2A Workers | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 310 | 300 | 3.  First Date * 3/1/2024 | 4.  Last Date * 12/28/2024 |

5.  Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *
If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below.      ☐ Yes   ☑ No

| 6.  Anticipated days and hours of work per week *(an entry is required for each box below)* * | | | | | 7.  Hourly Work Schedule * |
|---|---|---|---|---|---|
| 59 | **a.  Total Hours** 9 | c.  Monday 9 | e.  Wednesday 9 | g.  Friday | a.  7 : 00  ☑ AM ☐ PM |
| 5 | b.  Sunday 9 | d.  Tuesday 9 | f.  Thursday 9 | h.  Saturday | b.  4 : 30  ☐ AM ☑ PM |

**Temporary Agricultural Services and Wage Offer Information**

8a.  Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*

Job duties: Driving semi-trucks to transport ag products from fields to dairies and/or dairies and farms to storage areas. Driving semi-truck/tanker/silage trailer combo to transport ag products from dairies to production facilities. For CDL Drivers from Mexico, a Licencia Federal de Conductor (Federal License) CDL is required for the operation of semi trucks.

Manual labor including but not limited to duties such as pressure washing equipment, changing tires, performing daily truck and vehicle inspection safety reports and checks, sweeping, cleaning work areas.

Employees must follow company safety policies and procedures.

6 months of accident-free tractor/trailer operation is required.

Increases or bonuses may be possible based on experience and merit.

| 8b.  Wage Offer * | 8c.  Per * | 8d.  Piece Rate Offer § | 8e.  Piece Rate Units / Estimated Hourly Rate / Special Pay Information § |
|---|---|---|---|
| $ 23 . 89 | ☑ HOUR ☐ MONTH | $ 00 . 00 | N/A |

9.  Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? *      ☐ Yes   ☑ N/A

10.  Frequency of Pay: *   ☐ Weekly   ☑ Biweekly   ☐ Other (specify): N/A

11.  State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See Addendum C

---

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



**B. Minimum Job Qualifications/Requirements**

1. Education: minimum U.S. diploma/degree required. *
   ☒ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or higher  ☐ Other degree (JD, MD, etc.)

2. Work Experience:  number of <u>months</u> required. * [6]     3. Training:  number of <u>months</u> required. * [0]

4. Basic Job Requirements (check all that apply) §
   ☒ a. Certification/license requirements
   ☒ b. Driver requirements
   ☒ c. Criminal background check
   ☒ d. Drug screen
   ☒ e. Lifting requirement  25  lbs.
   ☒ f. Exposure to extreme temperatures
   ☒ g. Extensive pushing or pulling
   ☒ h. Extensive sitting or walking
   ☒ i. Frequent stooping or bending over
   ☒ j. Repetitive movements

5a. Supervision: does this position supervise
    the work of other employees? *     ☐ Yes  ☒ No     5b. If "Yes" to question 5a, enter the number
    of employees worker will supervise. §

6. Additional Information Regarding Job Qualifications/Requirements. *
   *(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "NONE" below)*
   See Addendum C

**C. Place of Employment Information**

1. Place of Employment Address/Location *
   KB Custom Ag Services - 3730 County Road I

| 2. City *<br>Hartley | 3. State *<br>Texas | 4. Postal Code *<br>79044 | 5. County *<br>Hartley |
|---|---|---|---|

6. Additional Place of Employment Information.  *(If no additional information, enter "NONE" below)* *
   Employer owns and/or controls this worksite.
   Employer reserves the right to move workers between worksites as needed.

7. Is a completed **Addendum B** providing additional information on the places of employment and/or
   agricultural businesses who will employ workers, or to whom the employer will be providing workers,
   attached to this job order? *      ☒ Yes  ☐ N/A

**D. Housing Information**

1. Housing Address/Location *
   KB Custom Ag  - 403 Tanglewood

| 2. City *<br>Dalhart | 3. State *<br>Texas | 4. Postal Code *<br>79022 | 5. County *<br>Dallam |
|---|---|---|---|

6. Type of Housing *(check only one)* *
   ☐ Employer-provided        ☒ Rental or public
   (including mobile or range)

7. Total Units * [43]     8. Total Occupancy * [86]

9. Identify the entity that determined the housing met all applicable standards: *
   ☒ Local authority    ☐ SWA    ☒ Other State authority    ☒ Federal authority    ☐ Other (specify): _____

10. Additional Housing Information.  *(If no additional information, enter "NONE" below)* *
    See Addendum C

11. Is a completed **Addendum B** providing additional information on housing that will be provided to
    workers attached to this job order? *      ☒ Yes  ☐ N/A

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



## E. Provision of Meals

1. Describe **how** the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Employer-provided housing includes free and convenient kitchen facilities with appropriate equipment, appliances, cooking accessories, and dishwashing facilities for meal preparation. Workers residing in employer-provided housing will be provided free transportation once per week to/from closest town or city for personal errands (e.g., groceries, banking services). Dining, kitchen/cooking facilities and other common areas are shared by all workers. In the event that kitchen facilities become unavailable during the contract period, employer will provide three daily meals in accordance with 20 CFR 655.122(g). In such circumstances, employer will deduct the cost of such meals up to the maximum allowable amount published in the Federal Register, or as otherwise approved by the U.S. Department of Labor.

| 2. The employer: * | ☐ **WILL NOT** charge workers for meals. | | |
|---|---|---|---|
| | ☑ **WILL** charge each worker for meals at | $ 15 . 46 | per day, if meals are provided. |

## F. Transportation and Daily Subsistence

1. Describe the terms and arrangements for daily transportation the employer will provide to workers. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   See Addendum C

2. Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (*i.e.*, inbound) and (b) from the place of employment (*i.e.*, outbound). *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   See Addendum C

| 3. During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a. no less than | $ 15 . 46 | per day * |
|---|---|---|---|
| | b. no more than | $ 59 . 00 | per day with receipts |

## G. Referral and Hiring Instructions

Form ETA-790A                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 3 of 8

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 1. | Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. *<br>*(Please begin response on this form and use Addendum C if additional space is needed.)* |

Employer accepts referrals/applicants from all sources. Interview required - conducted at no cost to applicant, via phone or in-person. Employer will conduct interview as expeditiously as possible. Contact employer Monday through Friday during the hours of 9:00 AM - 5:00 PM at (Cassie Hataway, 1 (806) 333-1090). Employer will hire those who meet the following conditions: be able, willing, and available to perform the specified job duties for the duration of the contract period; have been apprised of all material terms and conditions of employment; agree to abide by all material terms and conditions of employment; be legally authorized to work in the United States; and satisfy all minimum job requirements.

Referring State Workforce Agency (SWA) is responsible for informing applicants of all terms and conditions of employment, and to notify the employer in advance of any referrals. If appropriate, the SWA should furnish translator services.

| 2. Telephone Number to Apply *<br>+1 (806) 333-1090 | 3. Extension §<br>N/A | 4. Email Address to Apply *<br>cassie.hataway@kbcustomag.com |

| 5. Website Address (URL) to Apply *<br>N/A |

## H. Additional Material Terms and Conditions of the Job Offer

| 1. | Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes ☐ No |

## I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an *H-2A Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).

---

**Form ETA-790A**            **FOR DEPARTMENT OF LABOR USE ONLY**            Page 4 of 8

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g). When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by the FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

   A. *Transportation to Place of Employment (Inbound)*

   If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

   B. *Transportation from Place of Employment (Outbound)*

   If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

   If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

   The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the employer's date of need during the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

   C. *Daily Transportation*

   Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

   D. *Compliance with Transportation Standards*

   Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8. **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. A worker will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

Form ETA-790A                                                    **FOR DEPARTMENT OF LABOR USE ONLY**                                         Page 5 of 8

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY**: Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

**Form ETA-790A**         **FOR DEPARTMENT OF LABOR USE ONLY**         Page 6 of 8

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment.  20 CFR 655.122(h)(2).

