# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

---

**DECLARATION OF MONICA SIMMONS IN SUPPORT OF DEFENDANTS'
RESPONSES IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23
CLASS CERTIFICATION AND MOTION FOR CONDITIONAL CERTIFICATION
OF AN FLSA COLLECTIVE ACTION**

---

I, Monica Simmons, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am an attorney at law admitted in this court. I am licensed to practice before all courts in the State of Pennsylvania and Delaware. I am employed by Fisher & Phillips LLP, and am counsel of record for Defendants.

2.     The following facts are true and correct of my own personal knowledge unless otherwise indicated, and if called and sworn as a witness, I could and would competently testify thereto.

3.     I am familiar with the pleadings, court filings, and discovery exchanged by the Parties in Phase I Discovery.

FP 61993606.1

4.      Attached to this declaration as Exhibit 1 is a true and correct copy of Defendants' Verified Supplemental Responses to Plaintiffs' First Set of Interrogatories.

5.      I declare under the penalty of perjury of the laws of the United States that the foregoing is correct.


Date: March 6, 2026

*/s/ Monica L. Simmons*
Monica L. Simmons

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

---

**DEFENDANT KB CUSTOM AG SERVICES, LLC'S FIRST SUPPLEMENTAL**
**RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant KB Custom

Ag Services, LLC ("Defendant") provides these **first supplemental responses** to

Plaintiffs Jaime Alberto Delgado-Bojorquez's, Oscar Jovanny Diaz-Ramirez's, Jose Aniel

Lopez-Valdez's, and Rey David Aviña-Coto's ("Plaintiffs") Interrogatories

("Interrogatories") as follows:

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1.      Defendant's responses to the Interrogatories are made to the best of its

present knowledge, information, and belief. These responses are at all times subject to

such additional or different information that discovery or further investigation may disclose

FP 61092070.3

and, while based on the present state of Defendant's current recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation. It should be noted that Defendant has not fully completed its investigation of the facts relating to this case and has not fully completed discovery in this action, nor fully completed its preparation for trial. Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Interrogatories, but, discovered subsequent to the date of this response, including, but not limited to, any such information obtained in discovery herein.

2.      Defendant will respond to each Interrogatory with information currently in its possession.

3.      To the extent that Defendant responds to an Interrogatory by providing information which it or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Rule 33 of the Federal Rules of Civil Procedure and/or similar federal rules, principles, or law, it does so only upon the entry of an appropriate protective order against the unauthorized use or disclosure of such information.

4.      The responses/objections herein are made solely for the purpose of this action. Defendant reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of its responses herein and any information provided in response to the Interrogatories.

2

5.      Defendant generally objects to the Interrogatories to the extent they purport to impose obligations on it in excess of those required by Rule 33 of the Federal Rules of Civil Procedure. Defendant's response is governed by Rule 33 of the Federal Rules of Civil Procedure and other applicable law, and not by the instructions, definitions, or other prefatory remarks stated in the Interrogatories.

6.      The responses below are based upon information presently available to Defendant and upon documents known to be in its possession, custody, or control. No incidental or implied admissions are intended. The fact that Defendant has responded to all or any part of any individual request or any subpart thereof should not be taken as an admission that Defendant accepts or admits the existence of any fact or facts set forth or assumed by such Interrogatory or that such responses constitute admissible evidence. The fact that Defendant has responded to all or part of any individual Interrogatory or subpart thereof is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection which is made to any individual request or subpart thereof.

7.      Defendant objects to each and every individual Interrogatory to the extent that they seek disclosure of information protected by the attorney-client privilege and/or that constitutes attorney work product, or which is otherwise protected from disclosure by law. Such information will not be provided.

8.      Defendant objects to each and every individual request to the extent that it seeks private third-party information on the grounds that the disclosure of such

3

information would constitute an invasion of privacy of those individuals. No such information will be provided unless and until appropriate signed protective orders are in place or absent receipt by Defendants of express written authorization from the third party to release such information.

The foregoing objections and qualifications are incorporated by this reference into each and all of the following responses to which they are applicable, as though fully set forth therein.

Subject to the foregoing general objections, Defendant hereby responds to specific Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify for each calendar year from 2022 to the present all state licensed motor-vehicle equipment owned or operated by you including any inventory number or designation assigned by you, the manufacturer name and model number, the year of manufacture, the license number and state, the gross vehicle weight when laden and unladen, the vehicle owner, whether a Samsara system was installed and operative in the vehicle, and whether the vehicle was equipped with an operating two-way radio.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to Plaintiffs' Interrogatory No. 1 to the extent that the undefined phrase "state licensed motor-vehicle equipment" is vague and ambiguous. Defendant reasonably interprets "state licensed motor-vehicle equipment" to mean automobiles and

