IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

    Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION**

ECF No. 37 (PLAINTIFFS' MOTION), FILED JANUARY 23, 2026
ECF No. 50 (DEFENDANTS' OPPOSITION), FILED MARCH 6, 2026

---

Defendants in their Opposition claim that Plaintiffs have not met their burden for collective action certification, ECF No. 50 at 2, and that because Defendants' operation moves between different states during the course of a season the Court should only certify a collective action for employment in states in which a Plaintiff worked, ECF No. 50 at 2. Defendants' arguments should be rejected and Plaintiffs' motion for conditional certification of a collective action should be granted.

## I.  Plaintiffs' Have Satisfied Their Burden at the Notice Stage.

Defendants claim that Plaintiffs fail to adequately show they and other H-2A tractor-trailer truck drivers were similarly situated in being denied overtime pay. However, at this stage, Plaintiffs' burden is light. "[A]t the notice stage of certification, a court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Renfro v. Spartan Comput. Servs.*, 243 F.R.D. 431, 434 (D. Kan. 2007). Defendants' argument for a higher level of scrutiny is mistaken. Courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan[.]" *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676 (D. Kan. 2004); *see also Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1173 (D.N.M. 2021) (preliminary certification requires only the "modest burden of bringing substantial allegations; . . . declarations and evidence . . . [that] go beyond unsupported allegations").

This is a case in which Plaintiffs and other truck drivers were brought from Mexico by Defendants pursuant to H-2A visas, regularly worked more than 40 hours per week, and were not paid overtime. Defendants' opposition does not dispute any of these substantial allegations. This is exactly what Plaintiffs alleged in their Complaint, in their declarations, in the declaration of FLSA opt-in Plaintiff Victor Alexis Tapia-Vera, and that Defendants confirmed in their Answer—all of which Plaintiffs cited to in support of their motion. These form "substantial allegations" that truck drivers for Defendants were subject to a common plan or scheme regarding the non-payment of overtime.

Yet Defendants claim that the three declarations and a common affirmative defense asserted by Defendants does not present "substantial allegations" that putative class members were the victims of a common policy or plan. While Defendants never claim that they *did* pay overtime to some truck drivers, or that any truck drivers were treated differently, Defendants argue that "hearsay statements" that show Plaintiffs' knowledge that other truck drivers did not receive overtime are insufficient. (ECF No. 50 at 6-7.) Defendants are mistaken. Courts in the Tenth Circuit commonly grant conditional certification based, in part, on allegations containing hearsay statements. *Carlson v. Pharoah Energy Servs., LLC*, No. CIV-23-00802-PRW, 2025 WL 952237, at *2 (W.D. Okla. Mar. 28, 2025) (granting collective action certification based on three declarations with hearsay finding the declarations met the "modest burden of substantially alleging that field personnel who worked overtime were all victims of a single policy"); *Gamboa v. Kiss Nutraceuticals*, Civil Action No. 22-cv-1141-WJM-SKC, 2023 WL 4999947, at *4 (D. Colo. Aug. 4, 2023) (granting collective action certification despite "hearsay statements"); *Green v. Perry's Rests. LTD*, Civil Action No. 21-cv-0023-WJM-NRN, 2022 WL 16744795, at *3 (D. Colo. Nov. 7, 2022) (granting collective action certification and finding that "[t]he Court will consider Plaintiffs' declarations, despite the hearsay contained therein"); *Buffington v. Ovintiv USA Inc.*, Civil Action No. 20-cv-02477-RM-STV, 2021 WL 3021464, at *3 (D. Colo. July 16, 2021) (granting

3

collective action certification finding "allegations — coupled with the declarations [containing hearsay]— are sufficient to constitute 'substantial allegations.'")[1]

Other truck drivers have joined this suit as opt-ins to also assert their claims. *See, e.g.*, ECF No. 31. Defendants do not dispute that Plaintiffs and other truck drivers worked overtime hours without overtime wages. The declarations, consent forms, and complaint allegations are sufficient to substantially allege a common overtime violation and Defendants' inexplicable claim that the issue is not uniform should be rejected. *See, e.g., Dees v. Fevid Transp., LLC*, No. 1:24-cv-00873-MIS-KK, 2025 WL 1455955, at *7 (D.N.M. May 21, 2025) (granting collective action where "Plaintiffs and the prospective collective members worked as truck drivers . . . for the same employers, regularly worked more than forty hours per week, and were never paid one and one-half times their regular rate of pay[.]")

