**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00847-CNS-NRN

JAIME ALBERTO DELGADO-BOJORQUEZ,
OSCAR JOVANNY DIAZ-RAMIREZ,
JOSE ANIEL LOPEZ-VALDEZ, and
REY DAVID AVIÑA-COTO, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

KB CUSTOM AG SERVICES, LLC, and
KYLE BEAUCHAMP,

Defendants.

---

# [PROPOSED] SCHEDULING ORDER FOR PHASE II DISCOVERY

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference for Phase II Discovery in this matter is scheduled for October 27, 2026, at 9:30 a.m. via telephone before Magistrate Judge Hon. N. Reid Neureiter. James Knoepp and Dawson Morton of Dawson Morton, LLC will appear on behalf of the Plaintiffs. Vance O. Knapp and Monica Simmons of Fisher & Phillips LLP will appear on behalf of the Defendants.

## 2. STATEMENT OF JURISDICTION

*See* [Proposed] Scheduling Order for Phase I Discovery ["Phase I Scheduling Order"] (ECF No. 29, ¶ 2.)

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: *See* Phase I Scheduling Order (ECF No. 29, ¶ 3.a.)

**b. Defendant:** *See* Phase I Scheduling Order (ECF No. 29, ¶ 3.b.) In addition, Defendants deny that it is liable to Plaintiffs and/or the putative class and collective action members on any theories asserted by Plaintiffs in their complaint and incorporates all of the affirmative defenses set forth in Defendants' Answer (ECF No. 24).

## 4. UNDISPUTED FACTS

*See* Phase I Scheduling Order (ECF No. 29, ¶ 4.)

## 5. COMPUTATION OF DAMAGES

**a. Plaintiffs**: *See* Phase I Scheduling Order (ECF No. 29, ¶ 5.a.)

**b. Defendants**: *See* Phase I Scheduling Order (ECF No. 29, ¶ 5.b.)

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting**. The Rule 26(f) meeting was held on June 18, 2025.

**b. Names of each participant and party he represented.** James Knoepp and Dawson Morton of Dawson Morton, LLC, participated and represented the Plaintiffs. Francis Wilson of Fisher & Phillips LLP participated and represented the Defendants.

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.** The parties made their Rule 26(a)(1) disclosures on July 2, 2025. The parties will supplement those disclosures as required by the federal rules on or before December 1, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed.**

**R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery:**

None.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified numbering system for deposition exhibits.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiffs: Plaintiffs anticipate that the claims or defenses will involve extensive electronically stored information as Defendants utilized electronic payroll and timekeeping systems as well as electronic GPS location software in the trucks driven by Plaintiffs and other truck drivers. Plaintiffs will request production of this data in Excel and in native formats with all relational data intact.

Defendants: This case will not involve extensive electronically stored information ("ESI"). Most discovery will be produced in PDF or Microsoft Excel electronic format.

Joint: The parties will draft a proposed ESI protocol to facilitate how such ESI will be handled, processed, and produced during discovery.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties engaged in unsuccessful mediation in November of 2025. The parties remain open to having settlement discussions, including the use of a private

mediator, but believe those discussions will be more productive after production of data related to the proposed class.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiffs: None.

Defendants: Defendants intend to notice all Named Plaintiffs for depositions. Defendants will confer with Plaintiffs' counsel regarding the location of each deposition. In addition, and as to Phase II, Defendants intend to serve up to 25 written interrogatories, including subparts, on the Named Plaintiffs.

**b. Limitations which any party proposes on the length of depositions.**

Plaintiffs: None.

Plaintiffs object to Defendants' proposal that deponents who require a court-certified interpreter should be subject to twice the limit normally allowed for the length of a deposition as this subjects Spanish-speaking Plaintiffs to a disproportionate deposition burden not intended by the federal rules. Plaintiffs' counsel have never encountered a situation in their combined 60 years of representing Spanish-speaking workers in which translation of questions and testimony during a deposition required a longer deposition than the normal 7 hour maximum permitted by the federal rules.

Defendants: To the extent a deponent does not require the use of a court-certified

interpreter, their deposition shall be limited to a maximum of 7 hours in one day. To the extent a court-certified interpreter is required, a deposition shall be limited to a maximum of 14 hours across two days.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiffs: None.

Plaintiffs object to Defendants' proposal to limit their use of interrogatories, requests for production, and requests for admission. Many of Plaintiffs' initial written discovery in Phase I were met with objections and Defendants refused to provide documents for the now-certified class.

Defendants: Defendants propose serving up to an additional 20 requests for admissions and 20 requests for production on Named Plaintiffs only. Defendants request that Plaintiffs be limited to 15 interrogatories, 20 requests for production, and 20 requests for admission in Phase II.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

No later than 45 days prior to the close of the discovery period.

**a. Other Planning or Discovery Orders**

None at this time.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties, Amendment of Pleadings and Designation of Non-Parties at Fault:** Not applicable.

**b. Discovery Cut-off:** The Parties request a nine-month discovery period for Phase II discovery.

c. **Dispositive Motion Deadline, including any motions for decertification of the Class and/or Collective:** Forty-five (45) days after the close of Phase II discovery.

d. **Expert Witness Disclosure**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

   Plaintiffs: Plaintiffs may require database and/or damages experts to explain data fields and damages calculations.

   Defendants: At this time, Defendants anticipate designating only rebuttal experts.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

   Two per side, not including rebuttal expert(s).

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 90 days before the close of discovery.**

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 45 days before the close of discovery.**

**b. Identification of Persons to Be Deposed:**

Plaintiffs: Plaintiffs currently plan to take a Rule 30(b)(6) deposition of Defendant KB Custom Ag Services, LLC, as well as depositions of Defendant Kyle Beauchamp, Mary Beauchamp, Catie Beauchamp, and Cassie Hattaway. Plaintiffs also anticipate taking additional depositions of current or former employees of Defendant KB Custom Ag Services, LLC who were involved in human resources, payroll processing, dispatching, and supervision of the Plaintiffs and other class members. Plaintiffs also plan to take the deposition of third party SESO, Inc. and additional third parties identified during discovery with relevant information with respect to Plaintiffs' and class members' claims.

Defendants: Defendants plan to depose each Named Plaintiff.

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

______________________________________________________________.

b. A final pretrial conference will be held in this case on ____________at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. N/A

b. Anticipated length of trial and whether trial is to the court or jury. The trial will be a jury trial. Plaintiffs anticipate a 5-day trial. Defendants anticipate a 7-day trial.

c. No pretrial proceedings will be more efficiently or economically conducted in the

District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __day of ___________, 2026.

BY THE COURT:

______________________________

Hon. N. Reid Neureiter
United States Magistrate Judge

APPROVED and SUBMITTED ON October 20, 2026:

/s/ James Knoepp
James Knoepp
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
828-379-3169
jim@dawsonmorton.com

Dawson Morton
Dawson Morton, LLC
1808 Sixth Street
Berkeley, CA 94710
404-590-1295
dawson@dawsonmorton.com

*Counsel for Plaintiffs*

/s/ Vance O. Knapp
Vance O. Knapp
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 95814
303-281-3637
vknapp@fisherphillips.com

Rebecca Hause-Schultz
Fisher & Phillips LLP
621 Capitol Mall, Suite 2400
Sacramento, CA 95814
916-210-0391
rhause-schultz@fisherphillips.com

Monica Simmons
Fisher & Phillips LLP
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
610-230-2129
msimmons@fisherphillips.com

*Counsel for Defendants*