15.  **DEDUCTIONS FROM WORKER'S PAY**:  Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employer fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16.  **DISCLOSURE OF WORK CONTRACT**:  Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B.  20 CFR 655.122(q).

17.  **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

A.  Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification).  The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously.  20 CFR 653.501(c)(3)(i).

   If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order.  20 CFR 653.501(c)(5).

B.  Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above.  20 CFR 653.501(c)(3)(ii).

C.  Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws.  20 CFR 653.501(c)(3)(iii).

D.  Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment.  20 CFR 653.501(c)(3)(iv).

E.  If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate.  20 CFR 653.501(c)(3)(v).

F.  Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107.  20 CFR 653.501(c)(3)(vii).

*I declare* under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate.  This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job.  20 CFR 653.501(c)(3)(viii).  I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both.  18 U.S.C. §§ 2, 1001.

| 1.  Last (family) name *<br>Beauchamp | 2.  First (given) name *<br>Mary | 3.  Middle initial *§* |
|---|---|---|
| 4.  Title *<br>Director of Business | | |

**Form ETA-790A**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 7 of 8

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 5.  Signature  (or digital signature) * | | 6.  Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 1/16/2024 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Bella Holsteins | 13278 County Road 32<br>Platteville, Colorado 80651<br>WELD | NONE | 5/1/2024 | 10/31/2024 | 20 |
| Wolf Creek Feedyard | 13352 FM 2711<br>Perryton, Texas 79070<br>OCHILTREE | NONE | 4/1/2024 | 12/27/2024 | 30 |
| LaBelle Dairy | 14014 255th St<br>Labelle, Missouri 63447<br>LEWIS | NONE | 4/15/2024 | 11/30/2024 | 30 |
| TMC Dairies | 3105 Mesquite Drive<br>Dalhart, Texas 79022<br>HARTLEY | NONE | 4/1/2024 | 11/15/2024 | 30 |
| Heifer Source | 13750 Blue Bell Rd<br>Liberal, Kansas 67901<br>SEWARD | NONE | 4/1/2024 | 12/27/2024 | 50 |
| AgriVision FM | 811 US Hwy 87<br>Hartley, Texas 79044<br>HARTLEY | NONE | 3/2/2024 | 12/27/2024 | 125 |
| Eckhardt Farms | 21454 County Road 33<br>Lasalle, Colorado 80645<br>WELD | NONE | 5/15/2024 | 10/15/2024 | 20 |
| Morning Star Dairy | 801 FM 694<br>Dalhart, Texas 79022<br>DALLAM | NONE | 3/2/2024 | 12/27/2024 | 60 |
| Dalhart Jersey Ranch | 1550 FM 1727<br>Dalhart, Texas 79022<br>DALLAM | NONE | 3/2/2024 | 12/27/2024 | 60 |
| Dimmitt Feedyard | 1380 US Hwy 385<br>Dimmitt, Texas 79027<br>CASTRO | NONE | 5/1/2024 | 11/30/2024 | 30 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.1 of B.26

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| High Plains Ranch | 12225 E Highway 160<br>Ulysses, Kansas 67880<br>GRANT | NONE | 4/15/2024 | 11/30/2024 | 30 |
| Faria Brothers Dairy | 5601 FM 281<br>Dumas, Texas 79029<br>MOORE | NONE | 3/2/2024 | 12/27/2024 | 75 |
| High Plains Ponderosa Dairy | 2042 V Road<br>Plains, Kansas 67869<br>MEADE | NONE | 3/2/2024 | 12/27/2024 | 60 |
| Larsen Farms | 12295 County Road 11<br>Dalhart, Texas 79022<br>DALLAM | NONE | 3/2/2024 | 12/27/2024 | 60 |
| T&K Dairy | 3300 CR 461<br>Snyder, Texas 79549<br>SCURRY | | 6/1/2024 | 11/30/2024 | 20 |
| SKB Farms | 12708 FM 760<br>Spearman, Texas 79081<br>HANSFORD | | 4/1/2024 | 12/27/2024 | 40 |
| KB  Custom Ag Services LLC | 3730 County Road I<br>Hartley, Texas 79044<br>HARTLEY | | 3/1/2024 | 12/28/2024 | 300 |
| VB Ranch/White River Dairies | 2702 County Road 519<br>Hart, Texas 79043<br>CASTRO | NONE | 4/1/2024 | 11/30/2024 | 40 |
| Faria Brothers Dairy - Southside Dairy | 5601 FM 281<br>Dumas, Texas 79027<br>MOORE | NONE | 3/2/2024 | 12/27/2024 | 40 |
| Lusk Farms | 11907 E Airport Rd<br>Dalhart, Texas 79022<br>DALLAM | NONE | 9/15/2024 | 11/30/2024 | 40 |

## D. Additional Housing Information

**Form ETA-790A Addendum B**    **FOR DEPARTMENT OF LABOR USE ONLY**    Page B.2 of B.26

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Kirk Farris Farms | 2549  HWY 86<br>Nazareth, Texas 76457<br>CASTRO | NONE | 5/1/2024 | 11/30/2024 | 30 |
| CSS Farms | 2325 US Hwy 54<br>Dalhart, Texas 79022<br>DALLAM | NONE | 9/15/2024 | 11/30/2024 | 30 |
| McCarty Dairy | 2231 County Road 31<br>Rexford, Kansas 67753<br>THOMAS | McCarty Family Farms | 5/1/2024 | 12/27/2024 | 60 |
| Faria Brothers Dairy Oklahoma | CR 820 and CR C<br>Guyman, Oklahoma 73942<br>TEXAS | | 3/2/2024 | 12/27/2024 | 20 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## D. Additional Housing Information

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1619 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 417 Kendrick Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 3 Rock Road<br>Dalhart, Texas 79044<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 4 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 5 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 6 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 7 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public<br><br>accommodations | 8 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 9 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 10 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum B**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page B.5 of B.26

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 11 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 16 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public<br><br>accommodations | 622 West 6th Street<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1022 Elm Avenue #C<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 611 W. 11th Street<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B    **FOR DEPARTMENT OF LABOR USE ONLY**    Page B.6 of B.26

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 2<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 5<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B
H-2A Case Number: H-300-23351-572720

FOR DEPARTMENT OF LABOR USE ONLY
Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

Page B.7 of B.26

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 6<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 7<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 8<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 9<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 10<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided  ☐ Rental or public accommodations | 701 Peach Avenue Unit 11 Dalahrt, Texas 79022 DALLAM | | 1 | 5 | ☑ Local authority ☑ SWA ☑ Other State authority ☑ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 701 Peach Avenue Unit 12 Dalhart, Texas 79022 DALLAM | | 1 | 5 | ☑ Local authority ☑ SWA ☑ Other State authority ☑ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 10 Mackenzie Dalhart, Texas 79022 DALLAM | | 1 | 6 | ☑ Local authority ☑ SWA ☑ Other State authority ☑ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 503 Tennessee Avenue Dalhart, Texas 79022 DALLAM | | 1 | 4 | ☑ Local authority ☑ SWA ☑ Other State authority ☑ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 1621 Osage #4 Dalhart, Texas 79022 DALLAM | | 1 | 2 | ☑ Local authority ☑ SWA ☑ Other State authority ☑ Federal authority ☐ Other _____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1619 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1629 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1629 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 2411 W. FM 281 Apts 109, 105<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 2411 W. FM 281 Apt 204<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.10 of B.2(