4

trucks (collectively, "Vehicles") requiring an applicable driver's license to operate on public roadways, and its responses to this Interrogatory No. 1 reflect that interpretation. Additionally, Defendant objects to this Interrogatory No. 1 as overbroad to the extent that it calls for a response for the period between January 1, 2022, and March 13, 2022, as such period falls outside the applicable statute of limitations for Plaintiffs' claims. Defendant further objects to Plaintiffs' Interrogatory No. 1 as overbroad and unduly burdensome because its definition of "you" includes all of Defendant's employees. At this time, no collective has been conditionally certified or certified, and no class has been certified. Defendant's response hereto will be limited to the Vehicles operated by the named Plaintiffs. Defendant further objects to Plaintiffs' Interrogatory No. 1 to the extent that a particular Vehicle's gross weight when laden may be variable depending on, for instance, what type of agricultural products are loaded onto it and, therefore, would be unduly burdensome and practically impossible to accurately answer. Accordingly, Defendant's response will reflect the applicable Vehicle's weight when unladen.

Subject to and without waiving the foregoing objections, Defendant states as follows:

| 3/14/2022 – 12/31/2022 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Vehicle No. | Make/ Model | Year | License Plate (State & Number) | Weight (Unladen) | Owner | Samsara Installed | Two-way Radio |
| 175 | Western Star 4900SF | 2007 | TX 1N11770 | 20,100 | KB | Yes | No |
| 185 | Western Star 4900SF | 2003 | TX 1N11765 | 23,000 | KB | No | No |

FP 61092070.3

| 195 | Western Star 4900SF | 2007 | TX 1N11783 | 20,100 | KB | Yes | No |

| 2023 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Vehicle No. | Make/ Model | Year | License Plate (State & Number) | Weight (Unladen) | Owner | Samsara Installed | Two-way Radio |
| 175 | Western Star 4900SF | 2007 | TX 1N11770 | 20,100 | KB | Yes | No |
| 185 | Western Star 4900SF | 2003 | TX 1N11765 | 23,000 | KB | No | No |
| 195 | Western Star 4900SF | 2007 | TX 1N11783 | 20,100 | KB | Yes | No |
| 367 | Western Star 4900SA | 2006 | TX 1N44780 | 16,950 | KB | No | No |

| 2024 | | | | | | | |
|---|---|---|---|---|---|---|---|
| Vehicle No. | Make/ Model | Year | License Plate (State & Number) | Weight (Unladen) | Owner | Samsara Installed | Two-way Radio |
| 288 | Freightliner Cascadia 125 | 2012 | TX 1N41350 | 16,640 | KB | Yes | No |

No Vehicles were driven by Plaintiffs in 2025.

**INTERROGATORY NO. 2:**

Please identify each motor-vehicle equipment operated by any Plaintiff or putative class member during any year from 2022 to the present and indicate the dates and geographical location of such motor-vehicle operation.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to Plaintiffs' Interrogatory No. 2 to the extent that the undefined phrase "motor-vehicle equipment" is vague and ambiguous. Defendant reasonably interprets "state licensed motor-vehicle equipment" to mean Vehicles requiring an

6

applicable driver's license to operate on public roadways, and its responses to this Interrogatory No. 2 reflect that interpretation. Additionally, Defendant objects to this Interrogatory No. 2 as overbroad to the extent that it calls for a response for the period between January 1, 2022, and March 13, 2022, as such period falls outside the applicable statute of limitations for Plaintiffs' claims. Defendant further objects to Plaintiffs' Interrogatory No. 2 because it calls for a response as to the entirety of the putative "class," when no collective has been conditionally certified or certified and no class has been certified. Defendant's response hereto will be limited to the named Plaintiffs. Defendant further objects to this Interrogatory No. 2 as unduly burdensome to the extent that geographical information relating to any particular Vehicle was not kept in the ordinary course of business for the entirety or a part of the applicable time period (*e.g.*, if Samsara was not installed in such Vehicle). Defendant further objects to this Interrogatory No. 2 to the extent that the undefined term "geographical location of such motor-vehicle operation" is vague and ambiguous. For instance, it is unclear what degree of granularity Plaintiffs seek regarding the "geographical location." Additionally, the undefined term "geographic location of such motor-vehicle operation" may be unduly burdensome depending on how Plaintiffs purport to request such data be presented. By way of example, to the extent that Plaintiffs seek a written description of the real-time location of every Vehicle during the period from 2022 through the present, that would be unduly burdensome. Accordingly, Defendant reasonably interprets this Interrogatory No. 2 to request identification of each Vehicle operated by any one of the Plaintiffs between March 14, 2022, through the

7

present, along with the dates that such vehicle was operated, and all states it was

operated in during such period.