Defendants argue that the Plaintiffs "meet the requirements of the FLSA's Agricultural and Motor Carrier Act exemptions" and so were ineligible for overtime pay. (ECF No. 50 at 9-10.) Plaintiffs dispute these defenses apply, but the merits of any defenses are not considered at the preliminary collective action stage. *Renfro v. Spartan Comput. Servs*., 243 F.R.D. 431, 435 (D. Kan. 2007) ("On the motion for conditional certification, however, the Court will not reach the merits of plaintiffs' claim."); *Guarriello*, 517 F. Supp. 3d at 1173 ("Defendants may offer fact-based defenses, but

---

[1] Defendants cite old unpublished decisions like *Quint* and *Saarela*, ECF No. 50 at 6-7, but "those cases involved plaintiffs who provided only their own statements without identifying others subject to the same policy." *Carlson*, 2025 WL 952237, at *3. Here, Plaintiffs have identified others who have filed consents to sue, and Plaintiffs have identified employment contracts listing the total number of affected employees.

these arguments are irrelevant to the question of collective treatment to the extent they go directly to the merits of Plaintiffs' claims."); *Lyles v. T & DS Lube Doctors LLC*, No. 2:24-cv-00728-SMD-KRS, 2025 WL 1736807, at *7 (D.N.M. June 23, 2025) ("whether an employer legally exempted their workers from the FLSA is a merits-based question and cannot be addressed at this stage").[2]

For decision here is whether the Plaintiffs have substantially alleged that Defendants had a policy of not paying overtime to *all* of their H-2A truck drivers because of reliance on one or more exemptions. Defendants' argument that Plaintiffs are not similarly situated because some of the truck drivers "do not meet the requirements of [the motor carrier act] exemption" is disingenuous. (ECF No. 50 at 10.) Defendants did not, for example, pay some of the H-2A truck drivers who they claim did not cross state lines overtime pay while denying overtime pay to other truck drivers. Rather, they treated *all* of the truck drivers the same, claimed all of them were exempt, and will undoubtedly continue to do so throughout the course of this case. (ECF No. 50 at 10) (arguing that the exemption applies "where a driver has never transported goods in interstate commerce *but has a reasonable expectation of being called upon to do so*") (emphasis added).

---

[2] Even at the second-stage on a FLSA decertification motion an employer's claims that workers were exempt is not likely to lead to decertification because "the motor carrier exemption defense is not unique to a specific plaintiff." *Medrano v. Flowers Foods, Inc.*, No. 16-350 JCH/KK, 2021 WL 3290711, at *17 (D.N.M. Aug. 2, 2021).

## II.    Defendants' Mobile Business of Trucking Went to a Number of States, as Did the Plaintiffs.

Defendants argue that if certification is granted it should be limited to the states where Plaintiffs worked. (ECF No. 50 at 10-11.) Defendants argue that because Plaintiffs and one of the opt-ins worked in five states (Texas, Kansas, Colorado, Oklahoma and New Mexico) the collective action should be limited to those states and not "nationwide*." Id.* Defendants listed locations in filed employment contracts in 5 states—Texas, Kansas, Colorado, Missouri, and Oklahoma. (ECF No. 50-1 at 16) (2022 work order listing TX, KS, and CO); (ECF No. 50-1 at 33) (2023 work order listing TX, KS, CO, and MO); (ECF No. 50-1 at 56-58) (2024 work order listing TX, KS, CO, MO, and OK); (ECF No. 50-1 at 97) (2025 work order listing TX, KS, CO, and OK). A "nationwide" class is not under consideration. According to Defendants' own declaration, the Plaintiffs worked in all of those states except Missouri. (ECF No. 50-1 - Beauchamp Decl. ¶ 10) (stating that Plaintiffs worked in TX, KS, CO, OK, and NM). And collective actions do not require individuals be identical, just "similarly situated." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("courts determine whether employees are similarly situated--not whether their positions are identical.")

More importantly, Defendants point to no facts that would make the overtime analysis different for any truck drivers employed in Missouri.[3] All of the truck drivers,

---

[3] The Plaintiffs and other truck drivers do not simply work in one state during the course of a season but, rather, they work in multiple states. (ECF No. 37-5 at 4-17) (paycheck stubs for Plaintiff Delgado-Bojorquez showing work in TX and KS during season); (ECF No. 50-1 ¶¶ 17-19) (Defendants' declaration). To Plaintiffs' knowledge, there are no truck drivers who work exclusively in only one state like Missouri, for example, and Defendants have not claimed otherwise. Defendants' argument that the collective action

regardless of the state in which they were employed, were denied overtime pay because Defendants claim they are exempt. Notably, Defendants do not assert, for example, that truck drivers employed in Missouri *were* paid overtime. All of the H-2A truck drivers were denied overtime, making them all similarly situated, subject to the Defendants' common plan or policy, regardless of the set of states in which they were employed.