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2411 W. FM 281 Unit 211<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2411 W. FM 281 Unit 213<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2411 W. FM 281 Apt 308<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1627 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1629 Osage #4<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720  Case Status: Full Certification  Determination Date: 02/20/2024  Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☒ Employer-provided<br><br>☐ Rental or public accommodations | 1621 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☒ Local authority<br>☒ SWA<br>☒ Other State authority<br>☒ Federal authority<br>☐ Other<br>_____ |
| ☒ Employer-provided<br><br>☐ Rental or public accommodations | 1627 Osage #4, Dalhart,<br>Texas 79022<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☒ Local authority<br>☒ SWA<br>☒ Other State authority<br>☒ Federal authority<br>☐ Other<br>_____ |
| ☒ Employer-provided<br><br>☐ Rental or public accommodations | 1627 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 1 | ☒ Local authority<br>☒ SWA<br>☒ Other State authority<br>☒ Federal authority<br>☐ Other<br>_____ |
| ☒ Employer-provided<br><br>☐ Rental or public accommodations | 721 Norman<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☒ Local authority<br>☒ SWA<br>☒ Other State authority<br>☒ Federal authority<br>☐ Other<br>_____ |
| ☒ Employer-provided<br><br>☐ Rental or public accommodations | 1319 Trinidad<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☒ Local authority<br>☒ SWA<br>☒ Other State authority<br>☒ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1627 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W 7th Street #64<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1022 Elm Avenue #C<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1627 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 15 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum B**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.13 of B.2?

H-2A Case Number: H-300-23351-572720        Case Status: Full Certification        Determination Date: 02/20/2024        Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2411 W. FM 281 Apt 314<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 714 Blair<br>Dalhart, Texas 79022<br>DALLAM | | 3 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1306 Aspen<br>Dalhart, Texas 79022<br>DALLAM | | 3 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1308 Aspen<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Ash Avenue<br>Dalhart , Texas 79022<br>DALLAM | Apt #9 | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B                     **FOR DEPARTMENT OF LABOR USE ONLY**                     Page B.14 of B.2

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 922 Olive Street<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1619 Osage #3<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1621 Osage #1<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1619 Osage #4<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 2 Rock Road<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 9A Rock Road<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 12 Rock Road<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 13 Rock Road<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 14 Rock Road<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1015 Maple<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 706 Oak<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 7 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 914 Conlen<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 407 Conlen<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 305 Tennessee Avenue<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 312 Tennessee Avenue<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 901 Ash<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 506 Keeler<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public<br>accommodations | 504 Maynard<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 9 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #10<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #12<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #38<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #40<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #42<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #43<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #44<br>Dalhart , Texas 79044<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B — FOR DEPARTMENT OF LABOR USE ONLY — Page B.19 of B.20

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #45<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 w. 7th Street #46<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #48<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #50<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #60<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #52<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #54<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #62, , TX<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #63<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1629 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B　　　　　　　FOR DEPARTMENT OF LABOR USE ONLY　　　　　　　Page B.21 of B.2

H-2A Case Number: H-300-23351-572720　　　Case Status: Full Certification　　　Determination Date: 02/20/2024　　　Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1113 Peach Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 105 Osceola Avenue<br>Dalhart , Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public<br><br>accommodations | 209 Peach Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 West 7th Street<br>Dalhart, Texas 79022<br>DALLAM | Apt #61 | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 505 Tennessee Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W 7th Street #14<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #16<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W 7th Street #20<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W 7th Street #22<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W 7th Street #24<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided <br><br> ☐ Rental or public accommodations | 809 W 7th Street #26 <br> Dalhart, Texas 79022 <br> DALLAM | | 1 | 2 | ☑ Local authority <br> ☑ SWA <br> ☑ Other State authority <br> ☑ Federal authority <br> ☐ Other <br> _____ |
| ☑ Employer-provided <br><br> ☐ Rental or public accommodations | 809 W 7th Street #28 <br> Dalhart, Texas 79022 <br> DALLAM | | 1 | 2 | ☑ Local authority <br> ☑ SWA <br> ☑ Other State authority <br> ☑ Federal authority <br> ☐ Other <br> _____ |
| ☑ Employer-provided <br><br> ☐ Rental or public accommodations | 809 W 7th Street #32 <br> Dalhart, Texas 79022 <br> DALLAM | | 1 | 1 | ☑ Local authority <br> ☑ SWA <br> ☑ Other State authority <br> ☑ Federal authority <br> ☐ Other <br> _____ |
| ☑ Employer-provided <br><br> ☐ Rental or public accommodations | 809 W 7th Street #34 <br> Dalhart, Texas 79022 <br> DALLAM | | 1 | 2 | ☑ Local authority <br> ☑ SWA <br> ☑ Other State authority <br> ☑ Federal authority <br> ☐ Other <br> _____ |
| ☐ Employer-provided <br><br> ☑ Rental or public accommodations | 701 Liberal Street <br> Dalhart, Texas 79022 <br> DALLAM | Days Inn | 20 | 40 | ☑ Local authority <br> ☑ SWA <br> ☑ Other State authority <br> ☑ Federal authority <br> ☐ Other <br> _____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720     Case Status: Full Certification     Determination Date: 02/20/2024     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br>☑ Rental or public accommodations | 1925 S Range Avenue<br>Colby , Kansas 67702<br>THOMAS | Days Inn | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 320 North Broadway Street<br>Dimmitt, Texas 79027<br>CASTRO | Executive Inn | 35 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 700 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | Hampton Inn | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 801 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | La Quinta Inn | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 200 South 3rd Street<br>Quincy, Illinois 62305<br>ADAMS | Microtel Inn Quincy IL | 10 | 20 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br>☑ Rental or public accommodations | 3505 South Main Street<br>Perryton, Texas 79070<br>OCHILTREE | Quality Inn Perryton | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 423 South Broadway<br>Dimmitt, Texas 79027<br>CASTRO | Sands Motel Dimmitt | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 2033 West Oklahoma Avenue<br>Ulysses, Kansas 67880<br>GRANT | Single Tree Inn - Ulysses | 10 | 20 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 747 East Pancake Boulevard , , Kansas<br>Liberal, Kansas 67901<br>SEWARD | Super 8 Liberal | 30 | 60 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br>☑ Rental or public accommodations | 10844 West I-25 Frontage Road<br>Longmont, Colorado 80504<br>WELD | Econo Lodge Longmont | 10 | 20 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☑ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*a. Job Offer Information 1*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Deductions from Pay |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Worker must authorize in writing all voluntary deductions, such as cash advances\loans, health insurance payments, cell phones, and other services to benefit the worker. Employer will make all deductions required by state/federal law, if applicable, such as: FICA, federal, state and/or local income tax withholding. Employer may deduct reasonable repair or replacement costs if worker is found to have been responsible for damage to or loss of equipment, tools, vehicles, housing or furnishings - beyond normal wear and tear - caused by the worker through willful, dishonest, or grossly negligent actions.

*b. Job Offer Information 2*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Additional Information Regarding Job Qualifications/Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer requires all newly hired employees to take and pass an employer-paid background check. All background checks are conducted uniformly after an initial job offer has been extended and accepted by the new hire. These checks may be performed to ensure a safe housing and work environment for all workers.

Worker must have or be able to obtain a valid driver's license: Class A CDL or equivalent. Must comply with all applicable requirements of USDOT regulations. Must pass a post-employment road test to gauge driving ability. Employer uniformly conducts a post-employment DOT physical, drug screen, background check and motor vehicle records check at no cost to the worker. All delivery drivers will be able to return to their residence or employer-provided housing within the same work day.

Employer-paid post-hire, random, upon suspicion, post-accident drug testing required. Any worker who declines to take or fails a mandatory drug test will be terminated.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*c. Job Offer Information 3*

| 1. Section/Item Number * | D.10 | 2. Name of Section or Category of Material Term or Condition * | Additional Housing Information |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Housing available to workers & not offered to non-working family members. Employer possesses/controls premises at all times. Female workers will be provided bedroom/bathroom facilities shared only with other female workers. Common areas of the housing may be shared with male workers. Workers must vacate housing promptly at end of contract or upon termination, in accordance with state law. If one has not already been performed at the time of this filing, the employers requests an inspection.