Subject to and without waiving the foregoing objections, Defendant states:

| Vehicle No. | Dates Operated | States |
|---|---|---|
| 175 | 10/17/2022 to 08/07/2023 | TX, KS |
| 185 | 08/31/2022 to 08/14/2023 | TX, KS, NM |
| 195 | 04/04/2023 to 12/15/2023 | TX, KS, OK |
| 288 | 04/12/2024 to 08/15/2024 | TX, CO, KS |
| 367 | 05/25/2023 to 09/01/2023 | TX, KS, OK |

**INTERROGATORY NO. 3:**

Please identify for each calendar year from 2022 through the present, the number

of your employees who held a Commercial Drivers' License or a foreign Commercial

Drivers' License, including the Mexican Federal Drivers' License, and who were required

by you to have such license.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to Plaintiffs' Interrogatory No. 3 as overbroad to the extent that

it calls for a response for the period between January 1, 2022, and March 13, 2022, as

such period falls outside the applicable statute of limitations for Plaintiffs' claims.

Defendant further objects to Plaintiffs' Interrogatory No. 3 to the extent that the phrase

"required by you to have such license" is vague and ambiguous. Defendant further objects

to Plaintiffs' Interrogatory No. 3 as overbroad and unduly burdensome to the extent that

it seeks the number of Defendant's total "employees" who held a foreign or domestic

Commercial Drivers' License. First, this request seemingly would require a response

8

FP 61092070.3

regarding Defendant's domestic (*i.e.*, non-H-2A) employees, which is irrelevant to the claims and defenses at issue in this lawsuit regarding Plaintiffs and a putative class/collective of H-2A workers. Second, this request seemingly would require a response as to the entirety of Defendant's employees. At this time, no collective has been conditionally certified or certified, and no class has been certified. Defendant's response hereto will be limited to the named Plaintiffs. Additionally, Defendant objects to this Interrogatory No. 2 as overbroad to the extent that it calls for a response for the period between January 1, 2022, and March 13, 2022, as such period falls outside the applicable statute of limitations for Plaintiffs' claims.

Subject to and without waiving the foregoing objections, Defendant states:

| Time Period | # of Named Plaintiffs with CDLs |
|---|---|
| 3/14/2022-12/31/2022 | 3 |
| 2023 | 4 |
| 2024 | 1 |
| 2025 | 0 |

**FIRST SUPPLEMENTAL RESPONSE:** Defendant further objects to this Interrogatory No. 3 to the extent that it would require Defendant to speculate about the identities of H-2A workers who merely "held" a domestic Commercial Drivers' License or a foreign equivalent, as opposed to those H-2A workers who provided proof of such licensure to Defendant. Defendant further objects to this Interrogatory No. 3 to the extent that it incorrectly presupposes that any particular worker was "required by" Defendant to possess a domestic Commercial Drivers' License or foreign equivalent. Defendant further objects to this Interrogatory No. 3 as unduly burdensome to the extent that it would require

9

FP 61092070.3

Defendant to manually review and inventory all of its H-2A employees' personnel files (many of which are hundreds or thousands of pages long). Defendant further objects to this Interrogatory to the extent that it is overbroad and seeks irrelevant information because the mere fact that a particular worker *possessed* a domestic or foreign Commercial Drivers' License or *provided proof of same* to Defendant does not necessarily mean that worker *actually drove* a truck (rather than operating agricultural equipment) for Defendant.

Subject to and without waiving the forgoing objections, Defendant states that Defendant did not "require" any particular worker to possess a domestic Commercial Drivers' License or foreign equivalent. Rather, all H-2A workers hired under Defendant's job orders could voluntarily elect to work either in a role operating agricultural machinery (which would not involve providing proof of possession of a Commercial Drivers' License, whether domestic or foreign) or operating trucks (which would involve providing proof possession of a Commercial Drivers' License, whether domestic or foreign). Accordingly, no particular worker was "required by [Defendant]" to have such a license, as each worker had the ability to self-select into a role that did not involve possessing such a license.

Nevertheless, Defendant has utilized its best reasonable efforts to ascertain the number of workers during the aforementioned periods who held a domestic or foreign Commercial Driver's License and provided proof of same to Defendant. However, because there is no central system of record tracking which H-2A workers provided such proof to Defendant, Defendant is only capable of estimating how many such workers there

10

were. The following table reflects Defendant's best good-faith estimate as to how many H-2A workers provided proof of possession of a Commercial Drivers' License to Defendant at some point during their employment with Defendant and worked for Defendant on an H-2A visa during the following periods:

| Time Period | Est. # of H-2A Workers with CDLs |
|---|---|
| 3/14/2022-12/31/2022 | 195 |
| 2023 | 255 |
| 2024 | 280 |
| 2025 | 330 |

Please note that these figures do not reflect the estimated number of *unique* H-2A workers. Many of the H-2A workers returned in subsequent years, so future years' figures would double-count those workers.