### III.     Plaintiffs' Notice is not Overbroad.

"A[] FLSA notice should describe the nature of the FLSA collective action and offer the recipient the opportunity to 'opt in' to the action by filing a consent form." *Flores v. J & T Harvesting LLC*, 807 F. Supp. 3d 1311, 1315 (D. Colo. 2025). Defendants want the proposed notice to exclude work in Missouri, warn collective action members in Mexico that they might have to come to trial in Denver, include a statement of Defendants' position, and worry about WhatsApp communication because this is also how Defendants communicate with the truck drivers.[4] (ECF No. 50 at 12-14.)

There is no need to exclude work in Missouri from the notice. Plaintiffs have repeatedly alleged that the violations were companywide. ECF No. 1 at ¶ 108; ECF No. 37-5 ¶ 5 ("We were not paid overtime at any time"); ECF No. 37-7 ¶ 6 ("I was not paid

---

should not include work in Missouri (the only state where Defendants told the government that H-2A workers would be employed and in which Plaintiffs did not work) does not decrease the number of class members who would receive notice, it only eliminates certain workweeks from their claims simply because they worked in Missouri during those weeks and not because Defendants' overtime policies were any different in Missouri than in other states.

[4] The WhatsApp notice will come from an administrator, not the Defendants, and surely the collective action members, as WhatsApp users, will recognize that when they receive a notice from a different phone number that it not connected to the Defendants.

overtime at any time"). Defendants argue that Plaintiffs "have failed to provide any allegations" that the failure to pay overtime was companywide and so the notice must exclude Missouri. (ECF No. 50 at 12.) However, Defendants do not even dispute that no truck drivers received overtime—even those who worked temporarily in Missouri. There are substantial companywide allegations and this Court should reject the Defendants' argument to artificially limit the collective action.

Defendants also want to warn opt-ins of discovery duties and that they "may be required … to testify under oath … which may take place in Denver, Colorado." (ECF No. 50 at 13.) Courts routinely reject such inclusions. *See, e.g., Flores v. Elite Staffing Servs., LLC*, No. CV-24-02241-PHX-DWL, 2025 WL 1000740, 2025 LX 142558, at *20 (D. Ariz. Apr. 3, 2025) ("language informing potential plaintiffs that if they join the collective action, they may be required to answer questions in writing or in deposition, or to give testimony at trial . . . is unnecessary and inappropriate"); *Norris v. ProCore LLC*, No. 21-cv-7014 (BMC), 2022 WL 1205143, at *7 (E.D.N.Y. Apr. 21, 2022) (rejecting discovery language because "[t]he purpose of the notice is to inform employees of their ability to opt-in, not to scare them out of exercising it"); *Graham v. Hall's S. Kitchens, LLC*, 331 F.R.D. 619, 623 (D.S.C. 2018) (rejecting discovery language in FLSA notice because "these additions are unnecessary and may discourage participation in the collective action"). Such language is particularly concerning in this case involving temporary foreign workers who maintain their permanent residence in Mexico and may lack the ability to enter the United States without a work visa.

8

Similarly, stating Defendants' position in a FLSA notice informing a collective action class member of the opportunity to join is unnecessary—however the proposed notice already states that Defendants' dispute the claims. (ECF No. 37-8 at 3) ("The Defendants deny that the Plaintiffs and other workers are owed overtime wages.")

**CONCLUSION**

For the foregoing reasons, as well as those stated in their Motion and Memorandum, Plaintiffs' motion for conditional certification of a FLSA collective action should be granted.

Dated:    March 20, 2026          Respectfully submitted,

/s/ James M. Knoepp
James M. Knoepp
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Telephone: 828-379-3169
E-mail: jim@dawsonmorton.com

/s/ Dawson Morton
Dawson Morton
Dawson Morton, LLC
1808 Sixth Street
Berkeley, CA 94710
Telephone: 404-590-1295
E-mail: dawson@dawsonmorton.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants who have entered an appearance in this matter:

Rebecca Hause-Schultz
621 Capital Mall, Suite 2400
Sacramento, CA 95814
rhause-schultz@fisherphillips.com

Vance O. Knapp
1125 17th Street, Suite 2400
Denver, CO 80202
vknapp@fisherphillips.com

Monica Simmons
Two Logal Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
msimmons@fisherphillips.com

/s/ James M. Knoepp
James M. Knoepp

this 20th day of March, 2026.