*d. Job Offer Information 4*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer  will provide free daily transportation via the following vehicles authorized to transport workers:

1. P48 Chevy Express (Capacity: 15)
2. P61 Ford F250 (Capacity: 5)
3. P49 Chevy Express (Capacity: 15)
4. P50 Chevy Express (Capacity: 15)
5. P52 Ford F350 Service (Capacity: 5)

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page C.2 of C.6

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



---

### H. Additional Material Terms and Conditions of the Job Offer

*e. Job Offer Information 5*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will permit workers to select any means of transportation they choose and reimburse workers at no less than the most economical and reasonable common carrier (van or bus) transportation charges for the distances involved for both inbound and outbound transportation. Inbound and return transportation provided from the foreign worker's home city to the U.S. consulate and from the U.S. Consulate to the work site. (Continued on Addendum C)

*f. Job Offer Information 6*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - 1. Daily Transportation Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

6. P63 Ford F150 (Capacity: 5)
7. P57 Ford F250 (Capacity: 5)
8. P59 Ford F150 (Capacity: 5)
9. P6 Chevy 1500 (Capacity: 5)
10. P60 Chevy 1500 (Capacity: 5)
11. P63 Ford F250 (Capacity: 5)
12. P68 Chevy 3500 (Capacity: 15)
13. P71 Ford F250 (Capacity: 5)
14. P73 Ford F150 (Capacity: 5)
15. P75 GMC 2500 (Capacity: 3)
16. P77 Ford F350 (Capacity: 5)
17. P89 Ford F150 (Capacity: 5)
18. P91 Ford F150 (Capacity: 5)
19. P97 Ford F150 (Capacity: 5)
20. P79 Ford F350 (Capacity: 5)
21. P88 Ford F150 (Capacity: 5)
22. P90 Ford F150 (Capacity: 5)
23. P94 Ford F250 Service (Capacity: 2)
24. P92 Ford F150 (Capacity: 5)
25. P93 Ford F350 Service (Capacity: 2)
26. P95 Ford F350 Service (Capacity: 2)
27. P98 Ford F150 (Capacity: 5)
28. P99 Chevy 3500 (Capacity: 15)
29. P100 Ford F250 (Capacity: 5)
30. P106 Ford F550 (Capacity: 2)
31. P101 Ford F250 (Capacity: 5)
32. P107 Chevy 3500 (Capacity: 15)
33. P102 Ford F250 (Capacity: 5)
34. P103 Ford F150 (Capacity: 5)
35. P104 Ford F250 (Capacity: 5)
36. P108 Chevy 3500 (Capacity: 15)
37. P110 Ford F250 (Capacity: 5)
38. P111 Ford F250 (Capacity: 5)

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A Addendum C**
H-2A Case Number: H-300-23351-572720

**FOR DEPARTMENT OF LABOR USE ONLY**
Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

Page C.3 of C.6

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*g. Job Offer Information 7*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - 2. Daily Transportation Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *
111. P44 Ford F250 (Capacity: 5)
112. P45 Ford F250 (Capacity: 5)
113. P74 Ford F150 (Capacity: 5)
114. P46 Chevy 1500 (Capacity: 5)
115. P47 Ford F250 (Capacity: 5)
116. P58 Ford F150 (Capacity: 5)

Vehicles utilized to transport workers are covered under a valid insurance policy which includes property damage insurance. Workers will be picked up at the employer-provided housing address(es) on work days approximately 15 minutes before the day's scheduled start time. Workers will be picked up from the worksite(s) at the end of the work day and returned to the designated employer-provided housing location. The above-referenced vehicles will be used to make multiple trips to transport the total number of requested workers to the worksites as outlined in Clearance Order. Daily transportation to and between worksites provided at no cost to workers living in employer- provided housing. Local workers and workers who decline employer-provided housing are responsible for their own daily transportation.

*h. Job Offer Information 8*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Custom combine operators |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *
This application is being filed pursuant to the regulations at 20 CFR 655.301 - 655.304 for Itinerant Custom Combining. Employer will provide at no cost to workers an effective means of communicating with persons capable of responding to the workers needs in case of an emergency. Applicants must be available for the entire contract period. Applicants hired after the start date must be available to begin working where employer is currently located, and remain for duration of itinerary.

53-3032 Heavy and Tractor-Trailer Drivers
Employer will pay the hourly rate of $23.89 per hour for work performed in Texas, $24.84 per hour for work performed in Kansas, $26.31 per hour for work performed in Colorado, and $24.95
per hour for work performed in Missouri.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                **FOR DEPARTMENT OF LABOR USE ONLY**                Page C.4 of C.6

H-2A Case Number: H-300-23351-572720          Case Status: Full Certification          Determination Date: 02/20/2024          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*i. Job Offer Information 9*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - Additional Pay Information Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will pay each worker by check, pay card, or direct deposit (employer pays any associated fees). Work performed under the contract is exempt from federal overtime pay requirements under the FLSA, but may be subject to state overtime requirements, if applicable.

Raises and/or bonuses may be offered to any seasonal worker employed under this job order, at the company's sole discretion, based on individual factors including but not limited to work performance, skill, and tenure.

Employer expressly prohibits the solicitation and payment of recruitment fees by workers. Workers who pay or are solicited to pay must inform the employer immediately. Employer will investigate all claims of illegal fees and take immediate remedial action as appropriate. The employer attests they will not seek or receive payment of any kind from workers for anything related to obtaining the H-2A labor certification, including the employer's attorney or agent fees, application fees, or recruitment costs.

*j. Job Offer Information 10*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - Workers' Compensation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will provide workers' compensation insurance coverage in accordance with 20 CFR 655.122(e). Employer attests that the policy will be renewed as necessary to cover the entire certified contract period, and any extension of employment.
Name of insurance carrier:Accident Fund Ins Co of America
Name of policyholder:KB Custom Ag Services LLC
Name of person to be notified of claim: Mary Beauchamp
Telephone number for point-of-contact: 19708342508
 Deadline for filing a claim:24 hours

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



---

**H. Additional Material Terms and Conditions of the Job Offer**

*k. Job Offer Information 11*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - Inbound/Outbound Transportation Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer pays/reimburses foreign workers for all visa-related costs (excluding passport fees) in accordance with H-2A regulations and FLSA wage requirements. For non-commuting domestic workers, employer pays/reimburses reasonable travel costs (transportation, daily subsistence, and lodging if applicable) from the place the worker departed from to the employer's place of employment.

Employer pays/reimburses outbound travel costs to workers who complete the contract or are dismissed early. Employer does not pay or reimburse travel costs to any worker who voluntarily resigns, abandons employment, or is terminated for cause.