**INTERROGATORY NO. 4:**

Please identify the wage promises you made to H-2A workers who were assigned at any time during the calendar 2022 through the present to work for you as truck drivers and identify the document or documents containing such wage promises for each calendar year from 2022 through the present.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Plaintiff's Interrogatory No. 4 because the undefined phrases "wage promises you made" and "document or documents containing such wage promises" are vague and ambiguous. Defendant objects to Plaintiffs' Interrogatory No. 4 as overbroad to the extent that it calls for a response for the period between January 1, 2022, and March 13, 2022, as such period falls outside the applicable statute of limitations

11

for Plaintiffs' claims. Defendant further objects to Plaintiffs' Interrogatory No. 4 as overbroad and unduly burdensome to the extent that it seeks a response regarding all of Defendant's H-2A workers. At this time, no collective has been conditionally certified or certified, and no class has been certified. Defendant's response hereto will be limited to the named Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant states that, to the best of its knowledge, the Plaintiffs' contractual wage rate for any particular calendar year is contained in the employment contracts they signed.

**INTERROGATORY NO. 5:**

Please identify all mobile phone applications you required H-2A workers to use in each calendar year as part of their work. In providing your response, state the name of the application, the creator or manufacturer of the application, and the dates it was used in your operations. Please also identify the documents in your possession, custody or control describing the application and those documents generated while using the application.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Plaintiff's Interrogatory No. 5 because the undefined phrase "you required H-2A workers to use" is vague and ambiguous, would be unduly burdensome to ascertain, and would call for responses relating to information not in Defendant's possession or control. Defendant further objects to Plaintiff's Interrogatory No. 5 because it is overbroad to the extent that it lacks any temporal scope and calls for

12

a response for the period between January 1, 2022, and March 13, 2022, as such period falls outside the applicable statute of limitations for Plaintiffs' claims. Defendant further objects to Plaintiffs' Interrogatory No. 5 as overbroad and unduly burdensome to the extent that it seeks a response regarding all of Defendant's H-2A workers. At this time, no collective has been conditionally certified or certified, and no class has been certified. Defendant's response hereto will be limited to the named Plaintiffs. Defendant further objects to Plaintiff's Interrogatory No. 5 because the undefined phrases "documents . . . describing the application" and "documents generated while using the application" are vague and ambiguous, as well as overbroad to the extent they would call for information that has no relevance to the claims and defenses in this matter. Defendant further objects to Plaintiff's Interrogatory No. 5 to the extent that it calls for information already in the possession, knowledge, or control of Plaintiffs.

Subject to and without waiving the foregoing objections, Defendant states:

The means by which Defendant's H-2A workers exchanged day-to-day, operational, work-related communications on their personal devices have historically been decentralized, non-uniform, and not subject to Defendant's control or direction. Some workers may have typically communicated via text message, whereas others may have typically used messaging applications like WhatsApp, and others may have typically used other assorted applications that are outside the scope of Defendant's knowledge. To the extent that WhatsApp was used, Defendant has generally not controlled (nor has it generally had access to) any groups that individual employees might have created and

13

used on their personal devices to communicate relating to day-to-day, operational work.

Defendant does not know what applications Plaintiffs may have used while working.

Defendant did not require that Plaintiffs use any mobile applications at all. Plaintiffs were

free to, for instance, submit time records via other means, such as via desktop or laptop

computer, orally informing Defendant's appropriate personnel about time worked,

submitting time records in written form, etc. Additionally, certain H-2A workers historically

have used means other than mobile applications to record their time.

**INTERROGATORY NO. 6**:

Please identify as to each Plaintiff all dates in which they tilled the soil, all dates in

which they planted crops, all dates in which they operated a forage harvester, all dates in

which they operated a swather or a baler and all dates in which they operated a thresher.

In providing your response, state which activity was performed by which Plaintiff and the

dates the activity was performed and identify all documents supporting or containing

information relevant to your response.

**RESPONSE TO INTERROGATORY NO. 6**:

Defendant objects to Plaintiff's Interrogatory No. 6 as overbroad and unduly

burdensome, as it does not contain any temporal restriction, nor is it even limited to

activities performed by Plaintiffs in their capacity as employees of Defendant. Defendant

will therefore limit its response to such activities performed by Plaintiffs in their capacity

as employees for Defendant for the period from March 14, 2022, through the present.

Defendant objects to Plaintiff's Interrogatory No. 6 as overbroad and unduly burdensome

14

to the extent that it requires that Defendant identify "all" documents supporting or containing information relevant to Defendant's response. Defendant further objects to Plaintiff's Interrogatory No. 6 to the extent that it calls for information that is not within Defendant's knowledge, control, or possession or that is already within Plaintiffs' knowledge, control, or possession.

Subject to and without waiving the foregoing objections, Defendant states that it does not keep records in the regular course of business as to whether a particular employee tilled the soil, planted crops, or operated a forage harvester, swather, baler, or thresher, nor the dates on which any particular employee performed such work. Accordingly, Defendant is without information or knowledge sufficient to answer Plaintiffs' Interrogatory No. 6 with respect to the extent to which Plaintiffs performed such work.