*l. Job Offer Information 12*

| 1. Section/Item Number * | | 2. Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

Form ETA-790A Addendum C      **FOR DEPARTMENT OF LABOR USE ONLY**      Page C.6 of C.6

H-2A Case Number: H-300-23351-572720    Case Status: Full Certification    Determination Date: 02/20/2024    Validity Period: _____ to _____

# EXHIBIT 4



OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

---

### A. Job Offer Information

| 1. Job Title *  Agricultural Equipment Operator |
|---|

| 2. Workers Needed * | a. Total | b. H-2A Workers | Period of Intended Employment | |
|---|---|---|---|---|
| | 600 | 575 | 3. First Date * 3/1/2025 | 4. Last Date * 12/31/2025 |

5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? *
If "Yes", proceed to question 8.  If "No", complete questions 6 and 7 below.    ☐ Yes  ☒ No

6. Anticipated days and hours of work per week *(an entry is required for each box below)* *

| | | | | | 7. Hourly Work Schedule * |
|---|---|---|---|---|---|
| 59 | **a. Total Hours** 9 | c. Monday 9 | e. Wednesday 9 | g. Friday | a. 7 : 00  ☒ AM  ☐ PM |
| 5 | b. Sunday 9 | d. Tuesday 9 | f. Thursday 9 | h. Saturday | b. 4 : 30  ☐ AM  ☒ PM |

**Temporary Agricultural Services and Wage Offer Information**

8a.  Job Duties - Description of the specific services or labor to be performed. *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
45-2091.00 - Agricultural Equipment Operators

Job Duties:
Operating equipment that assists with harvesting crops; performing routine adjustments to equipment; performing safety checks on equipment; equipment and other tools in the course of harvesting crops; driving trucks with trailers attached for transporting ag commodities, equipment, tools, or to and from dairies or other storage areas, and from one field to another; attaching equipment using hand tools; weighing trailers and unloading crops.

Manual labor including but not limited to duties such as pressure washing equipment, assisting with routine maintenance and safety inspections on equipment. This includes maintaining equipment in a clean state, inside and out. Follow company safety policies and procedures, including operating equipment in a safe manner. Track and report equipment hours daily. Six months recent and verifiable experience required for the job duties listed. Increases or bonuses may be possible based on experience and merit.

Employer will provide workers with an effective means of communication (including two-way radios and CB radios) at no cost, ensuring access to individuals capable of responding to workers' needs in case of an emergency.

Applicants must be available for the entire contract period. Workers hired after the contract start date must be prepared to begin work at the employer's current location and remain available for the duration of the work itinerary.

| 8b.  Wage Offer *  $ 15 . 79 | 8c.  Per * ☒ HOUR  ☐ MONTH | 8d.  Piece Rate Offer §  $ _____._ | 8e.  Piece Rate Units / Estimated Hourly Rate / Special Pay Information § |
|---|---|---|---|

9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? *    ☐ Yes  ☒ N/A

10. Frequency of Pay: *  ☐ Weekly  ☒ Biweekly  ☐ Other (specify): N/A

11.  State all deduction(s) from pay and, if known, the amount(s). *
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See Addendum C

---

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



### B.  Minimum Job Qualifications/Requirements

1.  Education: minimum U.S. diploma/degree required. *
☑ None   ☐ High School/GED   ☐ Associate's   ☐ Bachelor's   ☐ Master's or higher   ☐ Other degree (JD, MD, etc.)

| 2.  Work Experience:  number of <u>months</u> required. * | 6 | 3.  Training:  number of <u>months</u> required. * | 0 |
|---|---|---|---|

4.  Basic Job Requirements (check all that apply) §

☐ a.  Certification/license requirements      ☑ f.  Exposure to extreme temperatures
☐ b.  Driver requirements                     ☑ g.  Extensive pushing or pulling
☑ c.  Criminal background check               ☑ h.  Extensive sitting or walking
☑ d.  Drug screen                             ☑ i.  Frequent stooping or bending over
☑ e.  Lifting requirement  25        lbs.     ☑ j.  Repetitive movements

| 5a.  Supervision: does this position supervise the work of other employees? * | ☐ Yes  ☑ No | 5b.  If "Yes" to question 5a, enter the number of employees worker will supervise. § | |
|---|---|---|---|

6.  Additional Information Regarding Job Qualifications/Requirements. *
*(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "NONE" below)*

See Addendum C

### C.  Place of Employment Information

1.  Place of Employment Address/Location *
KB Custom Ag Services - 3730 County Road I

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Hartley | Texas | 79044 | Hartley |

6.  Additional Place of Employment Information.  *(If no additional information, enter "NONE" below)* *

Employer owns and/or controls this worksite.
Employer reserves the right to move workers between worksites as needed.

| 7.  Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ N/A |
|---|---|

### D.  Housing Information

1.  Housing Address/Location *
403 Tanglewood

| 2.  City * | 3.  State * | 4.  Postal Code * | 5.  County * |
|---|---|---|---|
| Dalhart | Texas | 79022 | Dallam |

| 6.  Type of Housing *(check only one)* * ☑ Employer-provided (including mobile or range)   ☐ Rental or public | 7.  Total Units * 43 | 8.  Total Occupancy * 86 |
|---|---|---|

9.  Identify the entity that determined the housing met all applicable standards: *
☑ Local authority      ☐ SWA   ☐ Other State authority   ☐ Federal authority   ☐ Other (specify): _____

10.  Additional Housing Information.  *(If no additional information, enter "NONE" below)* *

See Addendum C

| 11.  Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☑ Yes  ☐ N/A |
|---|---|

*OMB Approval:* 1205-0466
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



---

**E. Provision of Meals**

1. Describe <u>how</u> the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Employer-provided housing includes free and convenient kitchen facilities with appropriate equipment, appliances, cooking accessories, and dishwashing facilities for meal preparation. Workers residing in employer-provided housing will be provided free transportation once per week to/from closest town or city for personal errands (e.g., groceries, banking services). Dining, kitchen/cooking facilities and other common areas are shared by all workers. In the event that kitchen facilities become unavailable during the contract period, employer will provide three daily meals in accordance with 20 CFR 655.122(g). In such circumstances, employer will deduct the cost of such meals up to the maximum allowable amount published in the Federal Register, or as otherwise approved by the U.S. Department of Labor.

2. The employer: *

   ☐ **WILL NOT** charge workers for meals.

   ☑ **WILL** charge each worker for meals at  $ 15 . 88  per day, if meals are provided.

**F. Transportation and Daily Subsistence**

1. Describe the terms and arrangements for daily transportation the employer will provide to workers. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   Employer will provide free daily transportation via the following types of vehicles authorized to transport workers: vans that seat up to 15 individuals, pickups that seat up to 5 individuals or farm equipment which seat up to 2 individuals.  Vehicles utilized to transport workers are covered under a valid insurance policy which includes property damage insurance.

2. Describe the terms and arrangements for providing workers with transportation (a) to the place of employment (*i.e.,* inbound) and (b) from the place of employment (*i.e.,* outbound). *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

   See Addendum C

3. During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker *

   | | | |
   |---|---|---|
   | a. no less than | $ 15 . 88 | per day * |
   | b. no more than | $ 59 . 00 | per day with receipts |

**G. Referral and Hiring Instructions**

**Form ETA-790A**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page 3 of 8

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



1. Explain **how** prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

Employer accepts referrals/applicants from all sources. Interview required - conducted at no cost to applicant, via phone or in-person. Employer will conduct interview as expeditiously as possible. Contact employer Monday through Friday during the hours of 9:00 AM - 5:00 PM at (Cassie Hataway, (970) 834-2508)..
Employer will hire those who meet the following conditions: be able, willing, and available to perform the specified job duties for the duration of the contract period; have been apprised of all material terms and conditions of employment; agree to abide by all material terms and conditions of employment; be legally authorized to work in the United States; and satisfy all minimum job requirements.

Referring State Workforce Agency (SWA) is responsible for informing applicants of all terms and conditions of employment, and to notify the employer in advance of any referrals. If appropriate, the SWA should furnish translator services.

| 2. Telephone Number to Apply *<br>+1 (806) 384-1036 | 3. Extension §<br>N/A | 4. Email Address to Apply *<br>cassie.hataway@kbcustomag.com |
|---|---|---|

| 5. Website Address (URL) to Apply *<br>www.kbcustomag.com |
|---|

**H. Additional Material Terms and Conditions of the Job Offer**

| 1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes ☐ No |
|---|---|

**I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders**

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an *H-2A Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).