**INTERROGATORY NO. 7:**

Please identify as to each putative truck driver class member all dates in which they tilled the soil, all dates in which they planted crops, all dates in which they operated a forage harvester, all dates in which they operated a swather or a baler and all dates in which they operated a thresher. In providing your response, state which activity was performed by which putative class member and the dates the activity was performed and identify all documents supporting or containing information relevant to your response.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Plaintiff's Interrogatory No. 7 as overbroad and unduly burdensome, as it does not contain any temporal restriction, nor is it even limited to

15

activities performed by the "putative truck driver class members" in their capacity as employees of Defendant. Defendant objects to Plaintiff's Interrogatory No. 7 as overbroad and unduly burdensome to the extent that it requires that Defendant identify "all" documents supporting or containing information relevant to Defendant's response. Defendant further objects to Plaintiff's Interrogatory No. 7 to the extent that it calls for information that is not within Defendant's knowledge, control, or possession or that is already within Plaintiffs' knowledge, control, or possession. Defendant further objects to Plaintiffs' Interrogatory No. 7 as overbroad and unduly burdensome to the extent that it seeks a response regarding all of the "putative truck driver class members." At this time, no collective has been conditionally certified or certified, and no class has been certified. To the extent that this Interrogatory No. 7 concerns the named Plaintiffs, Defendant objects to this request as duplicative of Plaintiffs' Interrogatory No. 6.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiffs to Defendant's response to Plaintiffs' Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Please identify each individual engaged to prepare any job order or contract for foreign workers or engaged by you to recruit, hire, train or orient foreign workers.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Plaintiffs' Interrogatory No. 8 to the extent that the undefined terms "engaged" and "orient" are vague and ambiguous. Defendant objects to Plaintiff's Interrogatory No. 8 as overbroad to the extent that it lacks any temporal scope and calls

16

for a response relating to such work performed before March 14, 2022, as such period falls outside the applicable statute of limitations for Plaintiffs' claims. Defendant further objects to Plaintiffs' Interrogatory No. 8 as overbroad and unduly burdensome to the extent that it seeks a response regarding all of Defendant's foreign workers beyond the named Plaintiffs. At this time, no collective has been conditionally certified or certified, and no class has been certified.

Subject to and without waiving the foregoing objections, Defendant states that the following employees of Defendant either prepared job orders or contracts for foreign workers or were involved in recruiting, hiring, or training foreign workers, between March 14, 2022, and the present:

- Mary Beauchamp, Chief Financial Officer at Defendant, hired on 07/01/2013, to be contacted through undersigned counsel;

- Catie Beauchamp, Chief Operating Officer at Defendant, hired on 01/06/2020, to be contacted through undersigned counsel;

- Cassie Hataway, Vice President of Human Resources at Defendant, hired on 06/03/2021, to be contacted through undersigned counsel;

- Sandra Kelso, HR Assistant at Defendant, employed 8/23/2021 to 03/10/2023, last known email address (skelso03@gmail.com), last known phone number (806-930-3919);

17

- Vilma Aragon, Payroll/Benefits Coordinator at Defendant, employed 01/31/2022 to 08/13/2023, last known email address (vilmellow@gmail.com), last known phone number (806-922-2789);

- Alberto Prieto Tarin, Dispatcher at Defendant, hired on 05/03/2023, to be contacted through undersigned counsel; and

- Juan Sanchez, Dispatcher at Defendant, hired on 03/27/2024, to be contacted through undersigned counsel.

Additionally, during certain points of the aforementioned time period, Defendant contracted with CoC Placement Services ("COC") and/or SESO, Inc. ("SESO") to perform some or all of these functions. Individuals with whom Defendant primarily communicated relating to this work include, but are not necessarily limited to, the following:

- Zach Harris, Owner of CoC Placement Services, 662-385-4219, zach@coc.ps.com;

- Merritt Harris, Owner of CoC Placement Services, 662-385-4219, merritt@coc.ps.com;

- Ruben Wall, to the best of Defendant's knowledge, he is not affiliated with any particular customer, 903-706-8800, rubenwall@icloud.com; and

- Dylan Katz, Account Manager at SESO, 215-543-3216, dylan.katz@sesolabor.com.

18

**INTERROGATORY NO. 9:**

Please state all material facts upon which you rely for your denial of paragraph 94 of Plaintiffs' complaint. In doing so, provide the amount you contend you provided to Plaintiffs and others similarly situated for their drivers' license expense and state whether you dispute that drivers' licenses were required for the work you engaged Plaintiffs and others similarly situated to perform. Please also identify all documents relied upon to prepare your response and identify all persons with knowledge upon which you relied for your response and state the substance of their knowledge.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Plaintiffs' Interrogatory No. 9 as overbroad and unduly burdensome to the extent that it calls for a description of "all" material facts and identification of "all" documents and "all" persons with knowledge. Defendant further objects to Plaintiffs' Interrogatory No. 9 to the extent that it incorrectly presumes Defendant's bases for denial of paragraph 94 of Plaintiffs' Complaint and calls for a response to such incorrect bases. Defendant objects to Plaintiffs' Interrogatory No. 9 as vague and ambiguous because it calls for an explanation of Defendant's denial of an underlying allegation in ¶ 94 of the Complaint that *itself* is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant states that it denies that the putative class/collective members are similarly situated to Plaintiffs. For instance, a substantial portion of Defendant's H-2A workers during the relevant time period exclusively operated agricultural machinery, for which driver's licenses were not