---

| Form ETA-790A | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 4 of 8 |
|---|---|---|

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



6.  **MEALS**:  Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals.  Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals.  The amount of meal charges is governed by 20 CFR 655.173.  20 CFR 655.122(g).  When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by the FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

    For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals.  To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so.  20 CFR 655.210(e).

7.  **TRANSPORTATION AND DAILY SUBSISTENCE**:  Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

    A.  *Transportation to Place of Employment (Inbound)*

        If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad.  The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a).  The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

    B.  *Transportation from Place of Employment (Outbound)*

        If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker came to work for the employer, disregarding intervening employment, departed to work for the employer.  Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

        If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses.  If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

        The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the employer's date of need during the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

    C.  *Daily Transportation*

        Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

    D.  *Compliance with Transportation Standards*

        Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations.  Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128.  If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation.  Employer agrees to have property damage insurance.  20 CFR 655.122(h)(4).

8.  **THREE-FOURTHS GUARANTEE**:  Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any.  20 CFR 655.122(i).

    The employer may offer the worker more than the specified hours of work on a single workday.  For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays.  If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days.  A worker will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order.  All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met.  Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met.  20 CFR 655.122(i).

    If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee.  20 CFR 655.122(i).

Form ETA-790A
H-2A Case Number: H-300-24354-559674

**FOR DEPARTMENT OF LABOR USE ONLY**
Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

Page 5 of 8

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY**: Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment.  20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**:  Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employer fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**:  Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B.  20 CFR 655.122(q).

17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

   A.   Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification).  The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously.  20 CFR 653.501(c)(3)(i).

   If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order.  20 CFR 653.501(c)(5).

   B.   Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above.  20 CFR 653.501(c)(3)(ii).

   C.   Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws.  20 CFR 653.501(c)(3)(iii).

   D.   Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment.  20 CFR 653.501(c)(3)(iv).

   E.   If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate.  20 CFR 653.501(c)(3)(v).

   F.   Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107.  20 CFR 653.501(c)(3)(vii).

*I* **declare** *under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate.  This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job.  20 CFR 653.501(c)(3)(viii).  I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both.  18 U.S.C. §§ 2, 1001.*

| 1.  Last (family) name * <br> Beauchamp | 2.  First (given) name * <br> Mary | 3.  Middle initial *§* |
|---|---|---|
| 4.  Title * <br> Director of Business | | |

**Form ETA-790A**                           **FOR DEPARTMENT OF LABOR USE ONLY**                           Page 7 of 8

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



| 5. Signature (or digital signature) * | | 6. Date signed * |
|---|---|---|
| Digital Signature Verified and Retained By | *Certifying Officer* | 1/9/2025 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page 8 of 8

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum A
**U.S. Department of Labor**



**A.9. Additional Crop or Agricultural Activities and Wage Offer Information**

| Crop ID | Crop or Agricultural Activity | Wage Offer | Per | Piece Rate Units / Estimated Hourly Rate / Special Pay Information |
|---|---|---|---|---|
| | Kansas | $ 19 . 21 | Hour | |
| | Missouri | $ 18 . 65 | Hour | |
| | Colorado | $ 17 . 84 | Hour | |
| | Oklahoma | $ 15 . 79 | Hour | |
| | | $ ___ . ___ | | |
| | | $ ___ . ___ | | |
| | | $ ___ . ___ | | |
| | | $ ___ . ___ | | |
| | | $ ___ . ___ | | |
| | | $ ___ . ___ | | |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Page A.1 of A.1

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| KB Custom Ag Services | 3730 County Road I<br>Hartley, Texas 79044<br>HARTLEY | Employer owns and/or controls this worksite. | 3/1/2025 | 12/31/2025 | 575 |
| AgriVision FM | 811 US Hwy 87<br>Hartley, Texas 79044<br>HARTLEY | NONE | 3/2/2025 | 12/27/2025 | 220 |
| Larsen Farms | 12295 County Road 11<br>Dalhart, Texas 79022<br>DALLAM | NONE | 3/2/2025 | 12/27/2025 | 30 |
| Morning Star Dairy | 801 FM 694<br>Dalhart, Texas 79022<br>DALLAM | NONE | 3/2/2025 | 12/27/2025 | 55 |
| High Plains Ponderosa Dairy | 2042 V Road<br>Plains, Kansas 67869<br>MEADE | NONE | 3/2/2025 | 12/27/2025 | 100 |
| Faria Brothers Dairy | 5601 FM 281<br>Dumas, Texas 79029<br>MOORE | NONE | 3/2/2025 | 12/27/2025 | 130 |
| Southside Dairy | 5601 FM 281<br>Dumas, Texas 79027<br>MOORE | Faria Brothers Dairy - Southside | 3/2/2025 | 12/27/2025 | 40 |
| SKB Farms | 12708 FM 760<br>Spearman, Texas 79081<br>HANSFORD | NONE | 4/1/2025 | 12/27/2025 | 40 |
| TMC Dairies | 3105 Mesquite Drive<br>Dalhart, Texas 79022<br>HARTLEY | NONE | 4/1/2025 | 11/15/2025 | 30 |
| LaBelle Dairy | 14014 255th St<br>Labelle, Missouri 63447<br>LEWIS | NONE | 4/1/2025 | 11/30/2025 | 20 |

## D. Additional Housing Information

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Bella Holsteins | 13278 County Road 32 Platteville, Colorado 80651 WELD | NONE | 5/1/2025 | 10/31/2025 | 20 |
| Eckhardt Farms | 21454 County Road 33 Lasalle, Colorado 80645 WELD | NONE | 5/15/2025 | 10/15/2025 | 30 |
| Heifer Source | 13750 Blue Bell Rd Liberal, Kansas 67901 SEWARD | | 4/1/2025 | 12/27/2025 | 50 |
| Faria Brothers Dairy - Oklahoma | CR 820 and CR C Guymon, Oklahoma 73942 TEXAS | | 3/1/2025 | 12/31/2025 | 575 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## D. Additional Housing Information

**Form ETA-790A Addendum B**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.2 of B.28

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1621 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1619 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 417 Kendrick Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 3 Rock Road<br>Dalhart, Texas 79044<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 4 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided  ☐ Rental or public accommodations | 5 Rock Road Dalhart, Texas 79022 DALLAM | | 1 | 5 | ☑ Local authority ☑ SWA ☐ Other State authority ☐ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 6 Rock Road Dalhart, Texas 79022 DALLAM | | 1 | 5 | ☑ Local authority ☑ SWA ☐ Other State authority ☐ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 7 Rock Road Dalhart, Texas 79022 DALLAM | | 1 | 3 | ☑ Local authority ☑ SWA ☐ Other State authority ☐ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 8 Rock Road Dalhart, Texas 79022 DALLAM | | 1 | 3 | ☑ Local authority ☑ SWA ☐ Other State authority ☐ Federal authority ☐ Other _____ |
| ☑ Employer-provided  ☐ Rental or public accommodations | 9 Rock Road Dalhart, Texas 79022 DALLAM | | 1 | 5 | ☑ Local authority ☑ SWA ☐ Other State authority ☐ Federal authority ☐ Other _____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 10 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 11 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 16 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 622 West 6th Street<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1022 Elm Avenue #C<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B

FOR DEPARTMENT OF LABOR USE ONLY

Page B.5 of B.28

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 611 W. 11th Street<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 5<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 6<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 7<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 8<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Peach Avenue Unit 9<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 10<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 11<br>Dalahrt, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 701 Peach Avenue Unit 12<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ❑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 10 Mackenzie<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 503 Tennessee Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674        Case Status: Full Certification        Determination Date: 01/31/2025        Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1621 Osage #4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br><br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1619 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br><br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1629 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br><br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1629 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br><br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 109<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br><br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 204<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 211<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 213<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 308<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | Sandy Ridge 314<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1627 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1629 Osage #4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1621 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1627 Osage #4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1627 Osage #2<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 721 Norman<br>Dalhart, Texas 79022<br>DALLAM | | 4 | 4 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1319 Trinidad<br>Dalhart, Texas 79022<br>DALLAM | | 3 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1402 Peach<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1627 Osage #3<br>Dalhart, Texas Texas<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W 7th Street #64<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1022 Elm Avenue #D<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 714 Blair<br>Dalhart, Texas 79022<br>DALLAM | | 3 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public<br>accommodations | 1306 Aspen<br>Dalhart, Texas 79022<br>DALLAM | | 3 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1308 Aspen<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 701 Ash Avenue #9<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B      **FOR DEPARTMENT OF LABOR USE ONLY**      Page B.13 of B.2

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 922 Olive Street<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1619 Osage #3<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1621 Osage #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1619 Osage #4<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 9A Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 12 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 13 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 14 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1015 Maple<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 706 Oak<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 6 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 914 Conlen<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 407 Conlen<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 312 Tennessee Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 901 Ash<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.16 of B.2{

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 506 Keeler<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 504 Maynard<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 9 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #10<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #12<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #38<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page B.17 of B.2...