19

even required, whereas Plaintiffs allege that they solely worked for Defendant as "commercial truck drivers." *See* Compl., at ¶ 12. Furthermore, Defendant denies the implication that it "required" all H-2A workers to obtain "truck driving licenses for use internationally," as a substantial portion of its H-2A workers did not drive trucks for Defendant and, therefore, had no obligation (whether by law or by Defendant) to obtain "truck driving licenses for use internationally." Relatedly, for Defendant's H-2A workers who possessed "truck driving licenses for use internationally" during the relevant period, Defendant lacks knowledge regarding whether any particular H-2A worker (who worked seasonally for Defendant) obtained such license to perform work for Defendant exclusively, as opposed to some other employer or for other personal reasons, whatever those might be. For example, say worker X obtained a Mexican commercial driver's license on January 1, 2024, which is valid for the ensuing five years, for the purpose of driving trucks in Mexico for unrelated employer Y. Worker X then applies to Defendant for the 2025 season, provides proof of their commercial driver's license during onboarding, and drives trucks for Defendant during the 2025 season, at the end of which they return to Mexico and drive trucks for former employer Y. In such scenario, it cannot be said that Defendant "required" worker X to obtain a "truck driving license[] for use internationally," as worker X already independently possessed a Mexican commercial driver's license. In such a situation, it also cannot even be said that Defendant had a duty to reimburse worker X for the license they obtained for reasons independent of their work for Defendant. Additionally, Defendant denies that it ever intended for any such H-2A workers

20

who drove trucks for it to use their commercial driver's licenses "for use internationally;" rather, Defendant intended that any such usage would be solely domestically within the United States.

Lastly, Defendant denied ¶ 94 on the basis that it referred to "Defendants," *i.e.*, both KB and Kyle Beauchamp ("Mr. Beauchamp"). Mr. Beauchamp personally had no involvement in KB allegedly "requir[ing] Plaintiffs and others similarly situated to obtain, at their own cost, truck driving licenses for use internationally."

In preparing this response, Defendant relied upon the knowledge of Catie Beauchamp.

**INTERROGATORY NO. 10:**

Please state all material facts upon which you rely for your denial of paragraph 100 of Plaintiffs' complaint. In doing so, provide the reason you contend travel expenses Plaintiffs and others similarly situated incurred were not for your benefit and state whether you dispute that travel to the place of employment was required and state for whose benefit you contend any such travel was undertaken. Please also identify all documents relied upon to prepare your response and identify all persons with knowledge upon which you relied for your response and state the substance of their knowledge.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Plaintiffs' Interrogatory No. 10 as overbroad and unduly burdensome to the extent that it calls for description of "all" material facts and identification of "all" documents and "all" persons with knowledge. Defendant further objects to

21

Plaintiffs' Interrogatory No. 10 to the extent that it incorrectly presumes Defendant's bases for denial of paragraph 100 of Plaintiffs' Complaint and calls for a response to such incorrect bases. Defendant objects to Plaintiffs' Interrogatory No. 10 as vague and ambiguous because it calls for an explanation of Defendant's denial of an underlying allegation in ¶ 100 of the Complaint that *itself* is vague and ambiguous. Defendant further objects to Plaintiffs' Interrogatory No. 10 as overbroad and unduly burdensome to the extent that the underlying allegation in ¶ 100 of the Complaint would require a substantive response here as to each of the putative class/collective members. At this time, no collective has been conditionally certified or certified, and no class has been certified.

Subject to and without waiving the foregoing objections, Defendant states that it denies that the putative class/collective members are similarly situated to Plaintiffs. For instance, a substantial portion of Defendant's H-2A workers during the relevant time period exclusively operated agricultural machinery, for which driver's licenses were not even required, whereas Plaintiffs allege that they solely worked for Defendant as "commercial truck drivers." *See* Compl., at ¶ 12. Defendant is unaware of any alleged "unreimbursed travel expenses in the 2022 and 2023 seasons prior to [Plaintiffs' and other H-2A workers'] first day of work in the United States" and, therefore, denies the existence of any such alleged unreimbursed travel expenses. Defendant has a longstanding practice of encouraging H-2A workers to submit travel expenses for reimbursement and actually reimbursing such travel expenses. Defendant is unaware of any expense reimbursement requests by Plaintiffs relating to travel expenses incurred prior to the 2022

22

FP 61092070.3

or 2023 seasons that it denied. To the extent that Plaintiffs failed to submit travel expenses to Defendant for reimbursement in accordance with Defendant's expense reimbursement policies and practices, Defendant would have no way to know of that fact, that fault lies on Plaintiffs, and Defendant cannot be found liable for such alleged unreimbursed expenses about which Plaintiffs never even put Defendant on notice. Lastly, whether a particular expense is incurred primarily for the employee's benefit or primarily for the employer's benefit is a legal conclusion, to which no answer is required.