H-2A Case Number: H-300-24354-559674        Case Status: Full Certification        Determination Date: 01/31/2025        Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #40<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #42<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #43<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #44<br>Dalhart, Texas 79044<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #45<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674      Case Status: Full Certification      Determination Date: 01/31/2025      Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #46<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #48<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #50<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #60<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #52<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B       **FOR DEPARTMENT OF LABOR USE ONLY**       Page B.19 of B.2

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #54<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #62<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #63<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1629 Osage Trail #1<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1113 Peach Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 5 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.20 of B.2

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 107 Osceola Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br><br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 209 Peach Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br><br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #61<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br><br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 505 Tennessee Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br><br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 809 W. 7th Street #14<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br><br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.21 of B.2(

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____



*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #16<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #20<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #22<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #24<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #26<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.22 of B.2

H-2A Case Number: H-300-24354-559674     Case Status: Full Certification     Determination Date: 01/31/2025     Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #28<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #32<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 809 W. 7th Street #34<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2411 Farm to Market Road 281<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 1 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 601 Maynard<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B          **FOR DEPARTMENT OF LABOR USE ONLY**                                            Page B.23 of B.2..

H-2A Case Number: H-300-24354-559674          Case Status: Full Certification          Determination Date: 01/31/2025          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 2 Pinewood Place<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1005 Sagebrush Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1013 Sagebrush Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 318 Tennessee Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 3 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1217 Osage Trail<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

**H-2A Agricultural Clearance Order**
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1022 Elm Avenue #B<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1402 Peach Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 5 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 712 Denver Avenue<br>Dalhart, Texas 79022<br>DALLAM | | 2 | 8 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 15 Rock Road<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 4 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ☑ Employer-provided<br><br>❑ Rental or public accommodations | 1215 Osage Trail<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

H-2A Case Number: H-300-24354-559674          Case Status: Full Certification          Determination Date: 01/31/2025          Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☑ Employer-provided<br><br>☐ Rental or public accommodations | 1309 Dodson<br>Dalhart, Texas 79022<br>DALLAM | | 1 | 2 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 701 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | Days Inn - Dalhart TX | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 700 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | Hampton Inn Dalhart | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 801 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | La Quinta Inn Dalhart | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 320 North Broadway Street<br>Dimmitt, Texas 79027<br>CASTRO | Executive Inn Dimmitt | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B     **FOR DEPARTMENT OF LABOR USE ONLY**     Page B.26 of B.2...

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025



H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**

| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 200 South 3rd Street<br>Quincy, Illinois 62305<br>ADAMS | Microtel Inn & Suites | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 3505 South Main Street<br>Perryton, Texas 79070<br>OCHILTREE | Quality Inn - Perryton | 20 | 40 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other |
| ☐ Employer-provided<br><br>☑ Rental or public<br><br>accommodations | 747 East Pancake Boulevard<br>Liberal, Kansas 67901<br>SEWARD | Super 8 Liberal | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 123 Liberal Street<br>Dalhart, Texas 79022<br>DALLAM | Econo Lodge Dalhart | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☐ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |
| ☐ Employer-provided<br><br>☑ Rental or public accommodations | 720 East Pancake Blvd.<br>Liberal, Kansas 67901<br>SEWARD | Quality Inn Liberal KS | 25 | 50 | ☑ Local authority<br>☑ SWA<br>☑ Other State authority<br>☐ Federal authority<br>☐ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

*OMB Approval: 1205-0466*
*Expiration Date:* 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



| 1. Type of Housing * | 2. Physical Location * | 3. Additional Housing Information § | 4. Total Units * | 5. Total Occupancy * | 6. Inspection Entity * |
|---|---|---|---|---|---|
| ❑ Employer-provided<br>☑ Rental or public accommodations | 720 East Pancake Blvd. Liberal, Kansas 67901 SEWARD | Motel 6 Liberal KS | 25 | 50 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br>☑ Rental or public accommodations | 10805 Turner Blvd Longmont, Colorado 80504 WELD | Super 8 – Longmont CO | 25 | 50 | ☑ Local authority<br>☑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br>❑ Rental or public accommodations | | | | | ❑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br>❑ Rental or public accommodations | | | | | ❑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |
| ❑ Employer-provided<br>❑ Rental or public accommodations | | | | | ❑ Local authority<br>❑ SWA<br>❑ Other State authority<br>❑ Federal authority<br>❑ Other<br>_____ |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum B      **FOR DEPARTMENT OF LABOR USE ONLY**      Page B.28 of B.2(

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*a. Job Offer Information 1*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Deductions from Pay |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Worker must authorize in writing all voluntary deductions, such as cash advances\loans, health insurance payments, cell phones, and other services to benefit the worker. Employer will make all deductions required by state/federal law, if applicable, such as: FICA, federal, state and/or local income tax withholding. Employer may deduct reasonable repair or replacement costs if worker is found to have been responsible for damage to or loss of equipment, tools, vehicles, housing or furnishings - beyond normal wear and tear - caused by the worker through willful, dishonest, or grossly negligent actions. Employer will pay each worker by check, pay card, or direct deposit (employer pays any associated fees). Work performed under the contract is exempt from federal overtime pay requirements under the FLSA.

*b. Job Offer Information 2*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Additional Information Regarding Job Qualifications/Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Six (6) months recent and verifiable experience required for the job duties listed. Employer requires all-newly hired employees to take and pass an employer-paid background check. All background checks are conducted uniformly after an initial job offer has been extended and accepted by the new hire. These checks may be performed to ensure a safe housing and work environment for all workers.

Employer-paid, post-hire, random, upon suspicion, and post-accident drug testing required. Operating tools and equipment as applicable and noted in the job description as well as operating a motor vehicle under the influence of drugs and/or alcohol is dangerous.  Employer has a strict policy prohibiting drug use. Any worker who declines to take or fails a mandatory drug test will be terminated and paid for all hours worked, if any.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**



OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

**H. Additional Material Terms and Conditions of the Job Offer**

*c. Job Offer Information 3*

| 1. Section/Item Number * | D.10 | 2. Name of Section or Category of Material Term or Condition * | Additional Housing Information |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Housing available to workers and is not offered to non-working family members. Employer possesses/controls premises at all times. Female workers will be provided bedroom/bathroom facilities shared only with other female workers. Common areas of the housing may be shared with male workers. Workers must vacate housing promptly at end of contract or upon termination, in accordance with state law. If one has not already been performed at the time of this filing, the employers requests an inspection.