In preparing this response, Defendant relied upon the knowledge of Catie Beauchamp.

**INTERROGATORY NO. 11:**

Please state all material facts upon which you rely for your denial of paragraph 108 of Plaintiffs' complaint. In doing so, identify all individuals employed by you who were compensated at time and a half their regular rate of pay for their hours worked in excess of forty hours in their work week and state the work weeks or time periods during which these overtime wages were paid for each such individual identified including for any plaintiff. For each such individual employed, identify their job title, their rate of pay, their visa type if they were employed subject to a visa, and state whether they were engaged to operate a truck by you during the time period in which they received overtime wages. Please also identify all documents relied upon to prepare your response and identify all persons with knowledge upon which you relied for your response and state the substance of their knowledge.

23

<u>**RESPONSE TO INTERROGATORY NO. 11:**</u>

Defendant objects to Plaintiffs' Interrogatory No. 11 as overbroad and unduly burdensome to the extent that it calls for "all" material facts and identification of "all" documents and "all" persons with knowledge. Defendant further objects to Plaintiffs' Interrogatory No. 11 to the extent that it incorrectly presumes Defendant's bases for denial of paragraph 108 of Plaintiffs' Complaint and calls for a response to such incorrect bases. Defendant objects to Plaintiffs' Interrogatory No. 11 as vague and ambiguous because it calls for an explanation of Defendant's denial of an underlying allegation in ¶ 108 of the Complaint that *itself* is vague and ambiguous. Defendant further objects to Plaintiffs' Interrogatory No. 11 as overbroad and unduly burdensome to the extent that the underlying allegation in ¶ 108 of the Complaint would require a substantive response here as to each of the putative class/collective members. At this time, no collective has been conditionally certified or certified, and no class has been certified.

Subject to and without waiving the foregoing objections, Defendant states that it denies that the putative class/collective members are similarly situated to Plaintiffs. For instance, a substantial portion of Defendant's H-2A workers during the relevant time period exclusively operated agricultural machinery, for which driver's licenses were not even required, whereas Plaintiffs allege that they solely worked for Defendant as "commercial truck drivers." *See* Compl., at ¶ 12. Moreover, ¶ 108 of the Complaint incorrectly assumes that Plaintiffs were legally entitled to overtime or that the "legally required regular rate" was at all applicable (as it is only applicable in situations in which a

24

worker is legally entitled to overtime, unlike Plaintiffs). In any event, whether an individual is entitled to overtime is a legal conclusion, for which no response is required, as stated by Defendant in its Answer to ¶ 108 of the Complaint.

In preparing this response, Defendant relied upon the knowledge of Catie Beauchamp as to the nature of Plaintiffs' work for Defendant.

**INTERROGATORY NO. 12:**

Please state all material facts upon which you rely for your denial of paragraph 118 of Plaintiffs' complaint. In doing so, provide the reason you contend that the material terms and conditions of Plaintiffs' and other class members' employment were not contained in the H-2A job orders described in paragraphs 20 to 36 of Plaintiffs' complaint. Please also state what you contend were the material terms and conditions of Plaintiffs' and other class members' employment and where you contend those terms and conditions were memorialized. Please also identify all documents relied upon to prepare your response and identify all persons with knowledge upon which you relied for your response and state the substance of their knowledge.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Plaintiffs' Interrogatory No. 12 as overbroad and unduly burdensome to the extent that it calls for "all" material facts and identification of "all" documents and "all" persons with knowledge. Defendant further objects to Plaintiffs' Interrogatory No. 12 to the extent that it incorrectly presumes Defendant's bases for denial of paragraph 118 of Plaintiffs' Complaint and calls for a response to such incorrect bases.

25

Defendant objects to Plaintiffs' Interrogatory No. 12 as vague and ambiguous because it calls for an explanation of Defendant's denial of an underlying allegation in ¶ 118 of the Complaint, along with the underlying allegations of ¶¶ 20-36 referenced by ¶ 118, that *themselves* are vague and ambiguous. Defendant further objects to Plaintiffs' Interrogatory No. 12 as overbroad and unduly burdensome to the extent that the underlying allegation in ¶ 118 of the Complaint would require a substantive response here as to each of the putative class/collective members. At this time, no collective has been conditionally certified or certified, and no class has been certified.