*d. Job Offer Information 4*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

The employer will either provide transportation or reimburse the worker who secured his or her own transportation. The method will be determined on a worker by worker basis based on factors such as the worker's home country (or US State) of origin, means of transportation available to the worker, capacity or lack thereof of worker to purchase his or her own transportation, worker's desire or lack thereof to coordinate one's own schedule, etc.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A Addendum C**                **FOR DEPARTMENT OF LABOR USE ONLY**                Page C.2 of C.6

H-2A Case Number: H-300-24354-559674      Case Status: Full Certification      Determination Date: 01/31/2025      Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*e. Job Offer Information 5*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Additional Disclosures: Workers' Compensation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer will provide workers' compensation insurance coverage in accordance with 20 CFR 655.122(e). Employer attests that the policy will be renewed as necessary to cover the entire certified contract period and any extension of employment.

Name of insurance carrier:Crestbrook Insurance Company
Name of policyholder:KB Custom Ag Services LLC
Name of person to be notified of claim: Mary Beauchamp
Telephone number for point-of-contact: 19708342508
 Deadline for filing a claim: Report within the timeframe specified by state law

*f. Job Offer Information 6*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - Additional Job Qualifications/Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers who possess a valid driver's license and meet all applicable legal requirements, including holding a doctor's certificate as required by 29 CFR § 500.105, may be asked to drive vehicles for transporting workers, goods, or commodities on company business. This task is voluntary, compensable, and not a mandatory job duty. Workers without a valid driver's license or doctor's certificate will still be fully eligible for employment and are not disqualified from any other job responsibilities outlined in this application.

The Employer may terminate a worker if a worker: refuses without justified cause to perform work for which the worker was recruited and hired; or commits a serious act of misconduct; or fails, after completing any training or break-in period, to be able to perform all of the tasks described in the job order. If the worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, and the employer notifies the SWA, DOL, and USCIS in the case of an H2A worker, the employer will not be responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and the worker is not entitled to the three-fourths guarantee.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C                **FOR DEPARTMENT OF LABOR USE ONLY**                Page C.3 of C.6

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*g. Job Offer Information 7*

| 1. Section/Item Number * | A.8a | 2. Name of Section or Category of Material Term or Condition * | Job Duties - Custom Combine Operators |
|---|---|---|---|

**3. Details of Material Term or Condition** (*up to 3,500 characters*) *

This application is being filed pursuant to the regulations at 20 CFR 655.301 - 655.304 for Custom Combining.

Employer will provide at no cost to workers an effective means of communicating with persons capable of responding to the workers needs in case of an emergency. Applicants must be available for the entire contract period. Applicants hired after the start date must be available to begin working where employer is currently located, and remain for duration of itinerary.

*h. Job Offer Information 8*

| 1. Section/Item Number * | A.8a | 2. Name of Section or Category of Material Term or Condition * | Job Duties - Additional Disclosures |
|---|---|---|---|

**3. Details of Material Term or Condition** (*up to 3,500 characters*) *

Work is to be done for long periods of time in the field, when plants may be wet with dew and rain, and may be required during light rain, snow, moderate winds, direct sun, high humidity and extreme temperatures. Allergies to ragweed, goldenrod, insect spray, related chemicals, etc. may affect workers ability to perform the job. Workers must be able to perform the required work with or without reasonable accommodations.

Must wear assigned personal protective equipment when required. Must report for work daily wearing appropriate work clothing and boots or other durable foot wear. Casual clothing not permitted. Workers wearing inappropriate clothing will not be permitted to start work.

Must report to work at the designated time and place each day. Daily or weekly work schedules may vary due to weather, sunlight, temperature, crop conditions, and other factors. Employer will notify workers of any change to start/end times. Employer may request, but not require that workers work more than the stated daily hours, on the worker's Sabbath, or on federal holidays.

Workers may not report for work under the influence of alcohol or drugs. Possession or use of illegal drugs or alcohol on company worksites or vehicles is prohibited and will be cause for immediate termination.

Out of concern for the safety of other workers, staff or the public at large, the employer reserves the right to terminate for cause, in accordance with applicable laws and regulations, any worker found during the period of employment to have a criminal conviction record or status as a registered sex offender.

The work described herein is regular, seasonal full-time work requiring all workers to be available as stated on the standard work schedule, throughout the entire contract period. Employees may experience a temporary reduction in work and/or a temporary work stoppage due to the natural agricultural cycle.

Employer retains the right to terminate workers for lawful job-related reasons, including but not limited to workers who: are regularly absent or tardy; malingers or otherwise refuses to work in accordance with direction, or is otherwise obviously unqualified to perform the job; is physically able but does not demonstrate the willingness to perform the work necessary.

Non-U.S. workers may be terminated if one or more U.S. workers becomes available for the job during the employer's recruitment period. Job abandonment will be deemed to occur after five consecutive workdays of unexcused absences.

Foreign workers will be advised of their responsibility to depart the U.S. when employment comes to an end. Employer will request and maintain records of each worker's permanent home address, e-mail address (when available) and phone number.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____



OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

## H. Additional Material Terms and Conditions of the Job Offer

*i. Job Offer Information 9*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - Inbound/Outbound Transportation Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

The employer will either provide or pay for an acceptable mode of transportation, or will permit workers to select any means of transportation they choose and reimburse workers at no less than the most economical and reasonable common carrier transportation charges for the distances involved.

Employer provided inbound/outbound transportation to and from the worker's home country will be airplane, charter bus, charter van, employer operated vehicle, or other common means depending on the worker's country or State of origin. Employer pays/reimburses foreign workers for all visa-related costs (excluding passport fees) in accordance with H-2A regulations. If a worker is terminated for cause or abandons employment prior to the completion of the contract, and the employer has already paid for the outbound transportation, the worker may be required to reimburse the employer unless such a reimbursement is disallowed under an applicable local, state, or federal law.

*j. Job Offer Information 10*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - Daily Transportation Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Workers will be picked up at the employer provided housing address(es) on work days approximately 15 minutes before the day's scheduled start time. Workers will be picked up from the worksite(s) at the end of the work day and returned to the designated employer-provided housing location. The above-referenced vehicles will be used to make multiple trips to transport the total number of requested workers to the worksites as outlined in Clearance Order.

Daily transportation to and between worksites provided at no cost to workers living in employer- provided housing. Local workers and workers who decline employer-provided housing are responsible for their own daily transportation.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                                  **FOR DEPARTMENT OF LABOR USE ONLY**                                  Page C.5 of C.6

H-2A Case Number: H-300-24354-559674          Case Status: Full Certification          Determination Date: 01/31/2025          Validity Period: _____ to _____

OMB Approval: 1205-0466
Expiration Date: 11/30/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*k. Job Offer Information 11*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - Additional Pay Information Continued |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer may, at the company's sole discretion, pay workers an hourly rate above the minimum required and/or offer a bonus to any seasonal worker employed pursuant to this job order depending on how many years of experience they have obtained by working for the employer or other factors including but not limited to work performance, skill, punctuality, licensing, training, or prior work experience.

Employer expressly prohibits the solicitation and payment of recruitment fees by workers. Workers who pay or are solicited to pay must inform the employer immediately. Employer will investigate all claims of illegal fees and take immediate remedial action as appropriate. The employer attests they will not seek or receive payment of any kind from workers for anything related to obtaining the H-2A labor certification, including the employer's attorney or agent fees, application fees, or recruitment costs.

Employer will provide workers' compensation insurance coverage in accordance with 20 CFR 655.122(e). Employer attests that the policy will be renewed as necessary to cover the entire certified contract period, and any extension of employment.

*l. Job Offer Information 12*

| 1. Section/Item Number * | | 2. Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

Form ETA-790A Addendum C      **FOR DEPARTMENT OF LABOR USE ONLY**      Page C.6 of C.6

H-2A Case Number: H-300-24354-559674    Case Status: Full Certification    Determination Date: 01/31/2025    Validity Period: _____ to _____