Subject to and without waiving the foregoing objections, Defendant states that it denies that the putative class/collective members are similarly situated to Plaintiffs. For instance, a substantial portion of Defendant's H-2A workers during the relevant time period exclusively operated agricultural machinery, for which driver's licenses were not even required, whereas Plaintiffs allege that they solely worked for Defendant as "commercial truck drivers." *See* Compl., at ¶ 12. ¶ 118 refers to "class members," but no class existed at the time of Defendant's Answer, so Defendant could not have admitted to allegations relating to a non-existent class. Moreover, ascertaining what the proper source of the terms and conditions of Plaintiffs' employment (whether the job orders, their respective employment contracts, or otherwise) calls for a legal conclusion, to which no response was required, which Defendant noted in its Answer to ¶ 118. Additionally, ¶¶ 20-36, which Plaintiffs incorporate by reference in ¶ 18, *themselves* contain various statements regarding the supposed legal requirements applying to the H-2A, the

26

supposed sources of those legal requirements, and Plaintiffs' interpretation of the meaning of such legal requirements and application to the Plaintiffs, all of which call for legal conclusions, to which no response was required, which Defendant noted in its Answer to ¶ 118.

In preparing this response, Defendant relied upon the knowledge of Catie Beauchamp as to the nature of Plaintiffs' work for Defendant.

**INTERROGATORY NO. 13:**

Please state all material facts upon which you rely for your denial of paragraphs 135 and 136 of Plaintiffs' complaint. In doing so, provide all the material facts upon which you rely for denying that Plaintiffs and other others similarly situated were directed to perform services as truck drivers and for denying that such services were in fact performed. Please also state your definition of a heavy truck requiring a commercial drivers' license and all material facts you rely upon for denying that Plaintiffs and others similarly situated were not directed to operate nor did operate such a vehicle. Please also identify all documents relied upon to prepare your response and identify all persons with knowledge upon which you relied for your response and state the substance of their knowledge.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Plaintiffs' Interrogatory No. 13 as overbroad and unduly burdensome to the extent that it calls for "all" material facts and identification of "all" documents and "all" persons with knowledge. Defendant further objects to Plaintiffs'

27

Interrogatory No. 13 to the extent that it incorrectly presumes Defendant's bases for denial of ¶¶ 135-136 of Plaintiffs' Complaint and calls for a response to such incorrect bases. Defendant objects to Plaintiffs' Interrogatory No. 13 as vague and ambiguous because it calls for an explanation of Defendant's denial of underlying allegations in ¶¶ 135-136 of the Complaint that *themselves* are vague and ambiguous. Defendant further objects to Plaintiffs' Interrogatory No. 13 as overbroad and unduly burdensome to the extent that the underlying allegations in ¶¶ 135-136 of the Complaint would require a substantive response here as to each of the putative class/collective members. At this time, no collective has been conditionally certified or certified, and no class has been certified.

Subject to and without waiving the foregoing objections, Defendant states that it denies that the putative class/collective members are similarly situated to Plaintiffs. For instance, a substantial portion of Defendant's H-2A workers during the relevant time period exclusively operated agricultural machinery, for which driver's licenses were not even required, whereas Plaintiffs allege that they solely worked for Defendant as "commercial truck drivers." *See* Compl., at ¶ 12. ¶¶ 135 and 136 each refer to the putative class/collective members as a whole as working as "commercial truck drivers," which is false. Additionally, as to ¶ 135 specifically, Defendant denied ¶ 135 on the basis that it referred to "Defendants," *i.e.*, both KB and Mr. Beauchamp. Mr. Beauchamp personally had no involvement in KB allegedly "direct[ing] Plaintiffs and others similarly situated to perform services as heavy, over the road, commercial truck drivers."

28

In preparing this response, Defendant relied upon the knowledge of Catie Beauchamp as to the nature of Plaintiffs' work for Defendant.

Dated:  January 27, 2026                    Respectfully submitted,

FISHER & PHILLIPS LLP

*/s/ Monica Simmons*
Monica Simmons
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Tel:  610.230.2129
Fax: 610.230.2151
msimmons@fisherphillips.com

*/s/ Vance O. Knapp*
Vance O. Knapp
1125 17th Street, Suite 2400
Denver, CO 80202
Tel: 303-218-3650
Fax: 303-218-3651
vknapp@fisherphillips.com

*/s/ Rebecca Hause-Schultz*
621 Capitol Mall, Suite 2400
Sacramento, CA 95814
Tel: 916-210-0391
rhause-schultz@fisherphillips.com

*ATTORNEYS FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 27, 2026, a true and correct copy of the foregoing **DEFENDANT KB CUSTOM AG SERVICES, LLC'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE** was emailed to counsel for Plaintiffs.

<u>*s/ Deanna Jaksic*</u>
Deanna Jaksic
Legal Secretary

FP 61092070.3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

---

**VERIFICATION OF DEFENDANT KB CUSTOM AG SERVICES, LLC'S FIRST
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

I, Catie Beauchamp, declare under penalty of perjury that the facts set forth in

Defendant KB Custom AG Services, LLC's First Supplemental Responses to Plaintiff's

First Set of Requests for Interrogatories are true and correct to the best of my knowledge,

information, and belief.

| | |
|---|---|
| Catie Beauchamp | 1/26/26 |
| | Date |